IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) OSAGE WIND, LLC;<br>(2) ENEL KANSAS, LLC; and<br>(3) ENEL GREEN POWER NORTH AMERICA, INC.,<br><br>Defendants. | MOTION TO INTERVENE FOR PURPOSES OF APPEAL AND BRIEF IN SUPPORT<br><br>Civil Case No. 14-CV-704-JHP-TLW |

Aggrieved and Real Party in Interest and Proposed Intervenor, Osage Minerals Council, by and through its counsel, hereby moves, pursuant to Federal Rule of Civil Procedure 24, to intervene in the above-referenced case. Osage Minerals Council intervenes in order to appeal from this Court's *Order and Opinion* and *Judgment* of September 30, 2015, as they interpreted the regulations governing Leasing of Osage Reservation Lands, Oklahoma, for Mining, Except Oil and Gas, 25 C.F.R. part 214. As set forth in the accompanying Memorandum in Support of Motion to Intervene for Purposes of Appeal, Osage Minerals Council seeks intervention as of right, or, in the alternative, permissive intervention under Federal Rule of Civil Procedure 24(a) and 24(b), respectively.

**WHEREFORE**, Osage Minerals Council respectfully requests this Court grant its Motion to Intervene for Purposes of Appeal.

1

**Memorandum in Support of Motion to Intervene for Purposes of Appeal**

Applicant for Intervention, Osage Minerals Council, by and through its counsel, respectfully submits the following Memorandum in Support of its Motion to Intervene for Purposes of Appeal. Osage Minerals Council seeks intervention as of right under Federal Rule of Civil Procedure 24(a), or, in the alternative, permissive intervention under Federal Rule of Civil Procedure 24(b).

Applicant is a real party in interest of the mineral estate at issue and is the express beneficiary of the mineral estate at issue.

Osage Mineral Council is permitted to appeal because it is a real party in interest, and a party aggrieved by the decision it seeks to appeal. But, to avoid having to respond to argument to the contrary, it is filing this motion to intervene immediately prior to filing its notice of appeal.

The issues in this case are of critical importance to Applicant. Congress created the Osage Mineral Estate as a trust corpus for the Osage Tribe of Indians, and the Secretary of the Interior (the "Secretary") is charged with the Osage Mineral Estate's protection and administration. The Osage Mineral Estate is held in trust by the United States for the benefit of the Osage headright owners. Congress authorized the Secretary to promulgate regulations, including 25 C.F.R. part 214, to protect and restrict the use of Indian and Tribally-owned minerals by non-Indians. The present case challenged the jurisdiction of the United States to protect the Osage Mineral Estate, and it is important for the Court of Appeals to address this Court's interpretation of 25 C.F.R. part 214 in light of the legal opinion of the Indian Tribe that is directly and adversely affected by this Court's Order. The Osage Minerals Council's interest in its Mineral Estate will be impaired if it is not allowed to intervene for the purposes of appealing this Court's *Order and Opinion* and *Judgment*.

The Osage Mineral Council is particularly concerned with the potential that subsequent parties will assert that the District Court's decision permits significant invasion of the Osage Mineral Council's estate so long as the invading party is not selling the minerals.

The Osage Minerals Council has not sought to intervene in this case previously because it appeared that the United States adequately represented its interests. That situation has now changed. Since the Court's decision, the United States has not acted in an expeditious manner to appeal or defend its interpretation of the regulations at issue, nor to defend its assertion of jurisdiction over the Defendants in this case.

This Court's *Order and Opinion* and *Judgment* harms Osage Minerals Council's vested property right in the Osage Mineral Estate, and longstanding and substantial interests in ensuring that it is informed of activities affecting or altering its Mineral Estate. Under well-established Tenth Circuit case law, post-judgment intervention for purposes of appeal is timely if made within the time period for filing an appeal. Because the United States no longer adequately represents the Osage Minerals Council's interests, Osage Minerals Council respectfully and timely requests this Court grant it leave to intervene for purposes of appeal.

## CONCLUSION

Based on the foregoing, Osage Minerals Council has an intimate interest in appealing this action and more than satisfies the elements for intervention as a matter of right. As such, this Court should grant intervention for purposes of appeal. Resolution of this case will decidedly affect Osage Minerals Council's legally protected interests and there is sufficient doubt about the adequacy of representation to warrant intervention. For the foregoing reasons and in light of the gravity of the issues at stake, the Osage Minerals Council respectfully requests this Court grant its

motion to intervene as of right to appeal, or, in the alternative, for permissive intervention for purposes of appeal.

Respectfully submitted this 30th day of November, 2015.

FREDERICKS PEEBLES AND MORGAN LLP

*/s/ Martha L. King*
Martha L. King, Oklahoma Bar #30786
1900 Plaza Drive
Louisville, CO 80027
Telephone: 303-673-9600
Fax: 303-673-9155
mking@ndnlaw.com
*Attorney for Aggrieved Real Party in Interest and Proposed Intervenor Osage Minerals Council*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2015, I filed a true and correct copy of **MOTION TO INTERVENE FOR PURPOSES OF APPEAL AND BRIEF IN SUPPORT** via the Court's ECF System for filing, with notification sent to the following ECF registrants:

**CATHRYN DAWN McCLANAHAN**
United States Attorney's Office (Tulsa)
110 West 7th Street, Suite 300
Tulsa, OK 74119-1013
(918) 382-2700
Email: cathy.mcclanahan@usdoj.gov
*Attorney for Plaintiff United States of America*

**DEANA M. BENNETT**
Modrall Sperling Roehl Harris & Sisk PA
P O Box 2168
Albuquerque, NM 87103
(505) 848-1857
Email: deana.bennett@modrall.com
*Attorney for Defendant Osage Wind, LLC*

**JOEL L. WOHLGEMUTH**
**RYAN A. RAY**
Norman Wohlgemuth Chandler & Jeter
401 S. Boston Ave., Suite 2900
Tulsa, OK 74103
(918) 583-7571
Email: jlw@nwcjlaw.com
Email: rar@nwcjlaw.com
*Attorney for Defendant Osage Wind, LLC*

**LYNN H. SLADE**
**WILLIAM C. SCOTT**
**SPENCER L. EDELMAN**
Modrall Sperling Roehl Harris & Sisk, PA
P O Box 2168
Albuquerque, NM 87103
(505) 848-1800
Email: lynn.slade@modrall.com
Email: bill.scott@modrall.com
Email: sle@modrall.com
*ATTORNEYS FOR DEFENDANTS OSAGE WIND, LLC, ENEL KANSAS, LLC and ENEL GREEN POWER NORTH AMERICA, INC.*

**CHARLES R. BABST, JR.**
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street, Suite 1000
Tulsa, OK 74145-1308
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for Plaintiff United States of America*

                                                */s/ Leigh Mah*
                                                Leigh Mah, Legal Secretary/Paralegal