**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-CV-704-GKF-JFJ |
| ) | |
| (1) OSAGE WIND, LLC; ) | |
| (2) ENEL KANSAS, LLC; and ) | |
| (3) ENEL GREEN POWER NORTH ) | |
|    AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OSAGE WIND, LLC, ENEL KANSAS, LLC, AND ENEL GREEN
POWER NORTH AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, Osage Wind, LLC ("Osage Wind"), Enel Kansas, LLC ("Enel Kansas"), and Enel Green Power North America, Inc. ("Enel"), hereby respond to the United States' First Amended Complaint for Declaratory Judgment and Damages [Doc. 20] ("First Amended Complaint") and states as follows:

1. Paragraph 1 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 1 of the First Amended Complaint, the Defendants deny them.

2. Osage Wind admits that it has constructed a wind energy project on approximately 1.5% of 8,400 acres of privately owned, fee surface estate in Osage County, Oklahoma. Osage Wind admits that it excavated foundations for 84 turbines, and constructed trenches for cables and related infrastructure. Osage Wind admits that it crushed some of the larger pieces of limestone and other common materials that were excavated and replaced them, along with soil and smaller pieces of stone, into the hole that it was excavated from, although larger pieces of limestone, exceeding three feet in diameter, were placed on the surface and left undisturbed. Osage Wind

admits that the Tenth Circuit Court of Appeals determined the crushing and use of crushed materials constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny all other allegations in paragraph 2 of the First Amended Complaint.

3. Paragraph 3 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 3 of the First Amended Complaint, the Defendants deny them.

4. Paragraph 4 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 4 of the First Amended Complaint, the Defendants deny denies them.

5. The Defendants admit the allegations in paragraph 5 of the First Amended Complaint.

6. The Defendants admit the allegations in paragraph 6 of the First Amended Complaint.

7. The Defendants admit the allegations in paragraph 7 of the First Amended Complaint.

8. The Defendants admit the allegations in paragraph 8 of the First Amended Complaint.

9. The Defendants admit the allegations in paragraph 9 of the First Amended Complaint.

10. The Defendants admit the allegations in paragraph 10 of the First Amended Complaint.

11. The Defendants admit that in 1906, Congress enacted the Osage Allotment Act, which severed the mineral estate from the surface estate of Osage Reservation and placed the

mineral estate in trust for the tribe. The Defendants deny the remaining factual allegations in paragraph 11 of the First Amended Complaint.

12. The Defendants admit that Congress, in the Osage Allotment Act, specifically reserved "oil, gas, coal, or other minerals covered by the lands" to the Osage Tribe. The Defendants deny the remaining factual allegations in paragraph 12 of the First Amended Complaint.

13. The Defendants admit the allegations in paragraph 13 of the First Amended Complaint.

14. The Defendants admit the allegations in paragraph 14 of the First Amended Complaint.

15. Osage Wind admits that it was constructed a wind energy project consisting of 84 turbines, underground collection lines, an overhead transmission line, two meteorological towers, and access roads. The Defendants deny the remaining allegations in paragraph 15 of the First Amended Complaint.

16. The Defendants deny the allegations in paragraph 16 of the First Amended Complaint.

17. The Defendants deny the allegations in paragraph 17 of the First Amended Complaint.

18. The Defendants admit that the foundations for the wind turbines are made from reinforced concrete, in a conical shape with a base diameter of more than 50 feet, buried to a depth of approximately 10 feet. The Defendants deny the remaining allegations in paragraph 18 of the First Amended Complaint.

19. Osage Wind admits that rock from the excavations came out in pieces of varying size and shape. The Defendants deny the remaining allegations in paragraph 19 of the First

Amended Complaint, and Enel and Enel Kansas deny all allegations of paragraph 19 of the First Amended Complaint as to them.

20. Osage Wind admits the allegations in paragraph 20 of the First Amended Complaint. The other Defendants deny the allegations of paragraph 20 of the First Amended Complaint as to them.

21. Osage Wind admits that some of the excavated materials were pushed back into the excavated site, but other of the excavated materials were left on the surface. The Defendants deny the remaining allegations in paragraph 21 of the First Amended Complaint.

22. The Defendants deny the allegations in paragraph 22 of the First Amended Complaint.

23. Paragraph 23 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 23 of the First Amended Complaint, the Defendants deny them.

24. As to paragraph 24 of the First Amended Complaint, 25 C.F.R. § 214.7 speaks for itself. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny the remaining allegations in paragraph 24 of the First Amended Complaint.

25. As to paragraph 25 of the First Amended Complaint, 25 C.F.R. § 214.7 speaks for itself. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny the remaining allegations in paragraph 25 of the First Amended Complaint.

26. As to paragraph 26 of the First Amended Complaint, 25 C.F.R. § 214.7 speaks for itself.

27. Osage Wind admits that it initiated excavation work on September 10, 2014. The Defendants deny the remaining allegations in paragraph 27 of the First Amended Complaint, and Enel and Enel Kansas deny all allegations of paragraph 27 of the First Amended Complaint as to them.

28. The Defendants admit that Robin Phillips sent a letter to Enel on October 9, 2014. The Defendants deny the remaining allegations in paragraph 28 of the First Amended Complaint, and affirmatively state that the October 9, 2014 letter directs Enel to obtain a "Sandy Soil Permit."

29. The Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the First Amended Complaint, and therefore deny the same.

30. The Defendants deny the allegations in paragraph 30 of the First Amended Complaint.

31. The Defendants admit that excavation work associated with the placement of turbine foundations was completed as of November 28, 2014.

32. In response to the allegations in paragraph 32 of the First Amended Complaint, the Defendants reallege and incorporate all preceding paragraphs.

33. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny the remaining allegations in paragraph 33 of the First Amended Complaint.

34. The Defendants admit the allegations in paragraph 34 of the First Amended Complaint.

35. As to paragraph 35 of the First Amended Complaint, 25 C.F.R. § 211.48 speaks for itself.

36. As to paragraph 36 of the First Amended Complaint, 25 C.F.R. § 211.3 speaks for itself. The Defendants admit the remaining allegations contained in paragraph 36 of the First Amended Complaint.

37. As to paragraph 37 of the First Amended Complaint, 25 C.F.R. § 211.3 speaks for itself.

38. The Defendants admit the Tenth Circuit determined Osage Wind engaged in "mining" of more than 5,000 cubic yards of material. The Defendants deny the remaining allegations contained in paragraph 38 of the First Amended Complaint.

39. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny the remaining allegations in paragraph 39 of the First Amended Complaint.

40. Paragraph 40 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 40 of the First Amended Complaint, the Defendants deny them.

41. In response to the allegations in paragraph 41 of the First Amended Complaint, the Defendants reallege and incorporate all preceding paragraphs.

42. As to paragraph 42 of the First Amended Complaint, 25 C.F.R. § 214.7 speaks for itself. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are any

factual allegations contained in paragraph 42 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

43.     As to paragraph 43 of the First Amended Complaint, 25 C.F.R. § 214.2 speaks for itself. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are any factual allegations contained in paragraph 43 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

44.     Paragraph 44 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 44 of the First Amended Complaint, the Defendants deny them.

45.     In response to the allegations in paragraph 45 of the First Amended Complaint, the Defendants reallege and incorporate all preceding paragraphs.

46.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 46 of the First Amended Complaint, the Defendants deny them.

47.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 44 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

48. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 48 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

49. The Defendants deny the allegations of paragraph 49 of the First Amended Complaint.

50. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. Defendants admit the remedy for trespass is limited to damages. To the extent there are remaining factual allegations contained in paragraph 50 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

51. Paragraph 51 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 51 of the First Amended Complaint, the Defendants deny them.

52. In response to the allegations in paragraph 52 of the First Amended Complaint, the Defendants reallege and incorporate all preceding paragraphs.

53. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 53 of the First Amended

Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

54. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 54 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

55. The Defendants deny the allegations of paragraph 55 of the First Amended Complaint.

56. The Defendants deny the allegations of paragraph 56 of the First Amended Complaint.

57. The Defendants deny the allegations of paragraph 57 of the First Amended Complaint.

58. Paragraph 58 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 58 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

59. In response to the allegations in paragraph 59 of the First Amended Complaint, the Defendants reallege and incorporate all preceding paragraphs.

60. The Defendants admit the allegations of paragraph 60 of the First Amended Complaint.

61. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease

9

was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 61 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

62. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 62 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

63. The Defendants deny the allegations of paragraph 63 of the First Amended Complaint.

64. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. Defendants admit the remedy for conversion is limited to damages. To the extent there are remaining factual allegations contained in paragraph 64 of the First Amended Complaint, the Defendants deny them, and Enel and Enel Kansas deny that they engaged in any of the conduct at issue.

65. Paragraph 65 of the First Amended Complaint is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 65 of the First Amended Complaint, the Defendants them.

## ANSWER TO PRAYER FOR RELIEF

1. The Tenth Circuit Court of Appeals held certain of Osage Wind's actions are subject to 25 C.F.R. § 211. The Defendants deny that Plaintiff is entitled to further relief as requested in Prayer for Relief paragraph 1.

2. The Tenth Circuit Court of Appeals held certain of Osage Wind's actions are subject to 25 C.F.R. § 214. The Defendants deny that Plaintiff is entitled to further relief as requested in Prayer for Relief paragraph 2.

3. Osage Wind admits the counts asserted against Osage Wind in the First Amended Complaint may be remedied by money damages. The Defendants deny the First Amended Complaint establishes facts sufficient to grant any further relief as requested in Prayer for Relief paragraph 3.

4. The Defendants deny the First Amended Complaint establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 4.

5. The Defendants deny the First Amended Complaint establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 5.

6. The Defendants deny the First Amended Complaint establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 6.

7. The Defendants deny the First Amended Complaint establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 7.

8. The Defendants deny the First Amended Complaint establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 8.

9. The Defendants deny the First Amended Complaint establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 9.

## DEFENSES AND AFFIRMATIVE DEFENSES

As a factual predicate for the following defenses, the Defendants incorporate by reference, in accordance with Fed. R. Civ. P. 10(c), their Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. # 17), their Motion to Dismiss or for Summary Judgment (Dkt. # 26), their Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Counts I and II of the Amended Complaint (Dkt. # 28), and their Reply in Support of Motion to Dismiss or for Summary Judgment (Dkt. # 33) and all evidentiary materials or other exhibits submitted with any of the foregoing.

1. The First Amended Complaint fails to state a claim upon which relief may be granted.

2. The relief sought by the First Amended Complaint is barred by the doctrine of estoppel.

3. The relief sought by the First Amended Complaint is barred by the doctrine of laches.

4. The relief sought by the First Amended Complaint is barred by the doctrine of waiver.

5. The First Amended Complaint fails to allege facts necessary to support a claim for injunctive relief.

6. The First Amended Complaint fails to allege facts necessary to support an equitable remedy. Under the First Amended Complaint and the Tenth Circuit opinion, the remedy is limited to money damages.

7. The First Amended Complaint improperly names Enel Kansas as a party.

8. The First Amended Complaint improperly names Enel as a party.

9. The relief sought, or a portion thereof, is barred by the doctrine of res judicata, especially given the United States failure to appeal an adverse and final judgment. The fact that another party successfully appealed matters not. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981).

10. The Tenth Circuit opinion contemplates relief limited to money damages for volumes of minerals removed by actions constituting "mining" as defined by the opinion.

11. The trespass and continued trespass claims fail because no such claims are provided for by Act of Congress or exist in the federal common law.

**WHEREFORE,** Osage Wind, LLC respectfully requests the Court calculate damages to the mineral estate within the confines of "mining" or "mineral development" as held by the Tenth Circuit Court of Appeals, and the Defendants respectfully request the Court to deny and dismiss with prejudice all remaining claims for relief contained in the First Amended Complaint (including all claims against Enel Kansas, LLC and Enel Green Power North America, Inc.), and award such other and further relief as the Court determines to be just and proper.

    Respectfully Submitted,

    NORMAN, WOHLGEMUTH, CHANDLER
    JETER, BARNETT, & RAY, P.C.

    By: /s/ Ryan A. Ray
    Ryan A. Ray, OBA # 22281
    401 S. Boston Ave.
    2900 Mid-Continent Tower
    Tulsa, Oklahoma 74103
    Telephone: (918) 583-7571
    E-mail: RAR@nwcjlaw.com

    -and-

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
  Lynn H. Slade (pro hac vice)
  Sarah M. Stevenson (pro hac vice)
  Post Office Box 2168
  500 Fourth Street, N.W., Suite 1000
  Albuquerque, New Mexico 87103-2168
  Telephone: (505) 848-1800
  Lynn.Slade@modrall.com
  Sarah.Stevenson@modrall.com

ATTORNEYS FOR DEFENDANTS OSAGE WIND, LLC, ENEL KANSAS, LLC and ENEL GREEN POWER NORTH AMERICA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2019, I electronically transmitted the attached Document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Cathryn D. McClanahan
Abi Laura Fain
David McCullough
Jeffrey S Rasmussen
Mary Kathryn Nagle
Wilson Kirk Pipestem

The following non-ECF registrants have been served by First Class United States mail:

Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street
Tulsa, OK 74145
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for the United States of America*

*s/Ryan A. Ray*
Ryan A. Ray