**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-704-GKF-JFJ |
| ) | |
| **OSAGE WIND, LLC**, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is the United States' Motion for Reconsideration of the Order of April 14, 2020. That Order denied the United States' motion to file an amended pleading because the United States, as trustee of the Osage Mineral Estate, had not appealed U.S. District Judge James R. Payne's Judgment of September 30, 2015, a judgment that was adverse to the Osage Mineral Estate. The United States' failure to appeal left the Osage Minerals Council, acting on behalf of the Osage Nation, to shoulder the task of appealing the Judgment and prevailing on appeal.[1] Ordinarily, "the inescapable consequence of failure to appeal a judgment within the time allowed is that the judgment becomes final" as to a party that does not appeal. *Piazza v. Aponte Roque*, 909 F.2d 35, 39 (2nd Cir. 1990); *see also United States v. Lumbermens Mut. Cas. Co., Inc.*, 917 F.2d 654, 662 (1st Cir. 1990) ("Without a timely appeal, the district court's judgment against [the non-appealing party] became final"). Because the United States had not appealed, but left that responsibility to the Osage Minerals Council, this Court concluded that the United States was

---

[1] Following the Tenth Circuit's decision, defendant Osage Wind, LLC filed a petition for writ of certiorari, which the Supreme Court denied on January 7, 2019. The Tenth Circuit issued its mandate on April 29, 2019. On October 28, 2019, the Court Clerk randomly reassigned the case to the undersigned.

"barred [by its failure to appeal] from proceeding further in this case." *See* Order of April 14, 2020 [Doc. 139].

Around the same time, the Osage Minerals Council sought to file a Complaint in Intervention, arguing that "the interests of Osage headright holders in the Osage Mineral Estate diverge from and will not be adequately represented by the United States." *See* Motion to Intervene [Doc. 104, at p. 1]. On April 13, 2020, the Court granted the Osage Minerals Council leave to intervene.

Although the failure to appeal a judgment ordinarily results in the judgment becoming final as to a non-appealing party, the circumstances presented here are somewhat out of the ordinary. Despite the United States' failure to appeal the previous Judgment, its role as trustee of the Osage Mineral Estate has not changed, and it retains its fiduciary duties in connection with the Osage Mineral Estate. Because the Osage Minerals Council prevailed on appeal, the adverse judgment against the United States, in its role as trustee of Osage Mineral Estate, was reversed in its entirety, leaving the United States able to fulfill its fiduciary obligations as trustee and pursue its claims against the defendants. *Cf. Daniels v. Gilbreath*, 668 F.2d 477, 478 (10th Cir. 1982) (recognizing that "[o]rdinarily, a non-appealing party cannot gain benefit from a successful appellate decision reversing a trial judgment rendered against him," but permitting the non-appealing party to benefit from an appellate decision when reversal "wipes out all basis for recovery against the non-appealing, as well as against the appealing defendant.").

The Court notes that the Osage Minerals Council supports the United States in its request to reconsider the Order of April 14, 2020. The Osage Minerals Council persuasively contends that the departure of the United States as a party to the action introduces inefficiencies in discovery and scheduling. This consideration further supports the grant of the motion now before the Court.

WHEREFORE, the Motion for Reconsideration [Doc. 141] is granted. The United States is hereby restored as plaintiff, in its role as trustee of the Osage Mineral Estate, and the Orders at Doc.137 and Doc. 139 are vacated. The Court shall address the merits of the Motion to file a Second Amended Complaint [Doc. 98] by separate order.

**IT IS SO ORDERED** this 7th day of May, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE