# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| and | ) ) | |
| OSAGE MINERALS COUNCIL, | ) ) | |
| Intervenor-Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 14-CV-704-GKF-JFJ |
| OSAGE WIND, LLC,<br>ENEL KANSAS, LLC, and<br>ENEL GREEN POWER<br>NORTH AMERICA, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter comes before the court on the Motion to Strike Allegations in Osage Minerals Council's Complaint in Intervention [Doc. 151] of defendants Osage Wind, LLC, Enel Kansas, LLC, and Enel Green Power North America, Inc. (collectively, Osage Wind).  For the reasons set forth below, the motion is granted in part, denied in part, and moot in part.

### Background/Procedural History

The court comprehensively summarized the procedural history of this case in its July 1, 2020 Order regarding Osage Wind's Partial Motion to Dismiss the Complaint in Intervention and need not do so again.  *See* [Doc. 161].  Suffice to say that, on April 15, 2020, the Osage Minerals Council (OMC) filed its Complaint in Intervention.  [Doc. 140].  Osage Wind now moves to strike

certain allegations from the pleading, specifically:  Paragraphs 19-21, 62, 69-73, and 105.[1]  The court groups the allegations included in these paragraphs into three categories:  (1) allegations regarding non-parties to the litigation and past conduct; (2) allegations directed to revenue of the Osage Wind Project as a whole and other financial information; and (3) allegations regarding public harms allegedly associated with wind energy.  Osage Wind also asks the court to strike any reference to the "Osage Reservation," and order that it be replaced with "Osage County."  [Doc. 151, p. 1].  OMC responded in opposition [Doc. 157], and Osage Wind filed a reply [Doc. 160].  Thus, the motion is ripe for the court's determination.

## Motion to Strike Standard

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In context, "'immaterial' matter is that which has no essential or important relationship to the claim for relief . . . being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material."  *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 978 (N.D. Okla. 2017) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)).  Considerable overlap exists between impertinent and immaterial allegations.  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2020 update).  " 'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action," but "[i]t is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action."  *Id.*

---

[1] Osage Wind also initially moved to strike references included in paragraph 10 to the United States as a party.  [Doc. 151, pp. 1, 11].  However, Osage Wind subsequently withdrew the request.  [Doc. 160, p. 11].  Thus, Osage Wind's motion to strike is moot insofar as it seeks to strike references to the United States as a party to this proceeding.

"[T]here appears to be general judicial agreement, as reflected in the extensive case law on the subject, that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id.* (internal footnote omitted). "Prejudice includes the increased time and expense required to conduct discovery or prepare for trial on an irrelevant contention." *Copeland v. C.A.A.I.R., Inc.,* No. 17-CV-564-TCK-JFJ, 2019 WL 4307125, at *13 (N.D. Okla. Sept. 11, 2019). "[R]egardless of whether the moving party has demonstrated that the allegations contained in the pleading violate Rule 12(f), the Court still possesses the discretion to grant or deny the motion." *Id.* Further, "[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." 5C Wright & Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2020 update).

## Analysis

As previously stated, Osage Wind moves to strike allegations and references included in OMC's Complaint In Intervention, which the court categorizes as follows: (1) allegations regarding non-parties to the litigation and past conduct; (2) allegations directed to revenue of the Osage Wind Project as a whole and other financial information; (3) allegations regarding public harms allegedly associated with wind energy; and (4) references to the "Osage Reservation." The court separately considers each category.

### A.    *Allegations Regarding Non-Parties to the Litigation and Past Conduct (¶¶ 19-21)*

In the Complaint in Intervention, OMC alleges that defendant Enel Green Power North America, Inc. is a wholly-owned subsidiary of Enel Green Power International, BV, which is alleged to be a wholly-owned subsidiary of Enel Green Power, SpA. [Doc. 140, ¶¶ 17, 19-20].

OMC asserts that Enel Green Power SpA, Enel Green Power International, BVA, and their subsidiaries in other countries

> have exhibited a pattern of extracting resources from Indigenous communities without their consent, especially in Central and South America. Indigenous communities affected by Enel's wind development in their regions—such as the Isthmus of Tehuantepec—have raised complaints similar to those raised by the OMC and BIA in the current action. Specifically, international Indigenous communities have issued complaints against Defendants Enel Green Power SpA, Enel Green Power International, BVA, and their subsidiaries, concerning their lack of formal consultation processes, illegal land leasing contracts, and environmental impacts on construction and operation phases.

[Doc. 140, ¶ 21]. OMC contends these allegations establish a pattern of bad faith conduct relative to which OMC is entitled to discovery. [Doc. 157, p. 10]. OMC's argument is flawed in two respects. First, in its Opinion and Order dated July 1, 2020, the court dismissed all allegations of bad faith, intentional, or willful misconduct. *See* [Doc. 161]. Thus, whether Osage Wind acted in bad faith is not at issue in this lawsuit. Second, had the court not dismissed the bad faith allegations, although OMC alleges that defendant Enel Green Power North America, Inc. is a subsidiary of Enel Green Power International, BVA, and that subsidiaries of Enel Green Power International, BVA exhibited a pattern of misconduct, OMC does not allege that *Enel Green Power North America, Inc.,* or any other defendant in this matter, participated in the alleged pattern. Thus, the allegations have no possible relation or logical connection to the subject matter of this case.

Further, inclusion of the allegations would prejudice Osage Wind. OMC contends it is entitled to discovery as to the alleged pattern of bad faith conduct, and suggests that motion practice during discovery may be necessary to address any alleged burdens imposed by the requested discovery. [Doc. 157, pp. 11-12]. The increased time and expense to conduct discovery on a pattern of bad faith, which is irrelevant, is prejudicial. Further, this litigation—which is nearly six years old—has already been through multiple rounds of motion practice directed solely to the

pleadings.  The court cannot countenance further delays caused by unnecessary briefing.  Thus, paragraphs 19 through 21 are stricken.

B.      *Allegations Directed to Revenue of the Osage Wind Project and Other Financial Information (¶¶ 69-73)*

Osage Wind next moves to strike allegations regarding the projected revenue from the Osage Wind Project (¶ 69), combined tax revenue received in 2017 by Shidler Public Schools from the Osage Wind Project in combination with the Mustang Run Wind Project (¶ 70), deferred taxes released by defendant Enel Green Power North America in response to U.S. tax reform (¶ 71), investment by defendant Enel Green Power North America in Oklahoma wind farms and its ranking among wind operators in Oklahoma (¶ 72), and revenue increases received by The Enel Group as a whole as a result of an increase in wind generation in the United States and Canada during the first half of 2019 (¶ 73).

The allegations included in paragraphs 69 through 72 are immaterial and impertinent to the claims for relief in this action.  Paragraph 73 relates to a non-party to the litigation, The Enel Group, and is not specific to the Osage Wind Project.  In fact, the allegation is not limited to Oklahoma, or even the United States.   Further, the allegations in paragraphs 69 through 73 risk prejudice to Osage Wind through overly broad discovery.  Thus, paragraphs 69 through 73 are stricken.

C.      *Allegations Regarding Public Harms Allegedly Associated with Wind Energy*

Osage Wind moves to strike paragraph 62 of the Complaint in Intervention, which states:

Compliance with federal laws serve the public interest by protecting the public from serious harm, both known and unknown, associated with wind energy generation and the electronic field created around wind farms which may produce enough transient voltages to sufficiently increase rates of cancer, diabetes, heart disease, and attention-deficit disorder.

[Doc. 140, ¶ 62].  For the reasons set forth in the Opinion and Order of July 1, 2020 [Doc. 161], OMC is limited to the relief requested in the First Amended Complaint.  Those claims relate to harm to the Osage Mineral Estate resulting from Osage Wind's mining of materials to construct foundations for wind turbines, not to transient voltages that the wind farms *may* generate so as to possibly increase rates of cancer, diabetes, heart disease, and attention deficit disorder to unspecified individuals.  The allegations in paragraph 62 are immaterial and impertinent to the claims in this action, and would vastly expand the scope of discovery.  Thus, the motion to strike paragraph 62 is granted.

     D.     *References to the "Osage Reservation"*

Finally, Osage Wind argues that the court should strike references in the Complaint in Intervention to the "Osage Reservation" and order that the references be replaced by the phrase "Osage County" for three reasons:  (1) in *Osage Nation v. Irby,* 597 F.3d 1117 (10th Cir. 2010), the Tenth Circuit determined that the former Osage Reservation had been disestablished by Congress; (2) OMC is barred by collateral estoppel from asserting that Osage County remains a "reservation"; and (3) judicial economy counsels against "allowing OMC to inject a false, previously determined, issue to this litigation."  [Doc. 151, pp. 7-8].

As previously stated, this matter will be tried to the court, not a jury.  The court is knowledgeable of the applicable law and there is no risk of confusion.  Nor does the court construe the Complaint in Intervention's references to the "Osage Reservation" as an attempt to relitigate the issues raised in *Osage Nation v. Irby,* 597 F.3d 1117 (10th Cir. 2010), such that any waste of judicial resources will result from use of the phrase.  In light of the district court's unfavorable view of motions to strike and because no prejudice will result, the court denies Osage Wind's motion to strike references in the Complaint in Intervention to the "Osage Reservation."

## Conclusion

WHEREFORE, the Motion to Strike Allegations in Osage Minerals Council's Complaint in Intervention [Doc. 151] of defendants Osage Wind, LLC, Enel Kansas, LLC, and Enel Green Power North America, Inc. is granted in part, denied in part, and moot in part. The motion is granted as to the allegations in paragraphs 19 through 21, 62, and 69 through 73, and moot as to the request to strike references to the United States as a party included in paragraph 10. The motion is otherwise denied. OMC is directed to file an Amended Complaint in Intervention consistent with this Order, as well as the court's Opinion and Order dated July 1, 2020 [Doc. 161], no later than July 8, 2020.

Motions directed to the pleadings in this matter are concluded, and the court intends to expeditiously move this nearly six-year-old case forward. The parties should conduct themselves accordingly.

IT IS SO ORDERED this 1st day of July, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE