IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>OSAGE MINERALS COUNCIL,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>OSAGE WIND, LLC,<br>ENEL KANSAS, LLC, and<br>ENEL GREEN POWER<br>NORTH AMERICA, INC.,<br><br>Defendants. | Case No. 14-CV-704-GKF-JFJ |

**ORDER**

This Order provides clarification with respect to four orders previously issued by this court: (1) the April 13, 2020 Minute Order denying the United States's Motion to Strike Defendants' Answer to the First Amended Complaint [Doc. 135]; (2) the April 13, 2020 Minute Order denying defendants' Motion for Judgment on the Pleadings [Doc. 138]; (3) the July 1, 2020 Opinion and Order denying the United States's Motion for Leave to File a Second Amended Complaint [Doc. 161]; and (4) the July 1, 2020 Order related to defendants' Motion to Strike Allegations in Osage Minerals Council's Complaint in Intervention [Doc. 162].

The court first considers the April 13 Minute Orders. *See* [Doc. 135; Doc. 138]. In the Minute Order docketed as [Doc. 135], the court stated:

> Plaintiff's Motion to Strike Defendants' Answer to First Amended Complaint is denied, as to do so would violate the policy of resolving issues on the merits. However, issues determined by the Tenth Circuit are law-of-the-case and affirmative defenses *going to those issues* shall not be considered on remand.

[Doc. 135]. In the Minute Order docketed as [Doc. 138], the court stated: "Defendants' Motion for Judgment on the Pleadings is denied. The remaining issues in this case involve the relief due to the Osage Mineral Estate." [Doc. 138].

The United States interprets the April 13 Minute Orders to preclude the assertion of any and all affirmative defenses. However, the Minute Orders should not be interpreted so broadly. The court intended to convey that it would apply the law-of-the-case as articulated by the Tenth Circuit, and not revisit issues determined by the Circuit. The court did not intend to limit the assertion of affirmative defenses beyond those directed to the applicability of 25 C.F.R. §§ 211, 214. *See* [Doc. 135 (emphasis added) ("[I]ssues determined by the Tenth Circuit are law-of-the-case and affirmative defenses *going to those issues* shall not be considered on remand.")].

With respect to the July 1 Orders, in the July 1, 2020 Opinion and Order [Doc. 161], the court denied the United States's Motion for Leave to File a Second Amended Complaint, which included new prayers for relief and new allegations of intentional, willful, and bad faith conduct. In conjunction with that Opinion and Order, in a separate Order of that same day, the court granted in part defendants' motion to strike certain allegations included in the OMC's Complaint in Intervention. In striking an allegation that non-party entities "exhibited a pattern of extracting resources from Indigenous communities without their consent," the court stated: "[I]n its Opinion and Order dated July 1, 2020, the court dismissed all allegations of bad faith, intentional, or willful misconduct. Thus, whether Osage Wind acted in bad faith is not at issue in this lawsuit." [Doc. 162, p. 4 (internal citation omitted)].

Defendants have construed the court's July 1 Orders as disposing of the issue of whether Osage Wind constituted an "innocent trespasser" for the purpose of calculating damages for the mineral trespass under Oklahoma law.  This is not so.  The court's July 1 Orders were intended to frame the claims and relief at issue by limiting the United States and the OMC to the allegations and demands of the First Amended Complaint.  The measure of damages for the trespass claim included in the First Amended Complaint necessarily requires consideration of defendants' alleged knowledge or "bad faith."  *See* [Doc. 20]; *see also Dilworth v. Fortier*, 405 P.2d 38, 45 (Okla. 1964).  Moreover, the United States preserved the issue of whether Osage Wind qualified as an "innocent trespasser" by alleging that "[d]efendants knew or should have known that they were required to comply with the express provisions of 25 C.F.R. § 211 or 25 C.F.R. § 214." [Doc. 20, ¶¶ 49, 56, 63].  Thus, defendants' alleged bad faith remains at issue in this lawsuit to the extent tied to Osage Wind's alleged status as an "innocent trespasser."

ENTERED this 15th day of July, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE