**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| OSAGE MINERALS COUNCIL, | ) | |
| | ) | |
| Intervenor-Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-704-GKF-JFJ |
| | ) | |
| OSAGE WIND, LLC; | ) | |
| ENEL KANSAS, LLC; and | ) | |
| ENEL GREEN POWER NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OSAGE WIND, LLC, ENEL KANSAS, LLC, AND ENEL GREEN
POWER NORTH AMERICA, INC.'S ANSWER TO OSAGE MINERALS COUNCIL'S
FIRST AMENDED COMPLAINT IN INTERVENTION**

Defendants, Osage Wind, LLC ("Osage Wind"), Enel Kansas, LLC ("Enel Kansas"), and

Enel Green Power North America, Inc. ("EGPNA"), hereby respond to the Osage Minerals

Council's First Amended Complaint in Intervention [Dkt. # 164] (the, "First Amended CIR") and

states as follows:

1.      Paragraph 1 of the First Amended CIR is a legal conclusion to which no response

is required. To the extent there are any factual allegations contained in paragraph 1 of the First

Amended CIR, the Defendants deny them.

2.      Paragraph 2 of the First Amended CIR is a legal conclusion to which no response

is required. To the extent there are any factual allegations contained in paragraph 1 of the First

Amended CIR, the Defendants deny them.

3.      Osage Wind admits that it has constructed a wind energy project on approximately 1.5% of 8,400 acres of privately owned, fee surface estate in Osage County, Oklahoma. Osage Wind admits that it excavated foundations for 84 turbines, and constructed trenches for cables and related infrastructure. Osage Wind admits that it crushed some of the larger pieces of limestone and other common materials that were excavated and replaced them, along with soil and smaller pieces of stone, into the hole that it was excavated from, although larger pieces of limestone, exceeding three feet in diameter, were placed on the surface and left undisturbed. Osage Wind admits that the Tenth Circuit Court of Appeals determined the crushing and use of crushed materials constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny all other allegations in paragraph 3 of the First Amended CIR.

4.      Osage Wind admits that it excavated foundations for 84 turbines, and constructed trenches for cables and related infrastructure. Osage Wind admits it excavated pits for placement of foundations. Osage Wind admits that it crushed some of the larger pieces of limestone and other common materials that were excavated and replaced them, along with soil and smaller pieces of stone, into the hole that it was excavated from, although larger pieces of limestone, exceeding three feet in diameter, were placed on the surface and left undisturbed. Osage Wind admits that the Tenth Circuit Court of Appeals determined the crushing and use of crushed materials constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny all other allegations in paragraph 4 of the First Amended CIR.

5.      Paragraph 5 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 5 of the First Amended CIR, the Defendants deny denies them.

6.      Paragraph 6 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 6 of the First Amended CIR, the Defendants deny denies them.

7.      Denied.  The Tenth Circuit's decision speaks for itself.  Moreover, it specifically rejected several interpretations of the applicable regulations set forth by the United States and/or the OMC and noted that others previously asserted had not been properly brought before it.

8.      The Defendants admit the allegations in paragraph 8 of the First Amended CIR.

9.      The Defendants admit the allegations in paragraph 9 of the First Amended CIR.

10.     Paragraph 10 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 10 of the First Amended CIR, the Defendants deny them.

11.     Paragraph 11 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 11 of the First Amended CIR, the Defendants deny them.

12.     Paragraph 12 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 12 of the First Amended CIR, the Defendants deny them.

13.     Osage Wind denies that, at any time following the commencement of the activities at issue in this case, it was a "wholly owned subsidiary of Tradewind Energy, Inc."  The correct ownership of Osage Wind at the relevant times is set forth in Osage Wind's corporate disclosure

statement and supplemental corporate disclosure statement filed in this case. (Dkt. ## 7, 126). Osage Wind admits that its headquarters is located at the listed address. The remaining allegations of Paragraph 13 of the First Amended CIR are denied.

14.     The Defendants admit the allegations in paragraph 14 of the First Amended CIR.

15.     The Defendants admit the allegations in paragraph 15 of the First Amended CIR.

16.     The Defendants admit the allegations in paragraph 16 of the First Amended CIR.

17.     The Defendants admit the allegations in paragraph 17 of the First Amended CIR.

18.     The Defendants admit that EGPNA representatives have had *some* involvement with issues related to the Project and that Jeff Riles, in particular, had a meeting with the BIA on October 20, 2014. That meeting is more accurately described in Mr. Riles' Declaration. (*See* Dkt. # 28-2). The remaining allegations of Paragraph 18 of the First Amended CIR are denied.

19.     The Defendants admit that the Osage Nation is a federally recognized Indian Tribe. The Defendants lack sufficient information to respond to the remaining allegations of Paragraph 19 of the First Amended CIR, and on that basis denies the same.

20.     The Defendants lack sufficient information to respond to the allegations of Paragraph 20 of the First Amended CIR, and on that basis deny the same.

21.     The Defendants lack sufficient information to respond to the allegations of Paragraph 21 of the First Amended CIR, and on that basis deny the same.

22.     The Defendants lack sufficient information to respond to the allegations of Paragraph 22 of the First Amended CIR, and on that basis deny the same.

23.     Paragraph 23 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 23 of the First Amended CIR, the Defendants deny them.

24.      Denied.  *See Osage Nation v. Irby*, 597 F.3d 1117, 1123-1125, 1127 (10th Cir. 2010).

25.      Paragraph 25 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 25 of the First Amended CIR, the Defendants deny them.

26.      Paragraph 26 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 26 of the First Amended CIR, the Defendants deny them.

27.      Paragraph 27 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 27 of the First Amended CIR, the Defendants deny them.

28.      The first sentence of Paragraph 28 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in the first sentence of paragraph 28 of the First Amended CIR, the Defendants deny them.  The second sentence of Paragraph 28 of the First Amended CIR is denied.

29.      Paragraph 29 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 29 of the First Amended CIR, the Defendants deny them.

30.      Paragraph 30 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 30 of the First Amended CIR, the Defendants deny them.

31.     Paragraph 31 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 31 of the First Amended CIR, the Defendants deny them.

32.     Paragraph 32 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 33 of the First Amended CIR, the Defendants deny them.

33.     Paragraph 33 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 33 of the First Amended CIR, the Defendants deny them, except that Defendants admit the allegations of the final sentence of Paragraph 33.

34.     Paragraph 34 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 34 of the First Amended CIR, the Defendants deny them.

35.     Paragraph 35 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 35 of the First Amended CIR, the Defendants deny them.

36.     Paragraph 36 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 36 of the First Amended CIR, the Defendants deny them.

37.     Paragraph 37 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 37 of the First Amended CIR, the Defendants deny them.

38.     Paragraph 37 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 37 of the First Amended CIR, the Defendants deny them.

39.     Paragraph 39 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 39 of the First Amended CIR, the Defendants deny them.

40.     Osage Wind admits that it, or its predecessor in interest, entered into such leases in 2010.  The Defendants deny that EGPNA or Enel Kansas were party to any such lease.

41.     In response to Paragraph 41 of the First Amended CIR, the Defendants admit that the OMC expressed vague concerns about interference with the Osage mineral estate in certain communications and in *Osage Nation v. Wind Capital Group, LLC et al.*, Case No. 11-CV-643-GKF-PJC, without reference to the theories asserted in this case.  The remaining allegations of Paragraph 41 of the First Amended CIR are denied.

42.     The Defendants admit that Osage Wind began preparatory efforts for Project construction as early as October 2013 and that Osage Wind commenced turbine foundation excavation work in September of 2014.  The remaining allegations of Paragraph 42 of the First Amended CIR are denied.

43.     The Defendants admit that Robin Phillips sent a letter to EGPNA on October 9, 2014.  The Defendants deny the remaining allegations in paragraph 43 of the First Amended CIR, and affirmatively state that the October 9, 2014 letter directs EGPNA to obtain a "Sandy Soil Permit."

44.     The Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the First Amended CIR, and on that basis deny the same.

45.     Denied.

46.     Denied.

47.     Denied.

48.     The Defendants admit that the United States filed this action ostensibly on behalf of the Osage Nation, and the Defendants state that the United States' allegations set forth in its Complaint and First Amended Complaint speak for themselves.   The remaining allegations of Paragraph 48 of the First Amended CIR are denied.

49.     Denied.

50.     The Defendants admit that Osage Wind constructed 84 wind turbines and that the foundations for those turbines had approximately the dimensions set forth in Paragraph 50 of the First Amended CIR.   The remaining allegations of Paragraph 50 of the First Amended CIR are denied.

51.     Denied.

52.     Osage Wind admits that rock from the excavations came out in pieces of varying size and shape. The Defendants deny the remaining allegations in paragraph 52 of the First Amended CIR, and EGPNA and Enel Kansas deny all allegations of paragraph 52 of the First Amended CIR as to them.

53.     Osage Wind admits that some of the excavated materials were pushed back into the excavated site, but other of the excavated materials were left on the surface. The Defendants deny the remaining allegations in paragraph 53 of the First Amended CIR.

54.     Osage Wind admits that it did not have to purchase backfill from a third-party source as to Project foundation construction, which informs the measure of damages.   The Defendants deny the remaining allegations in paragraph 54 of the First Amended CIR, and EGPNA and Enel Kansas deny all allegations of paragraph 54 of the First Amended CIR as to them.

55.     The Defendants admit that the United States withdrew its request for preliminary injunction in this case on or about December 12, 2014.  The Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 of the First Amended CIR, and on that basis deny the same.

56.     Denied.

57.     Denied.

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     Paragraph 61 of the First Amended CIR is a legal conclusion to which no response is required. The Tenth Circuit's Opinion speaks for itself.  To the extent there are any factual allegations contained in paragraph 61 of the First Amended CIR, the Defendants deny them.

62.     Denied.  The referenced exhibit states that the relevant work was completed on November 18, 2014.

63.     The Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the First Amended CIR, and on that basis deny the same.

64.     In response to the allegations in paragraph 64 of the First Amended CIR, the Defendants reallege and incorporate all preceding paragraphs.

65.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny the remaining allegations in paragraph 65 of the First Amended CIR.

66.     Paragraph 66 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 61 of the First Amended CIR, the Defendants deny them.

67.     As to paragraph 67 of the First Amended CIR, 25 C.F.R. § 211.48 speaks for itself.

68.     As to paragraph 68 of the First Amended CIR, 25 C.F.R. § 211.3 speaks for itself. The Defendants admit the remaining allegations contained in paragraph 68 of the First Amended CIR.

69.     As to paragraph 69 of the First Amended CIR, 25 C.F.R. § 211.3 speaks for itself.

70.     The Defendants admit the Tenth Circuit determined Osage Wind engaged in "mining" of more than 5,000 cubic yards of material. The Defendants deny the remaining allegations contained in paragraph 70 of the First Amended CIR.

71.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. The Defendants deny the remaining allegations in paragraph 71 of the First Amended CIR.

72.     Paragraph 72 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 72 of the First Amended CIR, the Defendants deny them.

73.     Denied.

74.     In response to the allegations in paragraph 74 of the First Amended CIR, the Defendants reallege and incorporate all preceding paragraphs.

75.     As to paragraph 75 of the First Amended CIR, 25 C.F.R. § 214.7 speaks for itself. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities.  To the extent there are any factual allegations contained in paragraph 75 of the First Amended CIR, the Defendants deny them, and EGPNA and Enel Kansas deny that they engaged in any of the conduct at issue.

76.     As to paragraph 76 of the First Amended CIR, 25 C.F.R. § 214.2 speaks for itself. The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are any factual allegations contained in paragraph 76 of the First Amended CIR, the Defendants deny them, and EGPNA and Enel Kansas deny that they engaged in any of the conduct at issue.

77.     Paragraph 77 of the First Amended CIR is a legal conclusion to which no response is required. To the extent there are any factual allegations contained in paragraph 77 of the First Amended CIR, the Defendants deny them.

78.     Denied.

79.     In response to the allegations in paragraph 79 of the First Amended CIR, the Defendants reallege and incorporate all preceding paragraphs.

80.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To

the extent there are remaining factual allegations contained in paragraph 80 of the First Amended CIR, the Defendants deny them.

81.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 81 of the First Amended CIR, the Defendants deny them, and EGPNA and Enel Kansas deny that they engaged in any of the conduct at issue.

82.     The Defendants admit that, on October 9, 2014, Superintendent Phillips sent a letter regarding the Project, and that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 82 of the First Amended Complaint, the Defendants deny them, and EGPNA and Enel Kansas deny that they engaged in any of the conduct at issue.  The Defendants note that the referenced correspondence did not include the word "lease."

83.     The Defendants admit that Osage Wind completed the activities that the Tenth Circuit found to be unlawful on or about November 18, 2014.  The Defendants deny the remaining allegations in paragraph 83 of the First Amended CIR.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     In response to the allegations in paragraph 88 of the First Amended CIR, the Defendants reallege and incorporate all preceding paragraphs.

89.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 89 of the First Amended CIR, the Defendants deny them, and EGPNA and Enel Kansas deny that they engaged in any of the conduct at issue.

90.     The Defendants admit that the Tenth Circuit Court of Appeals determined certain actions of Osage Wind constituted "mineral development" for which a federally approved lease was required, and no such lease was issued prior to the excavation and construction activities. To the extent there are remaining factual allegations contained in paragraph 90 of the First Amended CIR, the Defendants deny them, and EGPNA and Enel Kansas deny that they engaged in any of the conduct at issue.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

**ANSWER TO PRAYER FOR RELIEF**

96.     The Tenth Circuit Court of Appeals held certain of Osage Wind's actions are subject to 25 C.F.R. Part 211. The Defendants deny that the OMC is entitled to further relief as requested in Prayer for Relief paragraph 96.

97.     The Tenth Circuit Court of Appeals held certain of Osage Wind's actions are subject to 25 C.F.R. Part 214. The Defendants deny that the OMC is entitled to further relief as requested in Prayer for Relief paragraph 97.

98.     Osage Wind admits the counts asserted against Osage Wind in the First Amended CIR may be remedied by money damages. The Defendants deny the First Amended Complaint establishes facts sufficient to grant any further relief as requested in Prayer for Relief paragraph 98.

99.     The Defendants deny the First Amended CIR establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 99.

100.    The Defendants deny the First Amended CIR establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 100.

101.    The Defendants deny the First Amended CIR establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 101.

102.    The Defendants deny the First Amended Complaint establishes facts sufficient to grant the relief requested in Prayer for Relief paragraph 102.

## DEFENSES AND AFFIRMATIVE DEFENSES

As a factual predicate for the following defenses, the Defendants incorporate by reference, in accordance with FED. R. CIV. P. 10(c), their Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. # 17), their Motion to Dismiss or for Summary Judgment (Dkt. # 26), their Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Counts I and II of the Amended Complaint (Dkt. # 28), their Reply in Support of Motion to Dismiss or for Summary Judgment (Dkt. # 33), their Partial Motion to Dismiss the Osage Minerals Council's Complaint in Intervention (Dkt. # 150), their Reply Brief in Support of their Partial Motion to

Dismiss the Osage Minerals Council's Complaint in Intervention (Dkt. # 164), and all evidentiary materials or other exhibits submitted with any of the foregoing.

1.      The First Amended CIR fails to state a claim upon which relief may be granted.

2.      The relief sought by the First Amended CIR is barred by the doctrine of estoppel.

3.      The relief sought by the First Amended CIR is barred by the doctrine of laches.

4.      The relief sought by the First Amended CIR is barred by the doctrine of waiver.

5.      The First Amended CIR fails to allege facts necessary to support a claim for injunctive relief.

6.      The First Amended CIR fails to allege facts necessary to support an equitable remedy. Rather, the remedy is properly limited to money damages.

7.      The First Amended CIR improperly names Enel Kansas as a party.

8.      The First Amended CIR improperly names EGPNA as a party.

9.      Part or all of the claims and/or remedies set forth in the First Amended CIR are barred by the doctrine of collateral estoppel arising from *Osage Nation and Osage Minerals Council v. Osage County Board of County Commissioners, et al.*, District Court of Osage County Case No. CV-2014-41 and the consolidated cases, including the appeals thereof.

10.     Part or all of the claims and/or remedies set forth in the First Amended CIR are barred by the doctrine of res judicata arising from *Osage Nation and Osage Minerals Council v. Osage County Board of County Commissioners, et al.*, District Court of Osage County Case No. CV-2014-41 and the consolidated cases, including the appeals thereof.

11.     The Tenth Circuit opinion contemplates relief limited to money damages for volumes of minerals removed by actions constituting "mining" as defined by the opinion.

12.     The trespass and continued trespass claims fail because no such claims are provided for by Act of Congress or exist in the federal common law.

13.     Part or all of the OMC's claims are barred by the doctrine of unclean hands.

14.     The OMC's right to relief is barred because the fault of the OMC is equal to or greater than the alleged fault, if any, of any the Defendants.

15.     Part or all of the OMC's claims fail because a substantial part of the Defendants' conduct was lawful.

16.     Part or all of the OMC's claims are barred by the doctrine of *in pari delicto*.

17.     Part or all of the OMC's claims are barred because any Defendant found to have engaged in unlawful conduct believed in good faith that its conduct was not illegal and there was not clear law to the contrary prior to the Tenth Circuit's decision in this case.

**WHEREFORE,** Osage Wind, LLC respectfully requests the Court calculate damages to the mineral estate within the confines of "mining" or "mineral development" as held by the Tenth Circuit Court of Appeals, and the Defendants respectfully request the Court to deny and dismiss with prejudice all remaining claims for relief contained in the First Amended CIR (including all claims against Enel Kansas, LLC and Enel Green Power North America, Inc.), and award such other and further relief as the Court determines to be just and proper.

Respectfully submitted,

/s/ Ryan A. Ray
**Ryan A. Ray**, OBA # 22281
**NORMAN WOHLGEMUTH CHANDLER
JETER BARNETT & RAY, P.C.**
2900 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

-and-

**Lynn H. Slade** (admitted *pro hac vice*)
**Sarah M. Stevenson** (admitted *pro hac vice*)
MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

**ATTORNEYS FOR DEFENDANTS,
OSAGE WIND, LLC, ENEL KANSAS, LLC
AND ENEL GREEN POWER NORTH
AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, I electronically transmitted the attached Document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Cathryn D. McClanahan
Abi Laura Fain
David McCullough
Jeffrey S. Rasmussen
Mary Kathryn Nagle
Wilson Kirk Pipestem

The following non-ECF registrants have been served by First Class United States mail:

Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street
Tulsa, OK 74145
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for the United States of America*

/s/ Ryan A. Ray
**Ryan A. Ray**