# EXHIBIT A

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 14-CV-704-GKF-JFJ |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| (1) OSAGE WIND, LLC: | ) | |
| (2) ENEL KANDAS, LLC; and | ) | |
| (3) ENEL GREEN POWER | ) | |
|      NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OSAGE MINERALS COUNCIL'S REPONSES AND OBJECTIONS TO OSAGE WIND, LLC'S SECOND INTERROGATORIES AND REQUESTS FOR PRODUCTION

Intervenor-Plaintiff Osage Minerals Council (the "OMC"), by and through its counsel of record, hereby submits these Responses and Objections to Osage Wind, LLC's Second Interrogatories and Requests for Production (the "Requests"). These Responses reflect Intervenor-Plaintiff's diligent, good-faith efforts to consider and investigate the Interrogatories and Requests and to respond within the permitted time. Intervenor-Plaintiff acknowledges its obligation to amend or supplement its Responses as new or additional information becomes available. Intervenor-Plaintiff also reserves the right to correct, modify, or supplement any or all of the Responses, as it deems necessary or appropriate.

### Reservation of Rights

Any production of documents by Intervenor-Plaintiff in response to the Requests is subject to Intervenor-Plaintiff's right to object to the admission into evidence of any and all such documents on the grounds that they, or any of them, are irrelevant to the issues in this action or

are otherwise inadmissible. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, the subject matter thereof, or the information contained therein, or of the Intervenor-Plaintiff's rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. These Responses are based on Intervenor-Plaintiff's present knowledge, information, belief, and Intervenor-Plaintiff's review of files which would be likely to contain the documents called for by the Requests, and therefore are subject to amendment as Intervenor-Plaintiff continues to complete the Intervenor-Plaintiff's review and analysis.

**General Objections**

1. Intervenor-Plaintiff objects to these Interrogatories and Requests to the extent they seek information which is protected from disclosure under the attorney-client privilege or work product immunity, or any similarly recognized civil discovery privilege.

2. Intervenor-Plaintiff objects to Interrogatories and Requests seeking the production of "all" documents or the like to the extent that such requests are unduly broad and burdensome. Unless otherwise indicated, Intervenor-Plaintiff will produce relevant responsive documents located through a comprehensive search of its records.

3. Intervenor-Plaintiff objects to these Interrogatories and Requests to the extent the information sought has previously been provided.

4. Intervenor-Plaintiff objects to these Interrogatories and Requests to the extent that they seek information which is neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

5.      To the extent Osage Wind, LLC's Requests seek information that Intervenor-Plaintiff considers to be confidential or proprietary, including trade secrets or other confidential research, development or commercial information, responses will be provided as warranted under the terms of the Protective Order in this action.

6.      Intervenor-Plaintiff's Response to an Interrogatory or Request should not be construed as a representation or admission that such Response is admissible at trial, and Intervenor-Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections to the admission into evidence of these Responses and the documents produced therewith.

7.      Intervenor-Plaintiff objects to these Interrogatories and Requests to the extent that they seek information which the Court has concluded Defendants are not entitled to seek—either because it is irrelevant or relates to an affirmative defense that is not available to Defendants under the law of the case and the Court's Orders. *See, e.g.,* ECF Nos. 207, 210, 226.

8.      Intervenor-Plaintiff incorporates the General Objections into each and every Response herein. Any further, more specific objection asserted within a particular Response is made in addition to and without waiving any General Objection.

## Responses to Interrogatories

**Interrogatory No. 16:** Identify all instances since 2010 in which You asserted in formal litigation or in correspondence that a Person had extracted or used limestone or other hard minerals in Osage County without the proper lease or permit authorizing such extraction or use.

**Response to Interrogatory No. 16:**  The OMC objects to this Interrogatory on the grounds that it is overly broad as it seeks information that is not relevant to any party's claim or defense and that it seeks privileged information. The OMC further objects to this Interrogatory as vague and

ambiguous in its use of the term "Person," which Osage Wind has not defined in its Requests, and overbroad and unduly burdensome with respect to the defined term "You," which purports to include all of the following: "current or former officers, agents, employees, attorneys, subsidiaries, divisions, affiliates, committees, boards, or other related business entities, and each partnership, limited liability company, joint venture, corporation or other entity to which [the OMC] is a party, as well as the present and former directors, officers, members, partners, agents, contractors, consultants, and employees of such entities, and representatives of all of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing, and, where the context permits, [the OMC's] counsel and any consultants, experts, investigators, agents, attorneys, or other persons acting on [the OMC's] behalf."

Finally, the OMC objects to this Interrogatory as vexatious, harassing, and overly burdensome to the extent it seeks to relitigate the merits of this case. *See United States v. Osage Wind*, LLC, 871 F.3d 1078, 1092 (10th Cir. 2017) (requiring Defendants "to secure a federally approved lease from OMC under § 214.7"). The OMC further objects to and does not answer Interrogatory No. 16 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). The Tenth Circuit has concluded that Defendants mined the Osage Mineral Estate without the requisite permit required under federal law, and Interrogatory No. 16 in no way seeks information relevant to this Court's adjudication of the proper remedy for Defendants' unlawful conduct.

**Interrogatory No. 17:** Identify the amount of royalty income You have received pursuant to leases issued pursuant to 25 C.F.R. Part 214 and/or "Sandy Soil Permits" from November 24, 2014 to the date of Your response to this Interrogatory.

**Response to Interrogatory No. 17:** The OMC objects to this Interrogatory on the grounds it is overly broad, unduly burdensome, and duplicative of information already sought from the OMC. Among other deficiencies, this Interrogatory misconstrues the relationship between the OMC as the representative body of the Osage Nation as trust beneficiary of the Osage Mineral Estate, the United States as trustee of the Osage Mineral Estate and proceeds derived from the Osage Mineral Estate, and the headright holders (Osage and non-Osage) that own rights to receive quarterly distributions from the United States of minerals proceeds from various sources. The OMC receives up to $1 million annually for its administrative expenses from the federal trust account established for the trust beneficiary. As a result of this Osage trust system, all payments from Osage minerals production in accordance with 25 C.F.R. Part 214 are made to the United States and not the OMC. As a result and in combination with the definition of "You," the plain language of this Interrogatory requests that the OMC obtain royalty information from "current or former officers, agents, employees, attorneys, subsidiaries, divisions, affiliates, committees, boards, or other related business entities, and each partnership, limited liability company, joint venture, corporation or other entity to which [the OMC] is a party, as well as the present and former directors, officers, members, partners, agents, contractors, consultants, and employees of such entities, and representatives of all of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing, and, where the context permits, [the OMC's] counsel and any consultants, experts, investigators, agents, attorneys, or other persons acting on [the OMC's] behalf" who may be an OMC shareholder.

The OMC further objects to this Interrogatory to the extent that it is duplicative of prior interrogatories and requests for production. Without waiving the foregoing objections or the General Objections listed above, the OMC refers Defendants to its responses to Enel Green

Power North America, Inc.'s Interrogatory No. 12 and Request for Production No. 12. The OMC further refers Defendants to responsive documents related to Part 214 permits or leases identified and produced through Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Interrogatory No. 18:** Identify the amount of royalty income You have received pursuant to leases for oil and/or gas exploration and production from November 24, 2014 to the date of Your response to this Interrogatory.

**Response to Interrogatory No. 18:** The OMC objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Among other deficiencies, this Interrogatory misconstrues the relationship between the OMC as the representative body of the Osage Nation as trust beneficiary of the Osage Mineral Estate, the United States as trustee of the Osage Mineral Estate and proceeds derived from the Osage Mineral Estate, and the headright holders (Osage and non-Osage) that own rights to receive quarterly distributions from the United States of minerals proceeds from various sources. The OMC receives up to $1 million annually for its administrative expenses from the federal trust account established for the trust beneficiary. As a result of this Osage trust system, all payments from Osage minerals production in accordance with 25 C.F.R. Part 214 are made to the United States and not the OMC. As a result and in combination with the definition of "You," the plan language of this Interrogatory requests that the OMC obtain royalty information from each "current  or  former  officers,  agents, employees,  attorneys,  subsidiaries, divisions, affiliates, committees, boards, or other related business entities, and each partnership, limited liability company, joint venture, corporation or other entity to which [the OMC] is a party, as well as the present and former directors, officers,

members, partners, agents, contractors, consultants, and employees of such entities, and representatives of all of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing, and, where the context permits, [the OMC's] counsel and any consultants, experts, investigators, agents, attorneys, or other persons acting on [the OMC's] behalf" who may be OMC shareholders.

**Interrogatory No. 19:** Identify the amount of royalty income, from any source, You claim the presence of the Project prevented you from receiving from 2014 to the present.

**Response to Interrogatory No. 19:** The OMC objects to this Interrogatory on the grounds that that it is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Among other deficiencies, this Interrogatory misconstrues the relationship between the OMC as the representative body of the Osage Nation as trust beneficiary of the Osage Mineral Estate, the United States as trustee of the Osage Mineral Estate and proceeds derived from the Osage Mineral Estate, and the headright holders (Osage and non-Osage) that own rights to receive quarterly distributions from the United States of minerals proceeds from various sources. The OMC receives up to $1 million annually for its administrative expenses from the federal trust account established for the trust beneficiary. As a result of this Osage trust system, all payments from Osage minerals production in accordance with 25 C.F.R. Part 214 are made to the United States and not the OMC. As a result and in combination with the definition of "You," the plain language of this Interrogatory requests that the OMC obtain information from each "current or former officers, agents, employees, attorneys, subsidiaries, divisions, affiliates, committees, boards, or other related business entities, and each partnership, limited liability company, joint venture, corporation or other entity to which [the OMC] is a party, as well as the present and former directors, officers, members, partners, agents, contractors, consultants, and

employees of such entities, and representatives of all of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing, and, where the context permits, [the OMC's] counsel and any consultants, experts, investigators, agents, attorneys, or other persons acting on [the OMC's] behalf" who may be OMC shareholders.

The OMC declines to produce attorney-work product regarding damages, remedies or equitable relief, to the extent the Interrogatory seeks such information. Finally, as Defendants are aware, it is Defendants' own conduct (mining the Osage Mineral Estate without obtaining a lease from the OMC that is approved by the United States) that inhibits a fair calculation of royalties and revenues lost since 2014. To the extent the Interrogatory requests attorney work-product or imposes a duty to reveal litigative strategy or brief subjects before dispositive briefs are yet due, the Interrogatory is improper.

**Interrogatory No. 20:** Identify all proposed mineral leases under 25 C.F.R. Part 214 the OMC has approved the lease terms defining compensation for the OMC were not based on the value or volume of minerals mined and sold.

**Response to Interrogatory No. 20:** The OMC objects to this Interrogatory on the grounds that it is incomprehensible, vague, and not likely to lead to the discovery of admissible evidence in this litigation. Similarly, to the extent this Interrogatory intends to request information regarding "approved" mineral leases, the OMC objects on the grounds that the interrogatory is duplicative of information already sought from the OMC and overly broad, unduly burdensome, and unlikely to lead to evidence relevant to a party's claims or defenses because it is not limited in time. Finally, the OMC notes that Defendants have lost their argument that their excavation and use of minerals from the Osage Mineral Estate did not constitute mining under the law simply because they never sold them. The Tenth Circuit rejected this argument. *See United States v.*

*Osage Wind*, LLC, 871 F.3d 1078, 1089 (10th Cir. 2017) ("While the definition of mining certainly includes commercial mineral extractions and even offsite relocation of minerals, the district court's limitation of "mineral development" to those contexts is overly restrictive. The text of § 211.3 does not indicate that mining is confined to commercializing extracted minerals or relocating them offsite—instead it refers merely to the "science, technique, and business of mineral development." § 211.3. Finding no support in the § 211.3's text itself, Osage Wind attempts to buttress its preferred narrowing construction by reference to other provisions that contemplate the sale of minerals. We are not persuaded."). The OMC will not entertain the idea of re-litigating this losing argument in the form of an Interrogatory.

Without waiving the foregoing objections and while incorporating the General Objections identified above, the OMC refers Defendants to its Responses to Enel Green Power North America, Inc.'s Interrogatory Nos. 13-15 and Request for Production Nos. 13-15.

**Interrogatory No. 21:** Identify all proposed or approved mineral leases under 25 C.F.R. Part 214 when the mineral lease contained terms defining compensation for the OMC identical or substantially similar to the compensation terms of any surface leases issued to the same lease applicant for the same geographic area.

**Response to Interrogatory No. 21:** The OMC objects to this Interrogatory on the grounds the request is overly broad, unduly burdensome, and unlikely to lead to evidence relevant to any party's claim or defense. To the extent Osage Wind seeks information regarding surface leases, the OMC has no responsive information within its possession.

To the extent Osage Wind requests information regarding approved mineral leases for the Osage Mineral Estate, and without waiving the foregoing objections or the General Objections

identified above, the OMC refers Defendants to its Responses to Enel Green Power North America, Inc.'s Interrogatory Nos. 13-15 and Request for Production Nos. 13-15.

**Interrogatory No. 22:** Identify all communications whether oral or via any document between the United States Attorney's Office for the Northern District of Oklahoma and/or the Bureau of Indian Affairs and the Osage Nation, on the one hand, and the OMC, on the other, between September 30, 2015 and November 30, 2015 regarding the decision by plaintiff the United States not to appeal the Opinion and Order and Judgment entered September 30, 2015 (Dkt. # 44 and 45).

**Response to Interrogatory No. 22:** The OMC objects to this Interrogatory on the grounds that it seeks information protected by the common interest privilege and the executive privilege under Osage Nation law, and duplicative of information already sought from the OMC. The OMC further objects to this Interrogatory because it seeks information which the Court has concluded Defendants are not entitled to seek—either because it is irrelevant or because it relates to an affirmative defense that is not available to Defendants under the law of the case and the Court's Orders. See, e.g., ECF Nos. 207, 210, 226.

Without waiving its objections above, the OMC refers Defendants to its Responses to Defendants' Interrogatory Nos. 5, 6, 7, and Request Nos. 1, 2, 4, 14 and Enel Green Power North America, Inc.'s Interrogatory No. 23 Request for Production No. 23.

**Interrogatory No. 23:** Identify all mineral leases issued by the OMC under 25 C.F.R. Part 214 when the mineral lease contained terms in which the lease required "as built" drawings or specifications for any work performed in removal of minerals under the lease.

**Response to Interrogatory No. 23:** The OMC objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it is not limited in time, and unlikely to lead

to the discovery of relevant evidence admissible at trial. Among other deficiencies, this Interrogatory misconstrues the relationship between the OMC as the representative body of the Osage Nation as trust beneficiary of the Osage Mineral Estate, the United States as trustee of the Osage Mineral Estate and proceeds derived from the Osage Mineral Estate, and the headright holders (Osage and non-Osage) that own rights to receive quarterly distributions from the United States of minerals proceeds from various sources. The OMC receives up to $1 million annually for its administrative expenses from the federal trust account established for the trust beneficiary. As a result of this Osage trust system, all payments from Osage minerals production in accordance with 25 C.F.R. Part 214 are made to the United States and not the OMC. The OMC further objects that "as built" is an undefined term subject to many interpretations and meanings.

**Interrogatory No. 24:** Identify, including by bates numbers if already produced, all leases under 25 C.F.R. Part 214 for excavation related to a road or building construction project, from 2011 to the present, in which minerals excavated were not sold or moved to locations other than the site of the original excavation.

**Response to Interrogatory No. 24:** The OMC objects to this Interrogatory on the grounds that it is unlikely to lead to the discovery of evidence relevant to a party's claims or defenses because it seeks information related to claims already argued before and decided by the Tenth Circuit. *See United States v. Osage Wind*, LLC, 871 F.3d 1078, 1089 (10th Cir. 2017) ("While the definition of mining certainly includes commercial mineral extractions and even offsite relocation of minerals, the district court's limitation of "mineral development" to those contexts is overly restrictive. The text of § 211.3 does not indicate that mining is confined to commercializing extracted minerals or relocating them offsite—instead it refers merely to the "science, technique, and business of mineral development." § 211.3. Finding no support in the § 211.3's text itself,

Osage Wind attempts to buttress its preferred narrowing construction by reference to other provisions that contemplate the sale of minerals. We are not persuaded."). The OMC will not entertain the idea of re-litigating this argument in the form of an Interrogatory.

**Interrogatory No. 25:** Identify any costs or non-monetary hardships known or anticipated to be incurred or sustained by you if a permanent injunction, including the remedy of ejectment, is not issued against Defendants in this litigation, including any costs or non-monetary hardships you may present to the Court in its duty to balance the equities between the parties.

**Response to Interrogatory No. 25:** The OMC objects to this Interrogatory on the grounds that it is overly broad, vague, and premature as discovery remains ongoing and depositions have not yet been completed. Without waiving the foregoing objections or the General Objections identified above, the OMC responds that harm caused by Defendants' infringement on the inherent sovereignty of the Osage Nation, and by extension the Osage Minerals Council, cannot be quantified in monetary terms. Defendants' unlawful conduct and blatant refusal to respect the authority of the Osage Nation threatens the inherent right of the Osage Nation to govern its trust assets and lands for the welfare of the Osage Nation citizens, as well as the Osage Mineral Estate headright holders. So long as Defendants are permitted to continue their unlawful trespass on the Osage Mineral Estate, the Osage Nation's sovereignty will continue to be irreparably harmed. Furthermore, the OMC cannot lease the lands covered by the footprint of the wind farm for minerals purposes because the wind energy facilities interfere with effective minerals exploration and mining.

### Responses to Requests for Production

**Request for Production No. 28:** Produce all documents referred to, relied upon, or which evidence demands made as referred to in Your response to Interrogatory No. 16 served herewith.

**Response to Request for Production No. 28:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 16.

**Request for Production No. 29:** Produce all documents referred to, relied upon, or which evidence demands made as referred to in Your response to Interrogatory No. 17 served herewith.

**Response to Request for Production No. 29:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 17.

**Request for Production No. 30:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 18 served herewith.

**Response to Request for Production No. 30:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 18.

**Request for Production No. 31:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 19 served herewith.

**Response to Request for Production No. 31:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 19.

**Request for Production No. 32:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 20 served herewith.

**Response to Request for Production No. 32:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 20.

**Request for Production No. 33:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 21 served herewith.

**Response to Request for Production No. 33:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 21.

**Request for Production No. 34:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 22 served herewith.

**Response to Request for Production No. 34:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 22.

**Request for Production No. 35:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 23 served herewith.

**Response to Request for Production No. 35:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 23.

**Request for Production No. 36:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 24 served herewith.

**Response to Request for Production No. 36:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 24.

**Request for Production No. 37:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 25 served herewith.

**Response to Request for Production No. 37:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 25.

**Request for Production No. 38:** Produce, or identify by bates numbers if already produced, all documents identified as an exhibit by any party or produced in discovery by any party that You believe tend to establish Defendants, or any of them or any individual acting on behalf of any Defendant, acted in bad faith by conducting excavation, crushing, and reuse of the subsurface in the construction of the Project.

**Response to Request for Production No. 38:** The OMC objects to this Request for Production on the grounds that it requests information that is protected by the attorney work-product privilege and/or attorney-client privilege. Such documents are readily available and there is no requirement

that the OMC's counsel provide Osage Wind with counsel's analysis of Defendants' documents. Furthermore, discovery is ongoing, and Defendants have refused to make available for depositions key individuals who have knowledge of Defendants' bad faith conduct.

**Request for Production No. 39:** Produce, or identify by bates numbers if already produced, all applications for any type of lease or permit from the Osage Minerals Council that you were required to deny based on the existence of the Project, from 2011 to the present.

**Response to Request for Production No. 39:** The OMC objects to this Request as vague and unlikely to lead to the discovery of relevant or admissible evidence at trial. Specifically, the phrase "you were required to deny based on the existence of the Project" is incomprehensible as drafted as it seems to be contingent upon other information unknown to the OMC, as it would be forced to guess at what the drafters intended.

**Request for Production No. 40:** Produce, or identify by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for a wind, solar, battery, or other renewable energy project, from September 18, 2017 to the present.

**Response to Request for Production No. 40:** The OMC objects to this Request as overbroad and unduly burdensome with respect to the defined term "You," which purports to include all of the following: "current or former officers, agents, employees, attorneys, subsidiaries, divisions, affiliates, committees, boards, or other related business entities, and each partnership, limited liability company, joint venture, corporation or other entity to which [the OMC] is a party, as well as the present and former directors, officers, members, partners, agents, contractors, consultants, and employees of such entities, and representatives of all of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing, and, where the context permits, [the OMC's] counsel and any consultants, experts, investigators,

agents, attorneys, or other persons acting on [the OMC's] behalf." The OMC further objects that this Request is overly broad and burdensome, as well as borderline vexatious, since it is not tethered to any relevant inquiry in the current litigation.

**Request for Production No. 41:** Produce, or identify by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for excavation related to a road or building construction project, from 2011 to the present.

**Response to Request for Production No. 41:** The OMC objects to this Request as overbroad and unduly burdensome with respect to the defined term "You," which purports to include all of the following: "current or former officers, agents, employees, attorneys, subsidiaries, divisions, affiliates, committees, boards, or other related business entities, and each partnership, limited liability company, joint venture, corporation or other entity to which [the OMC] is a party, as well as the present and former directors, officers, members, partners, agents, contractors, consultants, and employees of such entities, and representatives of all of the foregoing, and any other person acting or purporting to act on behalf of any of the foregoing, and, where the context permits, [the OMC's] counsel and any consultants, experts, investigators, agents, attorneys, or other persons acting on [the OMC's] behalf." Furthermore, "construction projects" are not at issue in this litigation. The Tenth Circuit did not conclude that all construction projects trigger 25 C.F.R. Part 214; but rather, the Tenth Circuit concluded that the fact that Defendants were using the minerals they took from the Osage Mineral Estate to stabilize the foundations for their turbines triggered 25 C.F.R. Part 214. As such, documents related to "construction projects" writ large have no bearing on the Court's adjudication of the proper remedy in this matter.

Without waiving the foregoing objections or the General Objections identified above, and to the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, the OMC refers Osage Wind to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8 and produces the following:

OMC-000776-782
OMC-000787-794
OMC-000796-800
OMC-000806-807
OMC-000808-810
OMC-000811-815
OMC-000816-819
OMC-000820-821
OMC-000822-824
OMC-000825-830
OMC-000831-836
OMC-000837
OMC-000838

**Request for Production No. 42:** Produce, or identify by bates numbers if already produced, all leases You have issued under 25 C.F.R. Part 214 terms defining compensation for the OMC identical or substantially similar to the compensation terms of any surface leases issued to the same lease applicant for the same geographic area.

**Response to Request for Production No. 42:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 21.

**Request for Production No. 43:** Produce, or identify by bates numbers if already produced, all leases You have issued under 25 C.F.R. Part 214 lease terms defining compensation for the OMC were not based on the value or volume of minerals mined and sold.

**Response to Request for Production No. 43:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 20.

**Request for Production No. 44:** Produce, or identify by bates numbers if already produced, all correspondence between the United States Attorney's Office for the Northern District of Oklahoma and/or the Bureau of Indian Affairs and/or the Osage Nation, on the one hand, and the OMC, on the other, between September 30, 2015 and November 30, 2015 regarding the decision by plaintiff the United States not to appeal the Opinion and Order and Judgment entered September 30, 2015 (Dkt. # 44 and 45).

**Response to Request for Production No. 44:** The OMC refers Osage Wind to the OMC's Response to Interrogatory No. 22.

<br>

Respectfully submitted,

/s/   Mary Kathryn Nagle
Mary Kathryn Nagle, OBA No. 33712
Wilson Pipestem, OBA No. 16877
Abi Fain, OBA No. 31370
Pipestem Law, P.C.
320 S. Boston Ave., #1705
Tulsa, Oklahoma 74103
918-936-4705 (Office)
wkpipestem@pipestemlaw.com
mknagle@pipestemlaw.com
afain@pipestemlaw.com
*Counsel for Intervenor-Plaintiff*
*Osage Minerals Council*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2021, a true and correct copy of the foregoing was emailed to the following:

Ryan A. Ray
rray@nwlawok.com

Lynn H. Slade
Sarah S. Stevenson
Dominic Martinez
lynn.slade@modrall.com
sarah.stevenson@modrall.com
dominic.martinez@modrall.com

Thomas J. McCormack
Robert M. Kirby
Robin D. Ball
Robert D. Comer
thomas.mccormack@nortonrosefulbright.com
robert.kirby@nortonrosefulbright.com
robin.ball@nortonrosefulbright.com
bob.comer@nortonrosefulbright.com

*Counsel for Defendants*

Cathryn D. McClanahan

Nolan M. Fields
Stuart P. Ashworth
cathy.mcclanahan@usdoj.gov
nolan.fields@usdoj.gov
stuart.ashworth@sol.doi.gov

*Counsel for Plaintiff, United States*

<u>/s/ Mary Kathryn Nagle</u>

## <u>VERIFICATION</u>

I, Everett Waller, am Chairman of the Osage Minerals Council. Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that I have knowledge regarding the above-styled action, that I have read the above Responses and Objections to Osage Wind, LLC's Second Interrogatories and Requests for Admission, that I know the contents thereof, and, based on a reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

Executed on July 28, 2021.

_____
Everett Waller
Chairman, Osage Minerals Council