## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and | ) | |
| THE OSAGE MINERALS COUNCIL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-704-GKF-JFJ |
| | ) | |
| OSAGE WIND, LLC; | ) | |
| ENEL KANSAS, LLC; and | ) | |
| ENEL GREEN POWER NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' SECOND MOTION TO COMPEL AGAINST THE UNITED STATES

Ryan A. Ray, OBA #22281
NORMAN WOHLGEMUTH, LLP
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

Lynn H. Slade, *pro hac vice*
Sarah M. Stevenson, *pro hac vice*
Dominic A. Martinez, *pro hac vice*
MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

Thomas J. McCormack, *pro hac vice*
Robert Kirby, *pro hac vice*
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
Robin D. Ball (Los Angeles Office), *pro hac vice*
Robert D. Comer (Denver Office), *pro hac vice*
NORTON ROSE FULBRIGHT US LLP

**ATTORNEYS FOR DEFENDANTS,
OSAGE WIND, LLC, ENEL KANSAS, LLC
AND ENEL GREEN POWER NORTH
AMERICA, INC.**

Dated: August 19, 2021

TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 1

PROCEDURAL ISSUES IN THIS CASE ................................................................................. 1

DISPUTED DISCOVERY ISSUES ........................................................................................ 4

CERTIFICATION OF CONFERENCE .................................................................................... 9

INTRODUCTION………………………………………………………………………………..9

ARGUMENT AND AUTHORITIES……………………………………………………………10

I.      THE SCOPE OF DISCOVERY AND DEFINITION OF DISCOVERY
        RELEVANCE ARE BROAD .......................................................................... 10

II.     THE COURT SHOULD COMPEL THE REQUESTED DISCOVERY BECAUSE
        THE UNITED STATES HAS NOT ABANDONED ITS CLAIM THAT
        DEFENDANTS' ACTIVITIES THE TENTH CIRCUIT CONCLUDED
        REQUIRED A MINING LEASE WERE DONE IN BAD FAITH ............................... 13

III.    THE COURT SHOULD COMPEL RESPONSES TO THE DISCOVERY
        REQUESTS THE UNITED STATES REFUSED TO ANSWER SPECIFICALLY
        TARGETED TO THE REMEDIES ISSUES THAT REMAIN BEFORE THE
        COURT ....................................................................................................... 18

CONCLUSION AND REQUESTED RELIEF……………………………………………………..19

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfwear, Inc. v. Kulkote, LLC*
No. 2:19-cv-00027-CW-JCB, 2020 U.S. Dist. LEXIS 129573 (D. Utah July 21, 2020) ...................................................................................................................12

*B.H. v. Gold Fields Mining Corp.*
No. 04-CV-0564-CVE-PJC, 2006 WL 3757809 (N.D. Okla. Dec. 19, 2006) .......................10

*Burke v. New York City Police Dep't*
115 F.R.D. 220, 224 (S.D.N.Y. 1987) ...........................................................................11, 12

*Centurion Indus., Inc. v. Warren Steurer & Assocs.*
665 F.2d 323, 326 (10th Cir. 1981) .......................................................................................10

*Cohlmia v. Ardent Health Servs., LLC*
No. 05-CV-384-GKF-PJC, 2008 U.S. Dist. LEXIS 92831 (N.D. Okla. Nov. 14, 2008) ...............................................................................................................................11

*Davilla v. Enable Midstream Partners, L.P.*
913 F.3d 959 (10th Cir. 2019) ..................................................................................3, 4, 9, 19

*FrangranceNet.com, Inc. v. FragranceX.com, Inc.*
No. CV 06-22, 25 (JFB) (AKT) 2007 WL 9710244 (E.D.N.Y. Aug. 28, 2007)...................17

*Hickman v. Taylor*
329 U.S. 495 (1947)................................................................................................................10

*Josephs v. Harris Corp.*
677 F.2d 985, 992 (3d Cir. 1982)...........................................................................................11

*Mae Pendleton v. Bd. of Cty. Comm'rs for Okla. Cty.*
No. CIV-18-707-G, 2020 U.S. Dist. LEXIS 41264 (W.D. Okla. Mar. 10, 2020) .....................................................................................................................................12

*Perez v. El Tequila LLC*
No. 12-CV-588-JED-PJC, 2014 U.S. Dist. LEXIS 149372 (N.D. Okla. Oct. 20, 2014) .....................................................................................................................................11

*Reibert v. CSAA Fire & Cas. Ins. Co.*
No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860, (N.D. Okla. Jan. 3, 2018) .....................................................................................................................................12

*Rich v. Martin Marietta Corp.*
    522 F.2d 333, 343 (10th Cir. 1975) ...................................................................11

*Roseberg v. Johns-Manville Corp.*
    85 F.R.D. 292, 296-97 (E.D. Pa. 1980) ........................................................11, 12

*Smith v. Ford Motor Co.*
    626 F.2d 784, 797 (10th Cir. 1980) ...................................................................10

*Snowden v. Connaught Lab*
    137 F.R.D. 325, 332 (D. Kan. 1991).................................................................11

*United States ex rel. Shamesh v. CA, Inc.*
    314 F.R.D. 1, 8 (D.D.C. 2016).........................................................................12

*United States v. Osage Wind, LLC*
    No. 14-CV-704 (N.D. Okla. Jan. 16, 2021)......................................................15

*United States v. Childs*
    No. CR-09-146-D, 2018 U.S. Dist. LEXIS 20058, 2018 WL 775018 (W.D.
    Okla. Feb. 7, 2018) .........................................................................................12

*U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*
    No. 05-2192-JWL-DJW, 2007 WL 1531846 (D. Kan. May 25, 2007)............................ 16-17

## Court Rules

Fed. R. Civ. P. 26...........................................................................................................10

Fed. R. Civ. P. 37(a)(2)(A) .............................................................................................9

Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv)................................................................................1

LCvR 37.1.....................................................................................................................1, 9

In accordance with FED. R. CIV. P. 37(a)(3)(B)(iii) and (iv) and LCvR 37.1, Defendants, Osage Wind, LLC ("Osage Wind"), Enel Kansas, LLC ("Enel Kansas"), and Enel Green Power North America, Inc. ("EGPNA") (collectively, "Defendants"), respectfully request that the Court enter an Order requiring the Plaintiff, the United States of America (the "United States"), to respond to interrogatories and requests for production served by Enel Kansas.  The information and communications sought are relevant—especially under the discovery standard of relevance— to the claims by the United States, and plaintiff in intervention the Osage Minerals Counsel ("OMC"), for damages and permanent injunctive relief for trespass, conversion, and other claims made in the United States' First Amended Complaint, Dkt. # 20.

## BACKGROUND

Movants adopt and incorporate herein the "Background section," and any accompanying exhibits, of Defendant Osage Wind, LLC's First Motion to Compel the United States, Dkt. # 177 (Aug. 12, 2020).

## PROCEDURAL ISSUES IN THIS CASE

Movants adopt and incorporate herein paragraphs 1 through 9 of the "Procedural Issues in this Case" section, and any accompanying exhibits, of Defendant Osage Wind, LLC's First Motion to Compel the United States, Dkt. # 177 (Aug. 12, 2020). In addition, Movants assert the following relevant facts:

1.      Defendants filed their answer to the United States' First Amended Complaint.  Dkt. # 99.

2.      The United States moved to strike the Defendants' answer to the First Amended Complaint on the grounds that it was untimely and that the Tenth Circuit's Opinion precluded *any* affirmative defenses in this case.  Dkt. # 102.

3.      The Court denied the motion to strike on April 13, 2020.  Dkt. # 135.  In the Order, the Court stated that "issues determined by the Tenth Circuit are law-of-the-case and affirmative defenses going to those issues shall not be considered on remand."  *Id.*

4.      The OMC filed its Complaint in Intervention. Dkt. # 136. Defendants filed a partial motion to dismiss the OMC's Complaint in Intervention, Dkt. # 150, and a motion to strike certain allegations in the OMC's Complaint in Intervention, Dkt. # 151.

5.      The Court granted in part the partial motion to dismiss on July 1, 2020. Dkt. # 161. In that Order, the Court "restrict[ed] OMC's remedies to those sought by the United States in the First Amended Complaint" and dismissed "OMC's allegations of intentional, willful, or bad faith conduct and certain equitable relief," including disgorgement of profits, accounting of all revenue, and unjust enrichment. *Id.*

6.      The Court also granted in part the motion to strike on July 1, 2020. Dkt. # 162. In that Order, the Court struck allegations of "bad faith conduct" of Defendants and of third parties, allegations regarding revenue from the Project and other financial information, and allegations of health harms caused by the Project from the OMC's Complaint in Intervention. *Id.*

7.      The Court subsequently ordered that "[D]efendants' alleged bad faith remains at issue in this lawsuit to the extent tied to Osage Wind's alleged status as an 'innocent trespasser.'" Dkt. # 171.

8.      The OMC filed its First Amended Complaint in Intervention, Dkt. # 164, to which Defendants filed their Answer, Dkt. # 174.

9.      The OMC filed a Motion for Judgment on the Pleadings. Dkt. # 204. In the Motion for Judgment on the Pleadings, the OMC sought judgment on Defendants' affirmative defenses of estoppel, laches, waiver, unclean hands, and *in pari delicto*. *Id.*

10.     The Court granted the Motion for Judgment on the Pleadings. Dkt. # 207. With respect to laches, the Court concluded the Tenth Circuit's ruling on laches was law of the case. *Id.* The Court concluded the other defenses challenged were state-law based and thus inapplicable to the claims by the United States and the OMC. *Id.*

11.     Since late 2019, the parties have exchanged written discovery, and a total of four motions to compel were filed in late 2020: Osage Wind's First Motion to Compel against the United States, Dkt. # 177; Defendants' First Motion to Compel against the OMC, Dkt. # 179; United States' Motion to Compel, Dkt. # 175; and the OMC's Motion to Compel, Dkt. # 183. Each of these motions were referred to Magistrate Judge Jayne. Dkt. # 176; Dkt. # 178; Dkt. # 180.

12.     Two Orders were issued with respect to the various motions to compel, Dkt. # 210 and 214. The first, issued January 16, 2021, ruled on a number of issues, including whether Defendants had waived privilege for a limited number of communications. Defendants sought communications between and among the United States and the OMC and/or the Osage Nation related to the Project. The Court concluded the requested discovery was not relevant to Plaintiffs' claims for permanent injunction and ejectment, concluding "the 'balancing of equities' under *Davilla* "does not include any backward-looking considerations of past conduct or knowledge." Dkt. # 210 at 23, *citing, Davilla v. Enable Midstream Partners L.P.*, 913 F.3d 959 (10th Cir. 2019). The Court did not address whether *Davilla* or other authority foreclosed backward looking evidence with respect to damages or other remedies.

13.     Defendants filed partial objections to Judge Jayne's Orders, specifically objecting to the ruling on relevancy under *Davilla*. Dkt. # 218, at 10-11, 15-16.

14.     The Court denied the Defendants' objections by order dated May 21, 2021. Dkt. # 226. The Court upheld the conclusion that, applicable to permanent injunctive relief, *Davilla*:

explicitly required consideration of the following factors in cases of continuing trespass to Indian land: (1) whether an injunction is necessary to prevent irreparable harm, (2) whether the threatened injury outweighs the harm that the injunction may cause to the enjoined party, and (3) whether the injunction would adversely affect the public interest. The factors reflect the prospective nature of injunctive relief, and focus on the future effect of the requested relief. . . . [I]n this case, the court will consider the relative costs and benefits of removal, both as to the parties hereto and the public at large.

Dkt. # 226 at 8 (quotation marks and citations omitted). The Court did not address whether *Davilla* applied to determining appropriate damage remedies, including damages, *id.* at 6-11, and it does not. *Davilla* 913 F.3d at 969-74.

15.     In denying Defendants' objections, the Court noted that it did not "consider the potential relevance of the requested discovery to Osage Wind's good faith in proceeding without a lease, as Osage Wind raised this argument for the first time in its reply in support of its Objection." Dkt. # 226 at 12 n.9.

16.     Defendants have sought reconsideration of the Court's order denying Defendants' objections and the Court's orders on affirmative defenses. Dkt. # 229. The motion to reconsider has been fully briefed and is pending before the Court.

## DISPUTED DISCOVERY ISSUES

The responses from the United States to Enel Kansas' second set of interrogatories and requests for production, served July 21, 2021, are the subject of this Motion. A copy of those responses is attached hereto as Exhibit A. The specifically disputed discovery responses are set out in full as follows:

**Enel Kansas Interrogatory No. 11:** Identify all instances since 2010 in which You asserted in formal litigation or in correspondence that a person had extracted or used limestone or other hard minerals in Osage County without the proper lease or permit authorizing such extraction or use.

**Response to Interrogatory No. 11**: Plaintiff objects to Interrogatory No. 11 on grounds that it is compound and contains more than one discrete, separate question.

- 4 -

The Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 11 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). As Defendants well know, the Court has ruled that permitting parties, such as Defendants, "to avoid [Part 214's] stringent leasing requirements by pointing to the Nation's own conduct would frustrate federal Indian land policy." Dkt. 207 at 7-8. Defendants' discovery requests are overly burdensome to the extent Defendants continue to propound discovery, knowing full well the interrogatories and requests are contrary to the law of the case and the express discovery orders entered in this case. Defendants apparent tactic of propounding improper discovery, while admitting in a recently filed, long overdue motion for reconsideration that such discovery is foreclosed by the current law of the case, is overtly vexatious and harassing to Plaintiff.

**Enel Kansas Interrogatory No. 12:** For each piece of litigation or correspondence identified in your response to Interrogatory No. 11, identify all remedies sought by You in such litigation or correspondence.

**Response to Interrogatory No. 12**: Plaintiff objects to Interrogatory No. 12 as the phrase "all remedies" is vague and ambiguous and susceptible to multiple interpretations. The Interrogatory is overly broad to the extent it seeks the identification of "all remedies" sought by certain agencies of the United States. Plaintiff further objects to Interrogatory No. 12 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 12 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). As Defendants well know, the Court has ruled that permitting parties, such as Defendants, "to avoid [Part 214's] stringent leasing requirements by pointing to the Nation's own conduct would frustrate federal Indian land policy." Dkt. 207 at 7-8. Defendants' discovery requests are overly burdensome to the extent Defendants continue to propound discovery, knowing full well the interrogatories and requests are contrary to the law of the case and the express discovery orders entered in this case. Defendants apparent tactic of propounding improper discovery, while admitting in a recently filed, long overdue motion for reconsideration that such discovery is foreclosed by the current law of the case, is overtly vexatious and harassing to Plaintiff.

**Enel Kansas Interrogatory No. 21:** Identify all communications whether oral or via any document between the United States Attorney's Office for the Northern District of Oklahoma and/or the Bureau of Indian Affairs, on the one hand, and the OMC or the Osage Nation, on the other, between September 30, 2015 and November 30, 2015 regarding the decision by plaintiff the United States not to appeal the Opinion and Order and Judgment entered September 30, 2015 (Dkt. # 44 and 45).

**Response to Interrogatory No. 21**: Plaintiff objects to the Interrogatory based on privileged communication regarding a joint interest in litigation. Further, the Interrogatory is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Interrogatory 20 is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Finally, this request, like many of the items included in this latest round of unduly burdensome and harassing discovery is duplicative of earlier discovery propounded on the United States months ago. *See* Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Requests 13; Plaintiff United States of America's Second Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production and Second Supplemental Responses to Defendant, Osage Wind, LLC's Second Requests for Production at Interrogatories No. 5, 6 & 7, Requests 4, 5 6, and 15. The United States strenuously objects to Defendants' repeated, vexatious and harassing technique of allowing issues to become stale, only to attempt to revive the issue after many months have passed. Defendants did so by seeking untimely consideration of the Court's Opinions and Orders of January 11, 2021 (Dkt. 207) and May 21, 2021 (Dkt. 226). Now, Defendants are re-asking questions previously asked and responded to by the United States more than a year ago. Defendants repeated pattern of failing to timely raise discovery disputes, only to cause a vexatious re-visit to issues long settled is not unnoticed.

**Enel Kansas Interrogatory No. 23:** Identify all leases from 2000 to present issued pursuant to 25 C.F.R. Part 214 for excavation related to a construction of a building or any other type of construction project approved by the Bureau of Indian Affairs in which minerals excavated were not sold or moved to locations other than the site of the original excavation.

**Response to Interrogatory No. 23**: Plaintiff objects to Interrogatory No. 23 as it is vague and ambiguous, apparently relating to "any other type of construction project" for a period of 21 years. Further, as Defendant well knows, the question has been asked before and met with a detailed objection. *See* Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 9. (As Defendants insist on regurgitating Interrogatories and Requests, the United States incorporates the objections and responses made to the earlier, substantially similar discovery.) "[C]onstruction projects" are not and have not been at issue in this case. Despite Defendants' best efforts to ignore the ruling in this matter from the Tenth Circuit, the law of the case is settled. Surface construction activities were differentiated by the Tenth Circuit, which expressly found that those activities don't "trigger" the definition of mining under the regulations. Dkt. 78 at 25. The interrogatory is also objectionable because it requires no nexus to the United States whatsoever. It does not seek information that would be in the custody of the United States and, in fact, Plaintiff maintains no system of records of "construction projects" in Osage

- 6 -

County. Finally, the Interrogatory seeks irrelevant information pursuant to the law of the case, as established by the Tenth Circuit. Defendants persist in demanding overly broad information concerning "minerals mined and sold," ignoring the Circuit Court holding that the Osage Act did not require that minerals be marketed or sold to trigger the definition of mining and the leasing requirements of Part 214. Appellate Decision, Dkt. 78 at 19-21. To the extent the Interrogatory appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8 and Request Nos. 7 & 8.

**Enel Kansas Interrogatory No. 24:** Identify, including by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for excavation related to a road or building construction project, from 2011 to the present, in which minerals excavated were not sold or moved to locations other than the site of the original excavation.

**Response to Interrogatory No. 24**: Plaintiff further objects to Interrogatory No. 24 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The law of the case in this matter is clear – Defendants were required to obtain a lease but failed to do so. "[C]onstruction project[s]" and "road" "construction" are not and have not been at issue in this case. Despite Defendants' best efforts to ignore the ruling in this matter from the Tenth Circuit, the law of the case is settled. Surface construction activities were differentiated by the Tenth Circuit, which expressly found that those activities don't "trigger" the definition of mining under the regulations. Dkt. 78 at 25. Plaintiff maintains no system of records of "construction projects" in Osage County. Interrogatory No. 24 seeks irrelevant information pursuant to the law of the case, as established by the Tenth Circuit. Defendants persist in demanding overly broad information concerning minerals "sold" or "not sold," ignoring the Circuit Court holding that the Osage Act did not require that minerals be marketed or sold to trigger the definition of mining and the leasing requirements of Part 214. Appellate Decision, Dkt. 78 at 19-21. Plaintiff further objects to and does not answer Interrogatory 24 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. No. 210) and May 21, 2021 (Dkt. 226). To the extent the Interrogatory appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Enel Kansas Request for Production No. 16:** Produce all documents referred to or relied upon in responding to Interrogatory No. 23 served herewith.

**Response to Request No. 16**: Please see the response to Interrogatory No. 23, which is incorporated here. To the extent the Request appears to be seeking

approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests 7 & 8.

**Enel Kansas Request for Production No. 17:** Produce all documents referred to or relied upon in responding to Interrogatory No. 24 served herewith.

**Response to Request No. 17**: Please see the response to Interrogatory No. 24, which is incorporated here. To the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests 7 & 8.

**Enel Kansas Request for Production No. 21:** Produce, or identify by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for a wind, solar, battery, or other renewable energy project, from 2011 to the present.

**Response to Request No. 21**: Plaintiff objects to Request for Production No. 21 as it is vague and ambiguous. Plaintiff further objects to Request for Production No. 21 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it seeks information for "solar, battery, or other renewable energy project[s]". Plaintiff further objects to and does not answer Request for Production No. 21 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Without waiving the above objections, to the extent the Request appears to be seeking information related to leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests 7 & 8.

**Enel Kansas Request for Production No. 22:** Produce, or identify by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for excavation related to a road or building construction project, from 2011 to the present.

**Response to Request No. 22**: Please see the responses to Interrogatories 23 and 24, which are incorporated here. Without waiving the above objections, to the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Enel Kansas Request for Production No. 24:** Produce, or identify by bates numbers if already produced, all correspondence between the United States Attorney's Office for the Northern District of Oklahoma and/or the Bureau of Indian Affairs, on the one hand, and the OMC or the Osage Nation, on the other, between September 30, 2015 and November 30, 2015 regarding the decision by plaintiff the United States not to appeal the Opinion and Order and Judgment entered September 30, 2015 (Dkt. # 44 and 45).

**Response to Request No. 24**: Please see the response to Interrogatory No. 21, which is incorporated here. This request, like many of the items included in this latest round of unduly burdensome and harassing discovery, is duplicative of earlier discovery propounded on the United States months ago. *See* Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Requests 13; Plaintiff United States of America's Second Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production and Second Supplemental Responses to Defendant, Osage Wind, LLC's Second Requests for Production at Interrogatories No. 5, 6 & 7, Requests 4, 5 6, and 15. The United States strenuously objects to the Defendants' repeated, vexatious and harassing technique of allowing issues to become stale, only to attempt to revive the issue after many months have passed. Defendants did so with respect to court's Opinions and Orders of January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Defendants are re-asking questions previously responded to, in an apparent attempt to create or revive a very stale discovery dispute.

### CERTIFICATION OF CONFERENCE

In accordance with Fed. R. Civ. P. 37(a)(2)(A) and LCvR. 37.1, Osage Wind advises the Court that its counsel, Ryan A. Ray, Robin D. Ball, Lynn H. Slade, Sarah M. Stevenson, and Dominic A. Martinez, conferred in good faith with counsel for the United States, Cathryn McClanahan and Nolan Fields IV, via telephone on August 13, 2021, but have been unable to resolve these discovery issues. However, in the meet and confer, Defendants proposed to limit the temporal scope of all discovery requests to the United States at issue on this Motion to "from 2010 to the present." Consequently, only those time periods remain at issue for consideration by this Court.

### INTRODUCTION

- 9 -

This Motion presents critical issues determining whether Defendants are foreclosed from presenting a full defense to the remedial claims asserted in this case. Under the broad relevancy standards of FED. R. CIV. P. 26, *see* Point I, *infra*, the Court should reject the United States' effort to foreclose discovery into its actions and procedures directly relating to the regulatory setting in which the United States claims Defendants acted in "bad faith" in excavating minerals without a 25 C.F.R. Part 214 mining lease because they "knew or should have known" such a lease was required. *See* Point II, *infra*.  The Court should also reject the United States' effort to foreclose discovery into its actions and policies that bear on the permanent injunction test under *Davilla v. Enable Midstream Partners, L.P.*, 913 F.3d 959 (10th Cir. 2019) — and to prevent consideration of the Plaintiffs' prior leasing actions in determining proper damages.. *See* Point III, *infra.* The Court should compel the requested discovery because neither the prior rulings in this case nor the standards applicable under the Federal Rules support the United States' efforts to broadly curtail discovery.

## ARGUMENT AND AUTHORITIES

### I.   THE SCOPE OF DISCOVERY AND DEFINITION OF DISCOVERY RELEVANCE ARE BROAD.

FED. R. CIV. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  "The Federal Rules of Civil Procedure are designed to allow liberal pretrial discovery 'to make the task of the trier of fact more manageable by means of an orderly presentation of complex issues of fact.'" *B.H. v. Gold Fields Mining Corp.*, No. 04-CV-0564-CVE-PJC, 2006 WL 3757809, *3 (N.D. Okla. Dec. 19, 2006) (quoting *Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980)).  Accordingly, it is well established that pretrial discovery is "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see also*

*Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981) (explaining that "relevancy is construed more broadly during discovery than at trial").  "Liberal discovery rules provide parties with the fullest possible knowledge of the operative facts of the case before trial to reduce surprise and ensure that cases are decided on the merits."  *Perez v. El Tequila LLC*, No. 12-CV-588-JED-PJC, 2014 U.S. Dist. LEXIS 149372, at *15 (N.D. Okla. Oct. 20, 2014).

Objections stating that requests are overly broad and burdensome are meritless *absent factual support*.  *Cohlmia v. Ardent Health Servs., LLC*, No. 05-CV-384-GKF-PJC, 2008 U.S. Dist. LEXIS 92831, at *9 (N.D. Okla. Nov. 14, 2008) ("A party resisting discovery on the ground that the requests are overly broad has the burden of supporting its objection, unless the request is overly broad on its face."); *see also Snowden v. Connaught Lab*, 137 F.R.D. 325, 332 (D. Kan. 1991) ("burden is on the party objecting to show that responding to the discovery is unduly burdensome"); *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987) (burden is on objecting party to establish irrelevancy).  Where courts have considered conclusory objections like those asserted here, the boilerplate objections have been denied.  *See Roseberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980) (court overruled defendant's objections which repeatedly asserted objections of "overly broad, burdensome, and irrelevant").

In fact, a simple, unsupported assertion that a discovery request is "burdensome" has been ruled to be neither an answer nor an objection, and may constitute a waiver of any legitimate objection.  *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).  In asserting a "burdensome" objection, the United States must prove that any such burden is unreasonable when balanced against Osage Wind's need for the information being sought.  *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975).  The United States has made no showing of *any* burden, nor has it even attempted to do so.  Nor can the United States overcome the broad construction afforded

relevance at the discovery stage of this proceeding, especially based upon an interpretation of an Order that the Judge who issued it has since rejected. *See* Dkt. # 226, at 12 n.9.

"Following the 2015 Amendment [to Fed. R. Civ. P. 26], 'relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860, at *6 (N.D. Okla. Jan. 3, 2018) (quoting *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016). "'[R]elevance' in the discovery context does not necessarily have the same meaning as 'relevance' for purposes of admissibility at trial." *Mae Pendleton v. Bd. of Cty. Comm'rs for Okla. Cty.*, No. CIV-18-707-G, 2020 U.S. Dist. LEXIS 41264, at *3-4 (W.D. Okla. Mar. 10, 2020). "'[R]elevance' has been broadly defined to include 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" *Alfwear, Inc. v. Kulkote, LLC*, No. 2:19-cv-00027-CW-JCB, 2020 U.S. Dist. LEXIS 129573, at *3 (D. Utah July 21, 2020) (quoting *United States v. Childs*, No. CR-09-146-D, 2018 U.S. Dist. LEXIS 20058, 2018 WL 775018, at *3 (W.D. Okla. Feb. 7, 2018) (citations omitted)).

Since the United States raises principally a relevance objection, it bears the burden of establishing that the requested documents are not relevant under the governing standard, *Burke*, 115 F.R.D. at 224, and it must provide the Court with specific factual assertions to support their relevance objections. *Roseberg*, 85 F.R.D. at 296-97. As with its other objections, the United States has not supplied adequate factual support for it disingenuous relevance objections.

The purpose of the liberal discovery rules is to ensure that the basic issues or facts are disclosed to the fullest extent practicable. With these general principles in mind, the United States' responses to Enel Kansas' Interrogatory Nos. 11, 12, 21, 23, and 24, and Enel Kansas' Request for

Production Nos. 16, 17, 21, 22, and 24 are clearly deficient.

**II.    THE COURT SHOULD COMPEL THE REQUESTED DISCOVERY BECAUSE THE UNITED STATES HAS NOT ABANDONED ITS CLAIM THAT DEFENDANTS' ACTIVITIES THE TENTH CIRCUIT CONCLUDED REQUIRED A MINING LEASE WERE DONE IN BAD FAITH.**

In the United States' First Amended Complaint, it alleged that Defendants "knew or should have known that they were required to comply with the express provisions of 25 C.F.R. § 211 or 25 C.F.R. § 214." Dkt. # 20, ¶¶ 49, 56, 63.  The United States' allegation that Defendants "knew or should have known" that a mining lease was required for the Project "preserve[s] the issue of whether Osage Wind qualified as an 'innocent trespasser[.]' . . . Thus, defendants' alleged bad faith remains at issue in this lawsuit to the extent tied to Osage Wind's alleged status as an 'innocent trespasser.'" Dkt. # 171.  As recently as July 21, 2021, when the United States served the discovery responses at issue in this Motion, the United States stated that it is in the process of identifying evidence "that will demonstrate that Defendants, or any of them or any individual action on behalf of Defendants, acted in bad faith and were, by no means, an innocent trespasser." Exhibit A (Response to Enel Kansas' Interrogatory No. 19); *see also* The United States' Notice of the Court's Preclusion of Defendants' Equitable, Affirmative Defenses, Dkt. # 208, ¶ 8. ("Notably, the issue of Defendants' bad faith remains pertinent to damages and remedies, despite the preclusion of Defendants' equitable defenses by the Court.")  To date, the United States has not abandoned its allegation that Defendants were bad faith trespassers,[1] and the Court has recognized that the issue of Defendants' alleged bad faith remains a live issue. Dkt. # 171.

---

[1] The OMC has also argued to the Court that Defendants' alleged bad faith remains relevant. *See, e.g.*, Intervenor Plaintiff Osage Minerals Council's Motion for Judgment on the Pleadings and Brief in Support Thereof, Dkt. # 204 ("Time and time again, this Court has reiterated that at this point in the proceedings, 'the issue that's really before the court, or will be before the court, is whether or not the trespasser here is innocent or is not, or is a bad faith trespasser[.]'").

Nevertheless, the United States has refused to respond to discovery requests, including those identified in this Motion,[2] that may lead to the discovery of admissible evidence that could demonstrate Defendants were, in fact, acting in good faith. Defendants' planning, construction, and excavation activities did not occur in a vacuum—both the United States and the OMC also took actions, or failed to act, while the Project was under construction that may be material to whether Defendants' actions were taken in good or in bad faith. Defendants have requested from the United States information that is relevant to the question of whether they "knew or should have known" that a mining lease was required—but the United States has refused to respond.

As an example of the United States' refusal to answer discovery requests relevant to the issue of bad faith, the United States objected to, and did not provide complete answers to, Enel Kansas' Interrogatory Nos. 23 and 24, which sought (i) leases issued pursuant to 25 C.F.R. Part 214 for a construction project in which minerals excavated were not moved from the original excavation site, and (ii) inquiries, correspondence, requests and applications for a 25 C.F.R. Part 214 lease related to such a construction project. *See* Exhibit A.  The crux of the United States' objections is that the Interrogatories seek information on topics that were resolved by the Tenth Circuit or deemed irrelevant in this Court's prior discovery rulings. *See id*.  The United States' objections are unfounded because the Tenth Circuit did not address Defendants' alleged bad faith, and remanded for consideration of all remedial issues, *see generally United States v. Osage Wind, LLC*, 871 F.3d 1078 (10th Cir. 2017). In turn this Court ruled that bad faith remains at issue, *see*

---

[2] Specifically, the following discovery requests are pertinent to Plaintiffs' claim that Defendants were bad faith trespassers: Enel Kansas' Interrogatory Nos. 11, 21, 23 and 24, and Request for Production Nos. 16, 17, 21, 22, and 24.  If this Court compels the United States to respond to these discovery requests because they are relevant to the issue of bad faith, Defendants intend to seek supplementation of the United States' responses to Osage Wind's Interrogatory Nos. 5, 6, and 7, and Request for Production Nos. 4, 5, and 6, which also pertain to Defendants' alleged bad faith.

Dkt. # 171 at 3, and expressly did not consider bad faith in its previous discovery rulings, *see* Dkt. # 226, at 12 n.9 (the Court did not "consider the potential relevance of the requested discovery to Osage Wind's good faith in proceeding without a lease, as Osage Wind raised this argument for the first time in its reply in support of its Objection.").  Interrogatory Nos. 23 and 24 are relevant to the issue of alleged bad faith because they seek information affecting Defendants' knowledge and notice—or lack thereof—that a 25 C.F.R. Part 214 lease was required for their specific construction and excavation activities on the Project. Whether Defendants *knew or should have known* that a mining lease was required depends on what was *knowable* around the time of Defendants' construction and excavation activities for the Project.  If 25 C.F.R. Part 214 leases were routinely issued for construction projects where excavated minerals were neither sold nor relocated from the excavation site, or if 25 C.F.R. Part 214 leases were routinely requested for such construction projects, then Defendants' diligent efforts to ascertain such facts would have led to information supporting they arguably "should have known" that a mining lease was required. But, if 25 C.F.R. Part 214 leases were never issued, requested, or sought for construction projects similar to the Project, that would lend credence to Defendants' argument that they believed in good faith that they did not need to obtain a lease.  The United States should not be permitted to refuse to answer Enel Kansas' Interrogatory Nos. 23 and 24[3] based on the false premise that the Tenth Circuit and this Court have already resolved the issues raised by the Interrogatories.

The relevance of Defendants' discovery requests to the United States' claims and Defendants' defenses to them is further illustrated by the United States' (and the OMC's) own

---

[3] Enel Kansas' Request for Production Nos. 16 and 17 ask the United States to "[p]roduce all documents referred to or relied upon in responding to" Interrogatory Nos. 23 and 24. Exhibit A. Therefore, for the same reasons the United States should be compelled to respond to Interrogatory Nos. 23 and 24, it should be compelled to respond to Request for Production Nos. 16 and 17.

extensive discovery efforts regarding Defendants' alleged bad faith in this case.  The Plaintiffs have deposed witnesses, including Defendants' employees, *extensively* regarding Defendants' previous knowledge and notice of whether a mining lease was required for the Project—the very subject the OMC now considers irrelevant.  *See, e.g.*, Deposition of Joan Heredia, relevant portions attached hereto as Exhibit B, at 195:18-21 (Counsel for United States: "You would agree that Enel was on notice back in 2013, October 2013, that there was an assertion that a minerals lease or permit was required?"); Deposition of Bill Price, relevant portions attached hereto as Exhibit C, at 216:20:24 (Counsel for United States: "So the defendants were unclear what was meant when the letter asked for a stop work and then . . . reiterates the need to stop work?"); Deposition of Michael Storch, relevant portions attached hereto as Exhibit D, at 173: 4-8 (Counsel for United States: "So while you might have not ignored it, someone made a decision that you could go forward based on the legal analysis because the defendants' position was justified despite the cease and desist letter?"); Deposition of Aaron Weigel, relevant portions attached hereto as Exhibit E, at 186:3-4 ("But in your opinion, was he confident the permit was not required or not confident?"). Plaintiffs have dedicated hours of deposition time to questions regarding Defendants' pre-construction and pre-excavation knowledge of whether a mining lease was required for the Project, presumably to find support for their claims of bad faith and that Defendants "knew or should have known that they were required to comply with the express provisions of 25 C.F.R. § 211 or 25 C.F.R. § 214." To mount a defense to Plaintiffs' allegations, Defendants must be able to conduct discovery on the same topics explored by Plaintiffs.

The United States' extensive discovery regarding whether Defendants "knew or should have known" that a mineral lease was required not only demonstrates the relevance of the discovery requests at issue here—it also opens the door to the discovery requests. *See, e.g.*, *U.S.*

*Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-2192-JWL-DJW, 2007 WL 1531846, at *5 (D. Kan. May 25, 2007) ("By raising a defense, a party opens the door to the discovery concerning that defense.") *aff'd*, 244 F.R.D. 638 (D. Kan. 2007); *FrangranceNet.com, Inc. v. FragranceX.com, Inc.*, No. CV 06-22, 25 (JFB) (AKT) 2007 WL 9710244 at *3 (E.D.N.Y. Aug. 28, 2007) ("Discovery is a two-way street. Therefore, if Defendant seeks Plaintiff's corporate books and records, it is only fair that Defendant also be required to make its books and records available absent a compelling reason to the contrary.") (internal citations omitted).  By asserting that Defendants knew or should have known that a mineral lease was required and conducting extensive discovery on this issue, the United States has opened the door to discovery and evidence establishing that Defendants did not know, and, based on pre-excavation facts, should not have known, a lease was required, and therefore could have believed as much in good faith.

The Court should order the United States to supplement its responses to Enel Kansas' Interrogatory Nos. 11, 21, 23, and 24, and Enel Kansas' Request for Production Nos. 16, 17, 21, and 22, because those discovery requests seek information or documents that are relevant to the United States' allegation that Defendants knew or should have known a mining lease was required before the United States' lawsuit was filed.

In addition, information pertaining to prior leases or remedies demanded for failure to secure a pre-mining lease requested in Enel Kansas' Interrogatories Nos. 11, 12, and 23 and related requests to produce also will be pertinent to determining the appropriate damage remedy, addressing a dispute between two opposing mining engineering experts on that subject. *See* Deposition of John Pfahl, relevant portions attached hereto as Exhibit F, at 27:11-24 (relying on royalty rate provided in mineral lease of quarry on Osage Mineral Estate to calculate value of excavated limestone); *id.* at 28:21-25 (acknowledging reliance on royalty rates provided in prior

- 17 -

leases); *id*. at 35:12-17 (same); Deposition of Robert Freas, relevant portions attached hereto as Exhibit G, at 68:17-69:3 (relying on purchase order values, rather than values provided in prior leases, to determine royalty rate). The Court should compel answers and responses to permit a full and fair presentation of the issues subject to remand.

## III. THE COURT SHOULD COMPEL RESPONSES TO DISCOVERY REQUESTS THE UNITED STATES REFUSED TO ANSWER SPECIFICALLY TARGETED TO THE REMEDIES ISSUES THAT REMAIN BEFORE THE COURT.

Moreover, the United States has refused to respond to Defendants' discovery requests seeking information relevant to the Court's fashioning of remedies. For example, Enel Kansas' Interrogatory Nos. 11 and 12 seek instances in which the United States asserted that a person had extracted hard minerals in Osage County without a lease or permit, and all remedies sought by the United States for such unauthorized extraction of minerals. *See* Exhibit A. The United States objected to these Interrogatories, claiming that the Court's prior discovery rulings "specifically bar[]" them. *Id*.

This argument overstates the Court's prior rulings, which are premised on evidence pertinent only to permanent injunctive relief and on the notion "permitting third-parties to *avoid liability* for violation of the stringent leasing requirements of 25 C.F.R. § 214.7 by pointing to the Osage Nation's own conduct would frustrate federal Indian law policy. Doc. 207 pp. 7-8." (emphasis added). Dkt. # 226, at 10. The Court's citation to its earlier decision on motion for judgment on the pleadings reinforces the view the Court declined to allow pre-suit federal or tribal conduct to *bar any remedy*, but did not intend to exclude it from consideration of the appropriate remedy. Dkt. # 207, 7-8 ("Permitting third-parties to avoid these stringent leasing requirements by pointing to the Nation's own conduct would frustrate federal Indian land policy."). The discovery foreclosed is not invoked to deny *any remedy* for the violation the Tenth Circuit found, but to

inform the Court's determining the *appropriate* remedy, whether under the three- or four-factor test for a permanent injunction, as expressed in *Davilla v. Enable Midstream Partners, L.P.*, 913 F.3d 959 (10th Cir. 2019), and other cases—or assessing the appropriate damages remedy.

Evidence regarding the remedies the United States has previously sought when other persons had excavated hard minerals in Osage County without a lease (as requested in Interrogatory Nos. 11 and 12) will assist the Court in determining the proper remedy to flow from Defendants' construction and excavation activities on the Project. The Court did not preclude discovery of the remedies-related information sought in Enel Kansas' Interrogatory Nos. 11 and 12. The United States' refusal to answer Interrogatory Nos. 11 and 12 is unjustified, and this Court should compel the United States to answer the Interrogatories in full.

### CONCLUSION AND REQUESTED RELIEF

For the reasons explained above, Osage Wind asks the Court to compel the United States to provide complete responses to Enel Kansas' Interrogatory Nos. 11, 12, 21, 23, and 24, and Enel Kansas' Request for Production Nos. 16, 17, 21, 22, and 24.

Respectfully submitted,

/s/ Ryan A. Ray
**Ryan A. Ray**, OBA # 22281
**NORMAN WOHLGEMUTH, LLP**
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

-and-

**Lynn H. Slade**, *pro hac vice*
**Sarah M. Stevenson**, *pro hac vice*
**Dominic A. Martinez**, *pro hac vice*
**MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.**
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

**Thomas J. McCormack**, *pro hac vice*
**Robert Kirby**, *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
**Robin D. Ball** (Los Angeles Office), *pro hac vice*
**Robert D. Comer** (Denver Office), *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**

**ATTORNEYS FOR DEFENDANTS,
OSAGE WIND, LLC, ENEL KANSAS, LLC
AND ENEL GREEN POWER NORTH
AMERICA, INC.**

- 20 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2021, I electronically transmitted the attached Document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Cathryn D. McClanahan
Nolan Fields IV
Stuart P. Ashworth
Mary Kathryn Nagle
Wilson Kirk Pipestem
Abi Laura Fain
David McCullough
Jeffrey S. Rasmussen

The following non-ECF registrants have been served by email:

Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street
Tulsa, OK 74145
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for the United States of America*


*/s/ Ryan A. Ray*
Ryan A. Ray