# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    And

OSAGE MINERALS COUNCIL,

    Intervenor-Plaintiff,

v.

OSAGE WIND, LLC;
ENEL KANSAS, LLC; and
ENEL GREEN POWER NORTH
AMERICA, INC.,

    Defendants.

Case No. 14-CV-704-GKF-JFJ

**Plaintiff United States of America's**
**Responses to Defendant Enel Kansas, LLC's**
**Second Interrogatories and Requests for Production**

The United States of America ("Plaintiff"), by and through its counsel of record, hereby submits its responses to Enel Kansas, LLC's ("Defendant") Second Interrogatories and Requests for Production to Plaintiff. These responses reflect Plaintiff's diligent, good-faith efforts to consider and investigate the Requests for Production and Interrogatories and to respond within the allotted time. Plaintiff acknowledges its obligation to amend or supplement its responses as new or additional information becomes available. Plaintiff also reserves the right to correct, modify, or supplement any or all responses, as it deems necessary or appropriate.

## General Objections

1.  By making the accompanying responses and objections to Defendant's request, Plaintiff does not waive, and hereby expressly reserve, its right to assert any and all objections to the admission into evidence of these responses and the documents produced in response thereto.

2.  Plaintiff objects to each and every request to the extent the request seeks information protected by the attorney-client privilege, work product doctrine, or any similarly recognized civil discovery privilege.

3.  Plaintiff objects to any part of Defendant's interrogatories, requests, or accompanying instructions that seek to impose discovery obligations beyond the scope of the Federal Rules of Civil Procedure ("FRCP") or any other applicable rule or law, including any obligation to produce information not in Plaintiff's possession, custody, or control, or not currently known to Plaintiff after reasonable inquiry.

4.  Plaintiff objects to any request or interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5.  All evidentiary objections shall be reserved, and no waiver of any objection should be implied from any response or objection, except as provided for in the FRCP. Moreover, any response and later supplementation are not intended to make any otherwise objectionable fact or information admissible except as provided for in Fed. R. Civ. P. 10.

6.   Plaintiff objects to Defendant's definition of "Identify" regarding people to the extent that it requires Plaintiff to provide a person's last known address, telephone number and e-mail address. Where persons are identified as current employees of the United States, they may be contacted through the United States.

7.   Plaintiff hereby incorporates its General Objections into each response herein. Any further, more specific objection asserted within a particular response is made in addition to and without waiving any General Objection. Each response is made subject to and without waiving any of Plaintiff's objections.

## Interrogatories

**Interrogatory No. 11:** Identify all instances since 2010 in which You asserted in formal litigation or in correspondence that a person had extracted or used limestone or other hard minerals in Osage County without the proper lease or permit authorizing such extraction or use.

**Response to Interrogatory No. 11**:  Plaintiff objects to Interrogatory No. 11 on grounds that it is compound and contains more than one discrete, separate question. The Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 11 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226).  As Defendants well know, the Court has ruled that permitting parties, such as Defendants, "to avoid [Part 214's] stringent leasing requirements by pointing to the Nation's own conduct would frustrate federal Indian

land policy." Dkt. 207 at 7-8. Defendants' discovery requests are overly burdensome to the extent Defendants continue to propound discovery, knowing full well the interrogatories and requests are contrary to the law of the case and the express discovery orders entered in this case. Defendants apparent tactic of propounding improper discovery, while admitting in a recently filed, long overdue motion for reconsideration that such discovery is foreclosed by the current law of the case, is overtly vexatious and harassing to Plaintiff.

**Interrogatory No. 12:** For each piece of litigation or correspondence identified in your response to Interrogatory No. 11, identify all remedies sought by You in such litigation or correspondence.

**Response to Interrogatory No. 12**: Plaintiff objects to Interrogatory No. 12 as the phrase "all remedies" is vague and ambiguous and susceptible to multiple interpretations. The Interrogatory is overly broad to the extent it seeks the identification of "all remedies" sought by certain agencies of the United States. Plaintiff further objects to Interrogatory No. 12 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 12 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). As Defendants well know, the Court has ruled that permitting parties, such as Defendants, "to avoid [Part 214's] stringent leasing requirements by pointing to the Nation's own conduct would frustrate federal Indian land policy." Dkt. 207 at 7-8. Defendants' discovery

requests are overly burdensome to the extent Defendants continue to propound discovery, knowing full well the interrogatories and requests are contrary to the law of the case and the express discovery orders entered in this case.  Defendants apparent tactic of propounding improper discovery, while admitting in a recently filed, long overdue motion for reconsideration that such discovery is foreclosed by the current law of the case, is overtly vexatious and harassing to Plaintiff.

**Interrogatory No. 13:** Identify the amount of royalty income, as reflected in the records of the Bureau of Indian Affairs, the OMC has received or been entitled to pursuant to leases issued pursuant to 25 C.F.R. Part 214 and/or "Sandy Soil Permits" from November 24, 2014 to the date of Your response to this Interrogatory.

**Response to Interrogatory No. 13**: Plaintiff objects to Interrogatory No. 13 as the phrase referring to royalty income the OMC "has received" and "been entitled to receive" it is vague, ambiguous and susceptible to multiple interpretations. Plaintiff further objects to Interrogatory No. 13 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 13 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Without waiting said objection, Plaintiff refers Defendants to responsive documents related to Part 214 permits or leases identified and produced through Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Interrogatory No. 14:** Identify the total amount of royalty income You expect the OMC to receive pursuant to leases issued pursuant to 25 C.F.R. Part 214 and/or "Sandy Soil Permits" in 2021.

**Response to Interrogatory No. 14**: Plaintiff objects to Interrogatory No. 14 as it is vague, ambiguous and calls for speculation. Plaintiff further objects to this Interrogatory to the extent it seeks the analysis and opinions of Plaintiff United States' attorneys, which constitutes their protected work product compiled and/or performing in anticipation of trial and/or litigation. Plaintiff further objects to Interrogatory No. 14 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 14 on the grounds that it is specifically barred by the court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Without waiving these objections, Plaintiff responds that from January 1, 2021, to July 12, 2021, the Osage Agency deposited into the Osage Tribal Account $359,671.85. Accordingly, the amount of royalty income from 25 C.F.R. § 214 leases and permits the Osage Agency might reasonably expect to deposit in the Osage tribal account for all of 2021 may total approximately $760,000.

**Interrogatory No. 15:** Identify the amount of royalty income the OMC has received or been entitled to pursuant to leases for oil and/or gas exploration and production from November 24, 2014 to the date of Your response to this Interrogatory.

**Response to Interrogatory No. 15**: Plaintiff objects to Interrogatory No. 15 as the

phrase referring to royalty income the OMC "has received" and "been entitled to receive" is vague, ambiguous and susceptible to multiple interpretations. Plaintiff further objects to Interrogatory No. 15 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 16:** Identify the amount of royalty income You expect the OMC to receive pursuant to leases for oil and/or gas exploration and production in 2021.

**Response to Interrogatory No. 16**: Plaintiff objects to the Interrogatory to the extent it seeks the analysis and opinions of Plaintiff's attorneys, which constitutes their protected work product compiled and/or performed in anticipation of trial and/or litigation. Plaintiff objects to Interrogatory No. 16 as it is vague, ambiguous and calls for speculation. Plaintiff further objects to Interrogatory No. 16 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Interrogatory 16 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Without waiving these objections, Plaintiff responds that from January 1, 2021, to July 12, 2021, the Osage Agency deposited into the Osage Tribal Account $17,979,325.24 from royalty revenue received from leases for oil and gas exploration and production. Accordingly, the amount of oil and/or gas royalty revenue the Osage Agency might reasonably expect to deposit in the Osage tribal account for all of 2021 may total approximately $35,000,000.

**Interrogatory No. 17:** Identify the amount of royalty income, from any source, You claim the presence of the Project prevented the OMC from receiving from 2014 to the present.

**Response to Interrogatory No. 17**: Plaintiff objects to Interrogatory No. 17 as it is vague and ambiguous and (apparently) calls for speculation. Plaintiff further objects to Interrogatory No. 17 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, Plaintiff responds that the amount of damages Plaintiff alleges has been caused by the Project is set forth in detail by the expert witness reports Plaintiff has produced and served on the defendants in this matter.  The United States declines to produce attorney-work product regarding damages, remedies or equitable relief, to the extent the Interrogatory seeks such information. Finally, as Defendants are aware, it is Defendants' own conduct (mining the Osage Mineral Estate without seeking a lease) that inhibits a fair calculation of royalties and revenues lost since 2014.

**Interrogatory No. 18:** Identify all proposed mineral leases under 25 C.F.R. Part 214 the Bureau of Indian Affairs has rejected or declined to approve because the lease terms defining compensation for the OMC were not based on the value or volume of minerals mined and sold.

**Response to Interrogatory No. 18**: Plaintiff objects to Interrogatory No. 18 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 18 on the

8

grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). As Defendants well know, the Court has ruled that permitting parties, such as Defendants, "to avoid [Part 214's] stringent leasing requirements by pointing to the Nation's own conduct would frustrate federal Indian land policy." Dkt. 207 at 7-8. Defendants further object that the Interrogatory is not bound temporally, making it overly broad and unduly burdensome. Finally, the Interrogatory seeks irrelevant information pursuant to the law of the case, as established by the Tenth Circuit. Defendants persist in demanding overly broad information concerning "minerals mined and sold," ignoring the Circuit Court holding that the Osage Act did not require that minerals be marketed or sold to trigger the definition of mining and the leasing requirements of Part 214. Appellate Decision, Dkt. 78 at 19-21.

**Interrogatory No. 19:** Identify all proposed mineral leases under 25 C.F.R. Part 214 the Bureau of Indian Affairs has approved the lease terms defining compensation for the OMC were not based on the value or volume of minerals mined and sold.

**Response to Interrogatory No. 19**: Plaintiff objects to Interrogatory No. 19 as it is vague and ambiguous. In fact, the Interrogatory is incoherent, incomprehensible, and fails to make a complete thought. Plaintiff further objects to Interrogatory No. 19 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 19 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). To

the extent the Interrogatory appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests Nos. 7 & 8. As Defendants well know, the Court has ruled that permitting parties, such as Defendants, "to avoid [Part 214's] stringent leasing requirements by pointing to the Nation's own conduct would frustrate federal Indian land policy." Dkt. 207 at 7-8. Defendants further object that the Interrogatory is not bound temporally, making it overly broad and unduly burdensome. Finally, the Interrogatory seeks irrelevant information pursuant to the law of the case, as established by the Tenth Circuit. Defendants persist in demanding overly broad information concerning "minerals mined and sold," ignoring the Circuit Court holding that the Osage Act did not require that minerals be marketed or sold to trigger the definition of mining and the leasing requirements of Part 214. Appellate Decision, Dkt. 78 at 19-21.

**Interrogatory No. 20:** Identify all proposed or approved mineral leases under 25 C.F.R. Part 214 the Bureau of Indian Affairs has received from the OMC for approval when the mineral lease contained terms defining compensation for the OMC identical or substantially similar to the compensation terms of any surface leases issued to the same lease applicant for the same geographic area.

**Response to Interrogatory No. 20**: Plaintiff objects to Interrogatory No. 20 as it is vague and ambiguous. The Interrogatory apparently pre-supposes the Plaintiff's familiarity with surface leases throughout Osage County. Plaintiff further objects to

Interrogatory No. 20 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Interrogatory 20 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). To the extent the Interrogatory appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests Nos. 7 & 8.

**Interrogatory No. 21:** Identify all communications whether oral or via any document between the United States Attorney's Office for the Northern District of Oklahoma and/or the Bureau of Indian Affairs, on the one hand, and the OMC or the Osage Nation, on the other, between September 30, 2015 and November 30, 2015 regarding the decision by plaintiff the United States not to appeal the Opinion and Order and Judgment entered September 30, 2015 (Dkt. # 44 and 45).

**Response to Interrogatory No. 21**: Plaintiff objects to the Interrogatory based on privileged communication regarding a joint interest in litigation. Further, the Interrogatory is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further, Interrogatory 20 is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Finally, this request, like many of the items included in this latest round of unduly burdensome and harassing discovery is duplicative of earlier discovery propounded on the United States months ago. *See*

11

Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Requests 13; Plaintiff United States of America's Second Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production and Second Supplemental Responses to Defendant, Osage Wind, LLC's Second Requests for Production at Interrogatories No. 5, 6 & 7, Requests 4, 5 6, and 15. The United States strenuously objects to Defendants' repeated, vexatious and harassing technique of allowing issues to become stale, only to attempt to revive the issue after many months have passed. Defendants did so by seeking untimely consideration of the Court's Opinions and Orders of January 11, 2021 (Dkt. 207) and May 21, 2021 (Dkt. 226). Now, Defendants are re-asking questions previously asked and responded to by the United States more than a year ago. Defendants repeated pattern of failing to timely raise discovery disputes, only to cause a vexatious re-visit to issues long settled is not unnoticed.

**Interrogatory No. 22:** Identify all proposed mineral leases under 25 C.F.R. Part 214 the Bureau of Indian Affairs has received from the OMC for approval when the mineral lease contained terms in which the lease required "as built" drawings or specifications for any work performed in removal of minerals under the lease.

**Response to Interrogatory No. 22**: Plaintiff objects to Interrogatory No. 22 as it is overly broad, with no temporal limit, whatsoever. Plaintiff further objects to Interrogatory No. 22 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer

Interrogatory 22 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). To the extent the Interrogatory appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8 and Request Nos. 7 & 8.

**Interrogatory No. 23:** Identify all leases from 2000 to present issued pursuant to 25 C.F.R. Part 214 for excavation related to a construction of a building or any other type of construction project approved by the Bureau of Indian Affairs in which minerals excavated were not sold or moved to locations other than the site of the original excavation.

**Response to Interrogatory No. 23**: Plaintiff objects to Interrogatory No. 23 as it is vague and ambiguous, apparently relating to "any other type of construction project" for a period of 21 years. Further, as Defendant well knows, the question has been asked before and met with a detailed objection. *See* Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 9. (As Defendants insist on regurgitating Interrogatories and Requests, the United States incorporates the objections and responses made to the earlier, substantially similar discovery.) "[C]onstruction projects" are not and have not been at issue in this case. Despite Defendants' best efforts to ignore the ruling in this matter from the Tenth Circuit, the

13

law of the case is settled. Surface construction activities were differentiated by the Tenth Circuit, which expressly found that those activities don't "trigger" the definition of mining under the regulations. Dkt. 78 at 25. The interrogatory is also objectionable because it requires no nexus to the United States whatsoever. It does not seek information that would be in the custody of the United States and, in fact, Plaintiff maintains no system of records of "construction projects" in Osage County. Finally, the Interrogatory seeks irrelevant information pursuant to the law of the case, as established by the Tenth Circuit. Defendants persist in demanding overly broad information concerning "minerals mined and sold," ignoring the Circuit Court holding that the Osage Act did not require that minerals be marketed or sold to trigger the definition of mining and the leasing requirements of Part 214. Appellate Decision, Dkt. 78 at 19-21. To the extent the Interrogatory appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8 and Request Nos. 7 & 8.

**Interrogatory No. 24:** Identify, including by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for excavation related to a road or building construction project, from 2011 to the present, in which minerals excavated were not sold or moved to locations other than the site of the original excavation.

**Response to Interrogatory No. 24**:  Plaintiff further objects to Interrogatory No. 24

14

as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The law of the case in this matter is clear – Defendants were required to obtain a lease but failed to do so. "[C]onstruction project[s]" and "road" "construction" are not and have not been at issue in this case. Despite Defendants' best efforts to ignore the ruling in this matter from the Tenth Circuit, the law of the case is settled. Surface construction activities were differentiated by the Tenth Circuit, which expressly found that those activities don't "trigger" the definition of mining under the regulations. Dkt. 78 at 25. Plaintiff maintains no system of records of "construction projects" in Osage County. Interrogatory No. 24 seeks irrelevant information pursuant to the law of the case, as established by the Tenth Circuit. Defendants persist in demanding overly broad information concerning minerals "sold" or "not sold," ignoring the Circuit Court holding that the Osage Act did not require that minerals be marketed or sold to trigger the definition of mining and the leasing requirements of Part 214. Appellate Decision, Dkt. 78 at 19-21. Plaintiff further objects to and does not answer Interrogatory 24 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. No. 210) and May 21, 2021 (Dkt. 226). To the extent the Interrogatory appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Interrogatory No. 25:** Identify any costs or non-monetary hardships known or anticipated to be incurred or sustained by you if a permanent injunction, including the remedy of ejectment, is not issued against Defendants in this litigation, including any costs or non-monetary hardships you may present to the Court in its duty to balance the equities between the parties.

**Response to Interrogatory No. 25**: Plaintiff objects to Interrogatory No. 25 as it is vague, ambiguous, and calls for speculation. The Interrogatory requests identification of known "hardships" and includes even "hardships" "anticipated" by the United States. Plaintiff further objects to Interrogatory No. 25 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff rejects the suggestion or argument that the Court is under any "duty to balance the equities between the parties" with respect to the full measure of relief that may be awarded Plaintiff based upon Plaintiff's legal arguments in this case. To the extent the Interrogatory requests attorney work-product or imposes a duty to reveal litigative strategy or brief subjects before dispositive briefs are yet due, the Interrogatory is improper.

<div align="center">

**Requests for Production**

</div>

**Request for Production No. 4:** Produce all documents referred to, relied upon to respond to, or which evidence demands made as referred to in Your response to Interrogatory No. 11 served herewith.

**Response to Request No. 4**: Please see the response to Interrogatory No. 11, which

<div align="center">16</div>

is incorporated here.

**Request for Production No. 5:** Produce all documents referred to, relied upon to respond to, or which evidence demands made as referred to in Your response to Interrogatory No.12 served herewith.

**Response to Request No. 5**: Please see the response to Interrogatory No. 12, which is incorporated here.

**Request for Production No. 6:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No.13 served herewith.

**Response to Request No. 6**: Please see the response to Interrogatory No. 13, which is incorporated here.

**Request for Production No. 7:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 14 served herewith.

**Response to Request No. 7**: Please see the response to Interrogatory No. 14, incorporated here. Without waiving these objections, Plaintiff produces the attached documents marked USA000106 to USA000174.

**Request for Production No. 8:** Produce all documents referred to, relied upon to respond to, or which evidence the amounts set forth in Your response to Interrogatory No. 15 served herewith.

**Response to Request No. 8**: Please see the response to Interrogatory No. 15, which

is incorporated here.

**Request for Production No. 9:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 16 served herewith.

**Response to Request No. 9**: Please see the response to Interrogatory No. 16, which is incorporated here. Without waiving these objections, Plaintiff produces the attached documents marked USA000106 to USA000174.

**Request for Production No. 10:** Produce all documents referred to, relied upon, or which evidence the amounts set forth in Your response to Interrogatory No. 17 served herewith.

**Response to Request No. 10**: Please see the response to Interrogatory No. 17, which is incorporated here.

**Request for Production No. 11:** Produce all documents referred to or relied upon in responding to Interrogatory No. 18 served herewith.

**Response to Request No. 11**: Please see the response to Interrogatory No. 18, which is incorporated here.

**Request for Production No. 12:** Produce all documents referred to or relied upon in responding to Interrogatory No. 19 served herewith.

**Response to Request No. 12**: Please see the response to Interrogatory No. 19, which is incorporated here. To the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's

Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Request for Production No. 13:** Produce all documents referred to or relied upon in responding to Interrogatory No. 20 served herewith.

**Response to Request No. 13**: Please see he response to Interrogatory No. 20, which is incorporated here.

**Request for Production No. 14:** Produce all documents referred to or relied upon in responding to Interrogatory No. 21 served herewith.

**Response to Request No. 14**: Please see the response to Interrogatory No. 21, which is incorporated here.

**Request for Production No. 15:** Produce all documents referred to or relied upon in responding to Interrogatory No. 22 served herewith.

**Response to Request No. 15**: Please see the response to Interrogatory No. 22, which is incorporated here. To the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests No. 7 & 8.

**Request for Production No. 16:** Produce all documents referred to or relied upon in responding to Interrogatory No. 23 served herewith.

**Response to Request No. 16**: Please see the response to Interrogatory No. 23, which is incorporated here. To the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests 7 & 8.

**Request for Production No. 17:** Produce all documents referred to or relied upon in responding to Interrogatory No. 24 served herewith.

**Response to Request No. 17**: Please see the response to Interrogatory No. 24, which is incorporated here. To the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests 7 & 8.

**Request for Production No. 18:** Produce all documents referred to or relied upon in responding to Interrogatory No. 25 served herewith.

**Response to Request No. 18**: Please see the response to Interrogatory No. 25, which is incorporated here.

**Request for Production No. 19:** Produce, or identify by bates numbers if already produced, all documents identified as an exhibit by any party or produced in discovery by any party that You believe tend to establish Defendants, or any of them or any individual acting on behalf of any Defendant, acted in bad faith by conducting excavation, crushing, and reuse of the subsurface in the construction of the Project.

**Response to Request No. 19**: Plaintiff objects to Request for Production No. 19 as it is vague and ambiguous. The United States further objects to the request as calling for attorney work product and the impressions and mental analysis of Plaintiff's counsel. The request pre-supposes that all parties have a fantastically large set of documents that have been produced in this case and asks the United States' counsel to identify those which "tend to establish" the bad faith of Defendants. Those documents are already available to all parties and the United States need not reveal counsel's analysis of documents. Further, discovery is ongoing, and as Defendants are aware, a joint motion by Plaintiff and Intervenor Plaintiff is pending, seeking to complete the necessary discovery via depositions, Defendants have been stonewalling for nearly two months. Plaintiff responds that it has not had sufficient opportunity to review the documents produced in discovery, the documents yet to be produced in discovery, the transcripts of depositions thus far held, or the transcripts of depositions yet to be held, to determine every documents that will demonstrate that Defendants, or any of them or any individual action on behalf of Defendants, acted in bad faith and were, by no means, an innocent trespasser.

**Request for Production No. 20:** Produce, or identify by bates numbers if already produced, all applications for any type of lease or permit from the OMC that you were required to deny based on the existence of the Project, from 2011 to the present.

**Response to Request No. 20**: Please see the response to Interrogatory No. 17, which is incorporated here. Plaintiff objects to Request for Production No. 20 as it is vague and ambiguous. Specifically, the phrase "you were required to deny based on the

existence of the Project" is incomprehensible as drafted as it seems to be contingent upon other information unknown to Plaintiff, as it would be forced to guess at what the drafters intended. Plaintiff further objects to Request for Production No. 20 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to and does not answer Request for Production No. 20 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 11, 2021 (Dkt. 207), January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226).

**Request for Production No. 21:** Produce, or identify by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for a wind, solar, battery, or other renewable energy project, from 2011 to the present.

**Response to Request No. 21**: Plaintiff objects to Request for Production No. 21 as it is vague and ambiguous. Plaintiff further objects to Request for Production No. 21 as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as it seeks information for "solar, battery, or other renewable energy project[s]". Plaintiff further objects to and does not answer Request for Production No. 21 on the grounds that it is specifically barred by the Court's Opinions and Orders of January 16, 2021 (Dkt. 210) and May 21, 2021 (Dkt. 226). Without waiving the above objections, to the extent the Request appears to be seeking information related to leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First

Set of Interrogatories and Requests for Production at Interrogatory No. 8, Requests 7 & 8.

**Request for Production No. 22:** Produce, or identify by bates numbers if already produced, all inquiries, correspondence, requests, or applications you have received for a lease under 25 C.F.R. Part 214 for excavation related to a road or building construction project, from 2011 to the present.

**Response to Request No. 22**: Please see the responses to Interrogatories 23 and 24, which are incorporated here. Without waiving the above objections, to the extent the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Request for Production No. 23:** Produce, or identify by bates numbers if already produced, all leases the Bureau of Indian Affairs has received from the OMC for approval when the mineral lease contained terms defining compensation for the OMC identical or substantially similar to the compensation terms of any surface leases issued to the same lease applicant for the same geographic area.

**Response to Request No. 23**: Please see the response to Interrogatory No. 20, which is incorporated here. Without waiving any objections, Plaintiff notes that the process for the settlement and payment of surface damage claims related to leases approved pursuant to 25 C.F.R. § 214 is governed by 25 C.F.R. § 214.14(a)-(b). To the extent

23

the Request appears to be seeking approved leases under 25 C.F.R. § 214, please refer to Plaintiff United States of America's Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Interrogatory No. 8, Request Nos. 7 & 8.

**Request for Production No. 24:** Produce, or identify by bates numbers if already produced, all correspondence between the United States Attorney's Office for the Northern District of Oklahoma and/or the Bureau of Indian Affairs, on the one hand, and the OMC or the Osage Nation, on the other, between September 30, 2015 and November 30, 2015 regarding the decision by plaintiff the United States not to appeal the Opinion and Order and Judgment entered September 30, 2015 (Dkt. # 44 and 45).

**Response to Request No. 24**: Please see the response to Interrogatory No. 21, which is incorporated here. This request, like many of the items included in this latest round of unduly burdensome and harassing discovery, is duplicative of earlier discovery propounded on the United States months ago. *See* Plaintiff United States of America's Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production at Requests 13; Plaintiff United States of America's Second Supplemental Responses to Defendant, Osage Wind, LLC's First Set of Interrogatories and Requests for Production and Second Supplemental Responses to Defendant, Osage Wind, LLC's Second Requests for Production at Interrogatories No. 5, 6 & 7, Requests 4, 5 6, and 15. The United States strenuously objects to the Defendants' repeated, vexatious and harassing technique of allowing issues to

become stale, only to attempt to revive the issue after many months have passed.

Defendants did so with respect to court's Opinions and Orders of January 16, 2021

(Dkt. 210) and May 21, 2021 (Dkt. 226). Defendants are re-asking questions

previously responded to, in an apparent attempt to create or revive a very stale

discovery dispute.

<div style="margin-left: 40%;">

Respectfully submitted,

UNITED STATES OF AMERICA
Clinton J. Johnson
Acting United States Attorney

s/Cathryn D. McClanahan
Cathryn D. McClanahan, OBA No. 14853
Nolan M. Fields IV, OBA No. 31550
Assistant United States Attorneys
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
T: 918-382-2700
cathy.mcclanahan@usdoj.gov
nolan.fields@usdoj.gov

Stuart P. Ashworth, OBA No. 31468
Special Assistant United States Attorney
U.S. Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor's Office
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
T: 918-669-7905
F: 918-669-7738
stuart.ashworth@sol.doi.gov
*Attorneys for the United States of America*

</div>

Of Counsel:
Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor's Office
7906 East 33rd Street
Tulsa, Oklahoma 74145
T: 918-669-7902
charles.babst@sol.doi.gov

## Certificate of Electronic Transmission

I hereby certify that on July 21, 2021, I e-mailed the foregoing to:

Ryan A Ray
Rray@NWLawOK.com

Sarah Stevenson
Lynn Slade
Dominic Adam Martinez
sms@modrall.com
lynn.slade@modrall.com
dam@modrall.com

Robert D Comer
Robert M. Kirby
Thomas J. McCormack
Robin D. Ball
bob.comer@nortonrosefulbright.com
robert.kirby@nortonrosefulbright.com
thomas.mccormack@nortonrosefulbright.com
robin.ball@nortonrosefulbright.com
*Counsel for Defendants*

Mary Kathryn Nagle
Wilson Pipestem
Abi Fain
mknagle@pipestemlaw.com
wkpipestem@pipestemlaw.com
afain@pipestemlaw.com
*Counsel for Intervenor-Plaintiff*

s/Chris Watson
Chris Watson
Paralegal Specialist