# EXHIBIT F

```
 1        IN THE UNITED STATES DISTRICT COURT FOR THE
                  NORTHERN DISTRICT OF OKLAHOMA
 2
      UNITED STATES OF AMERICA,
 3
           Plaintiff,
 4
      and                              Case No. 14-CV-704-GFK-JFJ
 5
      OSAGE MINERALS COUNCIL,
 6
           Intervenor-Plaintiff,
 7
      vs.
 8
      OSAGE WIND, LLC;
 9    ENEL KANSAS, LLC; and
      ENEL GREEN POWER NORTH
10    AMERICA, INC.,

11         Defendants.

12

13

14

15       VIDEO ZOOM DEPOSITION OF MICHAEL STORCH

16     TAKEN ON BEHALF OF THE INTERVENOR-PLAINTIFF

17       ON JUNE 28, 2021, BEGINNING AT 9:06 A.M.

18

19

20

21

22

23

24    VIDEOTAPED BY:  Stesha Snow

25    REPORTED BY:  D. Luke Epps, CSR, RPR
```

Page 2

APPEARANCES

On behalf of the PLAINTIFF:

Mr. Nolan Fields, Esq.
Ms. Cathryn D. McClanahan, Esq.
UNITED STATES ATTORNEY'S OFFICE
Northern District of Oklahoma
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700
nolan.fields@usdoj.gov

Christina Watson, Paralegal
Michelle Hammock, Paralegal

Mr. Charles R. Babst, Esq.
TULSA FIELD SOLICITOR'S OFFICE
U.S. DEPARTMENT OF THE INTERIOR
7096 East 33rd Street
Tulsa, Oklahoma 74145
(918) 669-7902

On behalf of the INTERVENOR-PLAINTIFF:

Ms. Mary Kathryn Nagle, Esq.
Mr. Ridge Howell, Esq.
PIPESTEM & NAGLE
401 South Boston Avenue, Suite 2200
Tulsa, Oklahoma 74103
(918) 936-4705
mknagle@pipestemlaw.com

On behalf of the DEFENDANTS:

Ms. Sarah M. Stevenson, Esq.
Mr. Lynn H. Slade, Esq.
MODRALL, SPERLING, ROEHL, HARRIS & SISK
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103
(505) 848-1800
sarah.stevenson@modrall.com
lynn.slade@modrall.com

Page 3

APPEARANCES (Cont'd)

On behalf of the DEFENDANTS:

Mr. Bob Comer, Esq.
NORTON ROSE FULBRIGHT
1225 Seventeenth Street, Suite 3050
Denver, Colorado 80202
(303) 801-2728
bob.comer@nortonrosefulbright.com

Ms. Megan Beauregard, Esq.
Associate General Counsel
ENEL GREEN POWER NORTH AMERICA, INC.
100 Brickstone Square, Suite 300
Andover, Massachusetts 01810
megan.beauregard@enel.com

Mr. Ryan A. Ray, Esq.
NORMAN WOHLGEMUTH
401 South Boston Avenue, Suite 3200
Tulsa, Oklahoma 74103
(918) 583-7571
rray@nwlawok.com

Page 4

INDEX

| | Page |
|---|---|
| Examination by Ms. Nagle | 11 |
| Examination by Mr. Fields | 142 |
| Examination by Ms. Nagle | 230 |

EXHIBITS

| Exhibit | Description | Page |
|---|---|---|
| 36 | 10/31/12 Modrall Sperling Memorandum to Bill Scott Re: Rights of Surface Owners to Use Oil - Osage Wind Priv-000414 - 000420 (Previously marked) | 95 |
| 38 | 10/9/14 Email from Robin Phillips to Francesco Venturini - Osage Wind Priv-000243 (Previously marked) | 90 |
| 60 | Defendants' Response to Plaintiff's Motion for Preliminary Injunction - Exhibit 1 (Previously marked) | 144 |
| 78 | Membership Interest Purchase Agreement - Osage Wind-021248 - 021320 | 30 |
| 79 | Membership Interest Purchase Agreement Between Enel Kansas, LLC, and TradeWind Energy, Inc., Dated as of September 17, 2014 - Execution Version - Osage Wind-021119 - 021222 | 54 |
| 80 | Amended and Restated Osage Project Loan Agreement - Enel Draft of 4/8/14 - Osage Wind-014724 - 014735 | 72 |
| 81 | Defendants' Response to Plaintiff's Motion for Preliminary Injunction - Exhibit 4 | 119 |

Page 5

EXHIBITS (Continued)

| Exhibit | Description | Page |
|---|---|---|
| 82 | 11/4/14 Email Chain Between Joan Heredia, Mike Storch and Others - Subject: Burbank Materials Rock Quarry - Osage Wind-040087 - 040091 | 133 |
| 83 | Defendants' Response to Plaintiff's Motion for Preliminary Injunction - Exhibit 1 | 155 |
| 84 | 10/16/14 Email from Nick Lincon to David Post - Subject: Osage BIA Discussion Attorney Client Privilege - Osage Wind-000114 -000115 | 198 |
| 85 | 10/16/14 Email from David Post to Francesco Venturini - Subject: Client - Attorney Privilege: Osage - Osage Wind Priv-000112 - 000113 | 205 |
| 86 | 10/17/14 Email from David Post to Joan Heredia - Subject: Osage Wind Construction Activity - Osage Wind-040096 - 040098 | 209 |
| 87 | 10/21/14 Email from Steve Champagne to Giulio Fazio - Subject: TradeWind/Osage Nation Wind Project/85910-0001 - Osage Wind-040106 - 040107 | 212 |
| 88 | 10/23/14 Email from Steve Champagne to Mike Storch - Subject: Summary of Osage Call Today - Osage Wind-040104 - 040105 | 217 |

Page 130

1  MS. STEVENSON: Object to the form.
2  THE WITNESS: But I -- I have no idea.
3  Q  (BY MS. NAGLE) Okay. All right. So do
4  you know who would know why Rosette was taken out of
5  the memo? Is there someone who you think would have
6  the answer to that question?
7  A  I'm going to take a wild guess and suggest
8  the author, but that's just a guess.
9  Q  And so that would be either Lynn Slade or
10  Bill Scott; is that correct?
11  A  They're the names on the memo, so, yes.
12  Q  Okay. Do you know of any other names of
13  individuals who would have worked on this memo
14  besides Bill Scott or Lynn Slade?
15  A  Again, that's internal to the firm, so
16  I -- I have no idea.
17  Q  Okay. All right. So if we go to page 5,
18  Exhibit 81 -- let me see here. And so I'm looking
19  at this language right here. It says, "The
20  reservation of the mineral rights reserved under the
21  SH" -- sorry, "SRHA is similar to that of the Osage
22  Allotment Act, although the contemplated surface
23  uses under the SRHA are perhaps narrower than the
24  general grant of surface rights for patentees under
25  the Osage Allotment Act." What is your

Page 131

1  understanding of the significance of that sentence
2  here in this memo?
3  A  Well, it suggests that the Osage Allotment
4  Act is broader in terms of the ability of the
5  surface rights to be used by the holders of the
6  surface rights, if I'm reading that correctly, and
7  that the other act refers to something that is more
8  restrictive or narrower in terms of what is
9  contemplated.
10  Q  Uh-huh. I will note that in the prior
11  version of the memo -- my apologies. Let me turn
12  that off. Let's see if we can find it here. Now,
13  I'm going to have to actually remember exactly where
14  it's at. Okay. Here we go. The bottom of page 4,
15  for Exhibit 36, it states, "The mineral rights
16  reserved under the Stock-Raising Homestead Act are
17  done so in language similar to that of the Osage
18  Allotment Act." I don't see any language here about
19  one being narrower than the other. It appears that,
20  in Exhibit 81, this language, you know, "although
21  the contemplated surface uses under the SRHA are
22  perhaps narrower than the general grant," do you
23  know when, in the performance of the legal analysis,
24  the determination was made in terms of which of the
25  two statutes were narrower than the other?

Page 132

1  A  I don't know how many times I'll need to
2  say this during this conversation, but I had nothing
3  to do with the drafting of this memo, provided no
4  input, saw no drafts, made no comparison between the
5  previous one and this one. I simply confirmed that
6  the conclusions reached were comforting and a basis
7  for us to feel very comfortable in continuing to
8  move the project forward.
9  Q  Okay.
10  A  The comparison, it's not that it means
11  nothing, but it doesn't mean anything to me, you
12  know, in the context of the decision process around
13  the project and moving it forward.
14  Q  Uh-huh. Did you -- was there ever a point
15  in time, at any point in this process, when you
16  personally believed that perhaps a permit might be
17  required or you weren't sure whether a permit from
18  the Osage Nation would be required?
19  A  No. I mean, you know, when I first became
20  aware of this, we had the benefit of the 2013, you
21  know, memo, so there was no reason to be anything
22  other than 100 percent confident because, again, it
23  wasn't written in a way that was more likely than
24  not or some wishy-washy kind of language. It was
25  quite conclusive.

Page 133

1  Q  Uh-huh.
2  A  The only time doubts arose would have been
3  in -- when the decision was made suggesting
4  otherwise back in 2017.
5  Q  Okay. So let's -- I'd like to show
6  another exhibit, and let me just pull that up. And
7  so this is going to be, I believe, Exhibit 82, and I
8  will show it here in just a moment. This is a
9  document Bates stamped Osage Wind-040087, and it
10  looks like this top email here is from you to Joan
11  Heredia and quite a few folks, from November 4th,
12  2014. Does this email exchange look familiar to
13  you?
14  (Exhibit 82 marked for identification.)
15  A  I'm sorry. Repeat that.
16  Q  So I was just asking if this email
17  exchange looks familiar to you.
18  A  Yeah. I vaguely remember it.
19  Q  Okay. So -- let me see. If we go down to
20  the very bottom of this email exchange, it's quite a
21  long one, it sort of concludes here on Bates stamp
22  040091, really quick, who is Jack -- I don't know if
23  I'm going to pronounce this correct, Thirolf?
24  A  Jack. Yeah. He's, you know, part of our
25  communication team. At this time he may have