# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and | ) | |
| THE OSAGE MINERALS COUNCIL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-704-GKF-JFJ |
| | ) | |
| OSAGE WIND, LLC; | ) | |
| ENEL KANSAS, LLC; and | ) | |
| ENEL GREEN POWER NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL THE UNITED STATES OF AMERICA AND THE OSAGE MINERALS COUNCIL TO DESIGNATE PERSONS TO TESTIFY PURSUANT TO RULE 30(B)(6)

Ryan A. Ray, OBA #22281
NORMAN WOHLGEMUTH, LLP
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

Lynn H. Slade, *pro hac vice*
Sarah M. Stevenson, *pro hac vice*
Dominic A. Martinez, *pro hac vice*
MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

Thomas J. McCormack, *pro hac vice*
Robert Kirby, *pro hac vice*
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
Robin D. Ball (Los Angeles Office), *pro hac vice*
Robert D. Comer (Denver Office), *pro hac vice*
NORTON ROSE FULBRIGHT US LLP

**ATTORNEYS FOR DEFENDANTS, OSAGE WIND, LLC, ENEL KANSAS, LLC AND ENEL GREEN POWER NORTH AMERICA, INC.**

**Dated: August 30, 2021**

# TABLE OF CONTENTS

Background And Procedural Issues in this Case ............................................................2

Disputed Discovery Issues ...........................................................................................3

Certification of Conference ..........................................................................................7

Argument and Authorities .............................................................................................8

    I.   Because Plaintiffs Have Not Moved For A Protective Order, Their Attempts to Limit 30(b)(6) Testimony Are Procedurally Improper ........................................ 8

    II.  Even If The Court Overlooks Plaintiffs' Procedural Infirmities, Defendants' Rule 30(b)(6) Notices  Describe the Matters for Examination with Reasonable Particularity ........................................................................................................ 9

    III. Plaintiffs' Specific Objections Fail, Including Those On The Grounds Of Relevance ....................................................................................................... 11

        i.    Topic 1:  (Publicly Available Information Regarding 25 C.F.R. Part 214 Leases) ................................................................................................... 13

        ii.   Topics 6 and 7 (Remedies and Damages for violations of 25 C.F.R. Part 214 Leases) ................................................................................................... 15

Conclusion and Requested Relief ................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beach Mart, Inc. v. L & L Wings, Inc.*,
  302 F.R.D. 396 (E.D.N.C. 2014) ............................................................9

*Bristow First Assembly of God v. BP p.l.c.*,
  No. 15-CV-523-TCK-FHM, 2019 WL 5783729 (N.D. Okla. Nov. 6, 2019).....................5, 15

*Burke v. Glanz*,
  No. 11-CV-720-JED-PJC, 2013 WL 4521172 (N.D. Okla. Aug. 26, 2013) .....................4, 11

*Cohen-Esrey Real Estate Services, Inc. v. Twin City Fire Insurance Co.*,
  No. CIVA 08-2527-KHV-DJW, 2009 WL 4571845 (D. Kan. Dec. 3, 2009) .........................12

*Cohlmia v. Ardent Health Services, LLC*,
  No. 05-CV-384-GKF-PJC, 2008 WL 4925764 (N.D. Okla. Nov. 14, 2008) .........................12

*Crawford v. George & Lynch, Inc.*,
  19 F. Supp. 3d 546 (D. Del. 2013)...........................................................12

*Crocs, Inc. v. Effervescent, Inc.*,
  No. 06-CV-00605-PAB-KMT, 2017 WL 1325344 (D. Colo. Jan. 3, 2017) ..........................11

*Davilla v. Enable Midstream Partners, L.P.*,
  913 F.3d at 974 (10th Cir. 2017)...............................................3, 16, 17

*Doe v. Trump*,
  329 F.R.D. 262 (W.D. Wash. 2018) ......................................................10

*E.E.O.C. v. Thorman & Wright Corp.*,
  243 F.R.D. 421 (D. Kan. 2007)...........................................................11

*In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust
  Litigation*,
  No. 17-MD-2785-DDC-TJJ, 2018 WL 6025607 (D. Kan. Nov. 16, 2018)............................18

*Epsy v. Mformation Techsnologies Inc.*,
  No. 08–2211–EFM–DWB, 2010 WL 1488555 ................................................8, 11

*Heartland Surgical Specialty Hospital, LLC v. Midwest Div., Inc.*,
  No. 05-2164-MLB-DWB, 2007 WL 1054279 (D. Kan. Apr. 9, 2007) ............................10, 15

*International Brotherhood. of Teamsters, Airline Division v. Frontier Airlines,
  Inc.*,
  No. 11-CV-02007-MSK-KLM, 2013 WL 627149 (D. Colo. Feb. 19, 2013*),
  order amended on reconsideration*, No. 11-CV-02007-MSK-KLM, 2013 WL
  12246941 (D. Colo. Sept. 12, 2013) ....................................................8, 9

*New England Carpenters Health Benefits Fund v. First DataBank, Inc.*,
  242 F.R.D. 164 (D. Mass. 2007)......................................................................9

*Payless Shoesource Worldwide, Inc. v. Target Corp.*,
  No. CIV A 05-4023-JAR, 2007 WL 1959194 (D. Kan. June 29, 2007) .................12

*Prasad v. George Washington University*,
  325 F.R.D. 1 (D.D.C. 2018)............................................................................12

*Reibert v. CSAA Fire & Casualty Insurance Co.*,
  No. 17-CV-350-CVE-JFJ, 2018 WL 279348 (N.D. Okla. Jan. 3, 2018).........12, 15

*Schneider v. CitiMortgage, Inc.*,
  No. 13-4094, 2016 WL 362488 (D. Kan. Jan. 28, 2016)......................................4

*Starlight International Inc. v. Herlihy*,
  186 F.R.D. 626 (D. Kan. 1999).....................................................................8, 9

*U.S. Fire Insurance Co. v. Bunge North America, Inc.*,
  No. 05-2192-JWL-DJW, 2007 WL 1531846 (D. Kan. May 25, 2007) *aff'd*,
  244 F.R.D. 638 (D. Kan. 2007)......................................................................14

*United Consumers Club, Inc. v. Prime Time Marketing Management Inc.*,
  271 F.R.D. 487 (N.D. Ind. 2010) ....................................................................9

*United States v. Osage Wind, LLC*,
  871 F.3d 1078 (10th Cir. 2017) .....................................................................13

**Rules and Statutes**

Fed. R. Civ. P. 26(b)(1).................................................................................12

Fed. R. Civ. P. 26(c) .....................................................................................9

Fed. R. Civ. P. 30(b)(6).............................................................1, 4, 8, 9, 11, 17

Fed. R. Civ. P. 37(a)(1)..................................................................................7

Fed. R. Civ. P. 37(a)(3)(B)(ii)..........................................................................1

**Other Authorities**

25 C.F.R. § 211 ...........................................................................................14

25 C.F.R. § 214 ...............................................................................1, 2, 13, 14

In accordance with Fed. R. Civ. P. 37(a)(3)(B)(ii) and LCvR 37.1, Defendants, Osage Wind, LLC, Enel Kansas, LLC, and Enel Green Power North America, Inc. (collectively "Defendants" or "Osage Wind") respectfully request that the Court enter an order compelling Plaintiff, the United States of America ("United States"), as well as the Intervenor-Plaintiff, the Osage Minerals Council ("OMC") (collectively, "Plaintiffs"), to designate persons to testify on their behalf pursuant to Rule 30(b)(6) regarding the matters set forth in Topics 1, 6, and 7 (the "Topics")[1] in Defendants' Notices of Rule 30(b)(6) Deposition, attached hereto as Exhibit A (notice to the United States) and Exhibit B (notice to the OMC).

The Topics inquire about matters key to issues that remain to be resolved:  Plaintiffs' claim that Defendants' "should have known" they were required to obtain a mining lease under 25 C.F.R. Part 214 for the Osage Wind wind energy project, and the issues of damages and equitable relief. Specifically, Defendants seek discovery concerning what information was publicly available regarding 25 C.F.R. Part 214 leases, and about the remedies—both at law and in equity—sought or obtained by the Plaintiffs in other situations where a person or entity should have obtained a lease under 25 C.F.R. Part 214 but did not do so.  The Topics are equally germane to both Plaintiffs, given that they assert common claims and legal positions and the United States functions as the trustee for the Osage Mineral Estate.  Plaintiffs, however, have issued blanket refusals to supply witnesses regarding the Topics.

As a preliminary matter, by failing to move for a protective order, the United States and the OMC have both failed to comply with the proper procedure to object to a 30(b)(6) notice.  And

---

[1] The Defendants' Notices of Rule 30(b)(6) Deposition contain other topics and subject matters not brought in this motion for which Plaintiffs have refused to designate a witness or for which they have refused to supply a properly prepared witness.  Defendants reserve all rights with regard to these other topics.

even so, their objections are based principally upon an unfounded effort to stretch the Court's prior orders beyond any reasonable bounds and thereby foreclose critical discovery into issues that plainly remain at issue in this litigation, including as to the availability and appropriateness of the ejectment and damage remedies sought by Plaintiffs.  Further, both the United States and the OMC adopt an understanding of relevance that contravenes not only the Federal Rules, but common sense.  For example, Plaintiffs contend that how the OMC or the United States Department of the Interior, Bureau of Indian Affairs ("BIA") addressed other instances where a person or entity engaged in mining without a lease required under 25 C.F.R. Part 214 is "wholly irrelevant" to determining the remedy in this case.  Finally, it is entirely appropriate that Defendants seek testimony from both Plaintiffs regarding the same Topics and that unremarkable fact does not, as Plaintiffs assert, render the notices lacking in reasonable particularity.  The Topics identify the subject matters of the testimony sought both from the United States and the OMC, which is all that is required by Rule 30(b)(6).  Plaintiffs' remaining objections regarding burden and privilege fare no better and do not justify their refusal to produce witnesses on these important topics.

### BACKGROUND AND PROCEDURAL ISSUES IN THIS CASE

Defendants adopt and incorporate herein the "Background" section, and any accompanying exhibits, of Defendant Osage Wind, LLC's First Motion to Compel the United States, Dkt. # 177 (Aug. 12, 2020); Defendants' First Motion to Compel Against the Osage Minerals Council, Dkt. # 179 (Aug. 18, 2020); paragraphs 14 through 30 of the "Procedural Issues in this Case" section, and any accompanying exhibits, of Defendant Osage Wind, LLC's First Motion to Compel the United States, Dkt. # 177 (Aug. 12, 2020); and paragraphs 1 through 15 of Defendants Osage Wind, LLC's and Enel Kansas LLC's Second Motion to Compel Against the Osage Minerals Council, Dkt. # 261 (Aug. 19, 2021).

1.      Defendants filed their Second Motion to Compel Against the United States, Dkt. # 261, and their Second Motion to Compel Against the Osage Minerals Council, Dkt. # 262, to compel responses to certain interrogatories and requests for production pertaining to Defendants' consideration of, issuance of, and royalty income received from leases on August 19, 2021.

2.      Also on August 19, 2021, Defendants filed their Third Motion to Compel Against the Osage Minerals Council, seeking to compel testimony from OMC Chairman Everett Waller who was instructed not to answer deposition questions on improper grounds.  Dkt. # 263.

3.      The Court denied Defendant's motion to reconsider its previous orders denying Defendants' objections and the Court's orders on affirmative defenses on August 25, 2021. Dkt. # 264.  The Court concluded that Defendants could not assert certain affirmative defenses and denied discovery requests tied to those defenses.  *Id.*  As pertinent here, the Court noted its opinion, and the discovery rulings in this case, did not extend to the "other remedies at issue in this matter", which "are limited to damages and an accounting."  *Id.* at 25. Further, the Court held that *Davilla v. Enable Midstream Partners, L.P.*, 913 F.3d 959 (10th Cir. 2017), is "binding" regarding "equitable relief for continuing trespass."  *Id.* at n.8.  Other issues regarding remedies, such as Defendants' good faith, *see, e.g.*, Dkt. # 171 at 3, remain relevant in the case.

### DISPUTED DISCOVERY ISSUES

On August 6, 2021, Defendants served Notices of Rule 30(b)(6) deposition notice on both the OMC and the United States.  The United States responded via letter from Cathryn D. McClanahan on August 10, 2021 (attached hereto as Exhibit C), stating its objections.  The OMC responded via letter from Mary Kathryn Nagle on August 11, 2021 (attached hereto as Exhibit D), copying the objections asserted by the United States almost verbatim and adding certain additional objections.  Plaintiffs asserted objections including lack of reasonable particularity, relevance,

vagueness, privilege, and lack of control or custody.  After meeting and conferring with the United

States and the OMC on August 13, 2021 and August 16, 2021 respectively, Defendants understand

that the United States refuses to designate a witness for the Topics.  The portions of the Plaintiffs'

objections on which this motion is based are as follows:

**General Objections of the United States**

> As an initial matter, I would note it appears the Notice to the Intervenor-Plaintiff
> and the Notice to the United States are "block copied" in their entirety.  This would,
> of course, not suggest any attempt to tailor the Notice for each party, in direct
> violation of the letter and spirit of Rule 30(b)(6).  *See* Fed. R. Civ. P. 30(b)(6)
> (requiring description with "reasonable particularity [of] the matters for
> examination"); *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2016 WL 362488
> (D. Kan. Jan. 28, 2016) (requesting party must "take care" to prepare a "reasonably
> particularized" Notice) (citations omitted).  These Notices, duplicative of each
> other and with no attempt to consider the well-established law of the case here, are
> clearly a careless effort, violative of the Rule.  Defendants did not bother to tailor
> the listed items and generally ask for testimony regarding "the BIA, Office of the
> Osage Agency and/or OMC."  The Osage Agency and BIA object to and would refuse
> to answer for the OMC, just as the OMC cannot answer for the Osage
> Agency or BIA through a 30(b)(6) deposition.

**General Objections of the OMC**

> We have reviewed your proposed Rule 30(b)(6) Notices, and like the United States,
> note the lack of tailoring in the Notices sent to the United States and the Osage
> Minerals Council ("OMC").  Despite the United States and the OMC being two
> separate sovereign entities, the Notices appear to be carbon copies of each other,
> lacking the particularity required by the Rule.  *See Burke v. Glanz*, No. 11-CV-720-
> JED-PJC, 2013 WL 4521172, at *1 (N.D. Okla. Aug. 26, 2013) ("In addition, the
> discovering party must 'describe with reasonable particularity the matters for
> examination.' Fed.R.Civ.P. 30(b)(6). . . . [The r]equesting party must take care to
> designate, 'with painstaking specificity,' the particular subject areas that are
> intended to be questioned.").  Indeed, it seems Defendants made no effort to
> designate topics with "painstaking specificity," presuming that the United States
> and the OMC can present witnesses who have the authority to provide testimony
> on behalf of each other.  This is simply not the case.  Thus, at a preliminary level,
> the designated topics should be tailored specifically to the OMC, and not the United
> States—on whose behalf the OMC cannot speak.

**Topic 1**

The processes or procedures for issuing a lease pursuant to 25 C.F.R. Part 214 in
2013 and 2014, including without limitation (i) the process or procedure by which

the OMC claims Defendants should have obtained a lease, (ii) the documents or information available to the public during 2013 or 2014, if any, concerning such process or procedure, (iii) where and through what method such documents or information were available to the public during 2013 or 2014, and (iv) how and in what manner the availability of such documents or information was made known to the public during 2013 or 2014.

**Response of the United States:**

This item is generally about the process or procedure and the availability of documents or guidance in 2014.  The law of the case is that Defendants should have obtained a lease but failed (and continue to fail) to do so.  "Osage Wind was required to procure a lease under 25 C.F.R. § 214.7." Dkt. 78 at 26.  The Court was clear that it will not allow any defense that would forgive this requirement, when it found that permitting Osage Wind to avoid the regulations' "stringent leasing requirement" by pointing to Plaintiffs' conduct "would frustrate Indian land policy."  Dkt. 207 at 7-8.  The law of the case is that a lease was required, and discovery about the process that existed then - or exists now - is irrelevant.

**Response of the OMC:**

The OMC takes the same position as the United States regarding Topic 1: "This item is generally about the process or procedure and the availability of documents or guidance in 2014.  The law of the case is that Defendants should have obtained a lease but failed (and continue to fail) to do so.  'Osage Wind was required to procure a lease under 25 C.F.R. § 214.7.' Dkt. 78 at 26.  The Court was clear that it will not allow any defense that would forgive this requirement, when it found that permitting Osage Wind to avoid the regulations' 'stringent leasing requirement' by pointing to Plaintiffs' conduct 'would frustrate Indian land policy.'  Dkt. 207 at 7-8.  The law of the case is that a lease was required, and discovery about the process that existed then—or exists now—is irrelevant."  United States Response to Rule 30(b)(6) Notice, Item 1 (Aug. 10, 2021).

Additionally, Topic 1 is overly broad in its designation of information "including without limitation" the items identified in parts (i)-(iv).  *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2019 WL 5783729, at *5 (N.D. Okla. Nov. 6, 2019) ("Rule 30(b)(6) provides that the notice of deposition must describe the matters for examination with 'reasonable particularity.' . . . The Motion for Protective Order is granted as to the phrase 'including but not limited to.').

**Topic 6**

All instances in which a person or entity engaged in mining for which a lease was required under 25 C.F.R. Part 214 without first obtaining such a lease, and how, if at all, the OMC or the BIA, Office of the Osage Agency resolved or addressed such instances, including whether by order, agreement, consent, a lawsuit filed or threatened to be filed by or on behalf of the BIA and/or OMC, or otherwise.

**Response of the United States:**

Matters involving persons who ignored Part 214 requirements (other than Defendants) are wholly irrelevant.  As discussed above, the law of the case is now firmly established that Defendants were required to obtain a lease. Judge Jayne specifically recognized:  "Regardless of what test the district judge applies, he indicated that delay or misconduct of the Osage Nation, including the United States as trustee for the Osage minerals estate, will play no role in the equitable analysis." Dkt. 210 at 24.  The United States' enforcement efforts with respect to scofflaws *other* than Defendants have no bearing on the issues remanded to the District Court. The question is also a circular trap – by definition, the United States would not know or be able to testify about instances where no lease was sought. Moreover, the item seems to require testimony about all times the law has been violated.  The item has no temporal limitations and, if it were even relevant, must be bound by the reasonable time frame that has governed throughout discovery for more than a year.

**Response of the OMC:**

The OMC takes the same position as the United States regarding Topic 6: "Matters involving persons who ignored Part 214 requirements (other than Defendants) are wholly irrelevant.  As discussed above, the law of the case is now firmly established that Defendants were required to obtain a lease. Judge Jayne specifically recognized:  'Regardless of what test the district judge applies, he indicated that delay or misconduct of the Osage Nation, including the United States as trustee for the Osage minerals estate, will play no role in the equitable analysis.' Dkt. 210 at 24. . . .  The question is also a circular trap – by definition, the United States would not know or be able to testify about instances where no lease was sought. Moreover, the item seems to require testimony about all times the law has been violated.  The item has no temporal limitations and, if it were even relevant, must be bound by the reasonable time frame that has governed throughout discovery for more than a year."  United States Response to Rule 30(b)(6) Notice, Item 6 (Aug. 10, 2021).

Similarly, as stated, the topic is overly broad and unduly burdensome in its assumption that the OMC would have information about "All instances" in which people or entities have violated federal law concerning the Osage Mineral Estate. Ultimately, testimony regarding the unlawful actions of parties other than Defendants is not relevant to any of the issues remaining in this case.

## Topic 7

All instances in which the BIA, Office of the Osage Agency and/or OMC sought, endorsed, imposed, or opposed ejectment or removal of any structures or materials placed or constructed by any person or entity without first obtaining a lease required under 25 C.F.R. Part 214.

**Response of the United States:**

This item has no temporal limitations and would be subject to the reasonable time frame – since January 1, 2010 – that has governed more than a year of discovery. The item also uses overly broad and vague terminology when it seeks "[a]ll instances" in which the BIA or Osage Agency "sought, endorsed, imposed, or opposed" ejectment or removal.

**Response of the OMC:**

The OMC takes the same position as the United States regarding Topic 7: "This item has no temporal limitations and would be subject to the reasonable time frame – since January 1, 2010 – that has governed more than a year of discovery. The item also uses overly broad and vague terminology when it seeks '[a]ll instances' in which the BIA or Osage Agency 'sought, endorsed, imposed, or opposed' ejectment or removal." United States Response to Rule 30(b)(6) Notice, Item 7 (Aug. 10, 2021).

But even if Topic 7 was not overly broad and vague, the OMC objects to the relevancy of the topic, as the position the OMC takes on matters related to parties not in this action bears no relation to the issues remaining in this case. The OMC required Defendants to seek a Part 214 lease, and Defendants have, and continue to refuse. Defendants continue to attempt to shift the focus from Defendants' unlawful conduct to the OMC's past conduct, despite the fact that the Court has repeatedly instructed Defendants that the OMC's past conduct is not relevant to the Court's consideration of the proper remedy for Defendants' unlawful trespass on the Osage Mineral Estate. Dkt. 207 at 7-8; Dkt. 226 at 10 ("[P]ermitting third-parties to avoid liability for violation of the stringent leasing requirements of 25 C.F.R. § 214.7 by pointing to the Osage Nation's own conduct would frustrate federal Indian law policy.").

### CERTIFICATION OF CONFERENCE

In accordance with Fed. R. Civ. P. 37(a)(1) and LCvR. 37.1, Defendants advise the Court that their counsel, Robin Ball, Ryan A. Ray, Lynn H. Slade, Sarah M. Stevenson, and Dominic A. Martinez conferred in good faith with counsel for the United States—Cathryn McClanahan—via telephone on August 13, 2021, and that their counsel Robin Ball, Ryan A. Ray, Sarah M. Stevenson, and Dominic A. Martinez conferred with the OMC's counsel—Wilson Pipestem—via telephone on August 16, 2021, but have been unable to resolve these discovery issues. Defendants' counsel offered to change the temporal scope of several of the subject matters, including Topics 6-

7 to January 1, 2010.  Neither the OMC nor the United States has agreed to designate a witness for any of the Topics.[2]  The Court's involvement is therefore necessary to reach a resolution on the issues set forth herein.

ARGUMENT AND AUTHORITIES

I.   **BECAUSE PLAINTIFFS HAVE NOT MOVED FOR A PROTECTIVE ORDER, THEIR ATTEMPTS TO LIMIT 30(B)(6) TESTIMONY ARE PROCEDURALLY IMPROPER**

Merely serving letters containing objections to Defendants' 30(b)(6) notices did not relieve Plaintiffs from their obligations to produce 30(b)(6) witnesses.  Rule 30(b)(6) provides that "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).  Entities "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight Int'l Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan. 1999) (internal quotation omitted).

Courts have routinely held that if a party wishes to avoid compliance with a Rule 30(b)(6) notice, "[m]erely forewarning opposing counsel that the information sought is not relevant or could be privileged . . . is unacceptable." *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.,* No. 11-CV-02007-MSK-KLM, 2013 WL 627149, at *7 (D. Colo. Feb. 19, 2013*), order amended on reconsideration*, No. 11-CV-02007-MSK-KLM, 2013 WL 12246941 (D. Colo. Sept. 12, 2013).  Instead, "[t]he proper method for bringing to the Court's attention any deficiencies in the identification of topics is to file a motion for a protective order." *Espy v. Mformation Techs., Inc.,*

---

[2] The United States, however, did make a witness available for a very limited subset of the subject matter covered by Topic 4—which is not at issue in this motion—August 26, 2021.  Defendants expressly reserved their rights regarding other topics at the August 26 deposition.

No. 08-2211-EFM-DWB, 2010 WL 1488555, at *3 (D. Kan. Apr. 13, 2010) (providing numerous examples).[3]

Here, the United States and the OMC have not filed a protective order motion and have only sent blanket objections via letter.  This is "unacceptable." *Int'l Bhd. of Teamsters*, 2013 WL 627149, at *7.  As the case law shows, it is "not proper practice" to refuse to comply with the notice, and then put the burden on the party noticing the deposition to file a motion to compel.  *Id.* at *6 (quoting *New England Carpenters Health Benefits Fund v. First DataBank, Inc.,* 242 F.R.D. 164, 165 (D. Mass. 2007)).  Plaintiffs have not properly brought their objections before the Court and therefore their "duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions" remains.  *Starlight Int'l Inc.*, 186 F.R.D. at 639.

## II.   EVEN IF THE COURT OVERLOOKS PLAINTIFFS' PROCEDURAL INFIRMITIES, DEFENDANTS' RULE 30(B)(6) NOTICES DESCRIBE THE MATTERS FOR EXAMINATION WITH REASONABLE PARTICULARITY

Both the United States and the OMC claim that Defendants' Rule 30(b)(6) notices are "lacking the particularity" required by the Federal Rules because both notices inquire regarding the same topics.  Ex. D at 1.  This position reads non-existent requirements into Rule 30(b)(6) and is unfounded.  Rule 30(b)(6) provides that "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  A

---

[3] *See also Int'l Bhd. of Teamsters,* 2013 WL 627149, at *6 ("Put simply and clearly, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.") (quoting *New Eng. Carpenters Health Benefits Fund v. First DataBank, Inc*., 242 F.R.D. 164, 165 (D. Mass. 2007)); *Beach Mart, Inc. v. L & L Wings, Inc*., 302 F.R.D. 396, 406 (E.D.N.C. 2014); ("The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order."); *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc*., 271 F.R.D. 487, 497 (N.D. Ind. 2010) ("If the corporation believes the discovery sought is objectionable, it still must comply with the discovery, unless it has a pending Rule 26(c) motion for a protective order.").

30(b)(6) notice meets the reasonable particularity requirement when "its plain language identifies the subject matter of the testimony sought, or is specific in the information sought in the notice, as long as the information sought is relevant." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1054279, at *3 (D. Kan. Apr. 9, 2007) (internal citations and quotations omitted).

The Topics in the notices all meet the "reasonable particularity" requirement articulated in Rule 30(b)(6), insofar as they identify the subject matter of the testimony sought both from the United States and the OMC.  Neither the United States nor the OMC provided any authority suggesting that a Rule 30(b)(6) notice lacks reasonable particularity because it seeks to depose two plaintiffs concerning matters that are relevant to both of their claims.  Defendants are aware of none.  And here the relationship between the United States and the OMC is not only that of co-plaintiffs, but of a trustee (the United States) purporting to bring suit on behalf of its beneficiary (the OMC).  That there is an identity of interest between the United States and the OMC is further demonstrated by their nearly identical responses to Defendants' Rule 30(b)(6) notices, with the OMC quoting at length from the response of the United States.  *See* Ex. D at 2-4 ("The OMC takes the same position as the United States regarding Topic 1 . . . .  The OMC takes the same position as the United States regarding Topic 6 . . . .  The OMC takes the same position as the United States regarding Topic 7").

Even where parties lack the unity of interest of a trustee-beneficiary relationship, examining parties may serve the same Rule 30(b)(6) notice on multiple opposing parties.  In *Doe v. Trump*, the court permitted two "identical" 30(b)(6) notices on two distinct federal agencies. 329 F.R.D. 262, 269-70 (W.D. Wash. 2018).  The identical language in Defendants' notices does

not make them any less "particularized"; rather, they appropriately seek discoverable information from both the United States and the OMC that is relevant to Plaintiffs' respective claims.

Moreover, because Rule 30(b)(6) provides that "The persons designated must testify about information *known or reasonably available to the organization*[,]" "personal knowledge of the designated subject matter by the selected deponent is of no consequence." *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 425 (D. Kan. 2007). Therefore, to the extent that the United States knows or has reasonably available information about the OMC and vice versa, this information is discoverable, and Defendants' requests for information about both parties are no less reasonably particularized.[4]  Their unity of interest only underscores this point.

III. **PLAINTIFFS' SPECIFIC OBJECTIONS FAIL, INCLUDING THOSE ON THE GROUNDS OF RELEVANCE**

The OMC and the United States offer a variety of specific objections to the Topics. Most notably, the Plaintiffs contest the relevance of these Topics. This is in error.

Once the reasonable particularity standard is satisfied, the burden shifts to the refusing party "to show that the movant's request is burdensome, overly broad, vague or outside the scope

---

[4]  The OMC's letter cites one decision by a court in this district that described the "reasonable particularity" requirement as stated in Fed. R. Civ. P. 30(b)(6) as requiring "painstaking specificity". Ex. D at 1 (quoting *Burke v. Glanz*, No. 11-CV-720-JED-PJC, 2013 WL 4521172, at *1 (N.D. Okla. Aug. 26, 2013). This Court should reject any suggestion by the OMC that such language imposes a heightened standard on Defendants. As the court in *Epsy v. Mformation Techs. Inc.*, explained, courts in this Circuit that have used the phrase "painstaking specificity," "also use the language from the rule (reasonable particularity) as well as similar language (reasonably particularized areas of inquiry) language." No. 08–2211–EFM–DWB, 2010 WL 1488555 at*2 (D. Kans. Apr. 13, 2010); *see also Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605-PAB-KMT, 2017 WL 1325344, at *2 (D. Colo. Jan. 3, 2017) (explaining that "[s]ince the Rule itself requires that topics be defined with 'reasonable particularity,' this court sees no reason to graft the word 'painstaking' to what is otherwise the clear directive of the Rule that the topic definitions be 'reasonable.'"). The case cited by the OMC also acknowledges that the operative language in Rule 30(b)(6) is "reasonable particularity." *Burke*, 2013 WL 4521172, at *1 ("[T]he discovering party must 'describe with reasonable particularity the matters for examination.'" (quoting Fed. R. Civ. P. 30(b)(6)).

of discovery." *Prasad v. George Washington Univ.*, 325 F.R.D. 1, 3 (D.D.C. 2018). Rule 26(b)(1) is the proper standard to determine relevance for the purposes of Rule 30(b)(6). *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. CIV A 05-4023-JAR, 2007 WL 1959194, at *1 (D. Kan. June 29, 2007) ("[R]elevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6)." (internal quotations omitted)). Under the Rule 26(b)(1) standard, "relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 WL 279348, at *6 (N.D. Okla. Jan. 3, 2018) (internal quotation omitted).

Therefore, under Rule 30(b)(6), a party may obtain information from another party to the litigation concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013) (quoting Fed. R. Civ. P. 26(b)(1)). It is the burden of the objecting party to show that the requested topic is irrelevant. *Cohen-Esrey Real Est. Servs., Inc. v. Twin City Fire Ins. Co.,* No. CIVA 08-2527-KHV-DJW, 2009 WL 4571845, at *1 (D. Kan. Dec. 3, 2009) ("If a party or deponent believes that a Rule 30(b)(6) topic is irrelevant or overly broad, the party/deponent has the burden to provide particular and specific facts that show how providing testimony on that particular topic would be unduly burdensome, unduly expensive, embarrassing, oppressive, or annoying." (citation and internal quotation omitted)); *Cohlmia v. Ardent Health Servs., LLC*, No. 05-CV-384-GKF-PJC, 2008 WL 4925764, at *9 (N.D. Okla. Nov. 14, 2008) ("A party resisting discovery on the ground that the requests are overly broad has the burden of supporting its objection, unless the request is overly broad on its face.").

As described below, the deposition testimony sought by each of the Topics easily crosses this threshold:

     i.   <u>Topic 1:  (Publicly Available Information Regarding 25 C.F.R. Part 214 Leases)</u>

Topic 1 regards "processes or procedures for issuing a lease pursuant to 25 C.F.R. Part 214 in 2013 and 2014" and whether such information was available to the public.  Ex. A at 2; Ex. B at 2.  Both Plaintiffs object to Topic 1 on the grounds that "[t]he law of the case is that Defendants should have obtained a lease but failed and discovery about the process that existed then - or exists now - is irrelevant" and that the "Court was clear that it will not allow any defense that would forgive" the requirement to get a lease by "pointing to Plaintiffs' conduct".  Ex. C. at 2; Ex. D at 2.

Plaintiffs' objection regarding "the law of the case" distort what this Court and the Tenth Circuit have actually decided.  When the case was before the Tenth Circuit, the United States (then the only plaintiff) had not sought summary judgment on the narrow issue of whether 25 C.F.R. Part 214 required a lease for the Project.  Indeed, the United States had recognized that "the central legal issue"—the applicability of 25 C.F.R. Part 214—should be decided before anything else occurred in the case, and that "discovery [would] commence after the central legal issue . . . is decided." Dkt. # 34 at 3.  The question before the Tenth Circuit did not concern whether there was a trespass, continuing trespass, or conversion, nor did it concern the appropriate remedy either at law or in equity.  *United States v. Osage Wind, LLC*, 871 F.3d 1078, 1084 (10th Cir. 2017) (explaining legal posture of the case).  After the Tenth Circuit's decision, the Court subsequently denied the Defendants from asserting affirmative defenses regarding the conduct and delay of Defendants.  Dkt. # 207.  The Court has also denied discovery regarding those affirmative defenses.  Dkt # 226.

None of these decisions foreclose discovery for Topic 1, which is directly relevant to whether Defendants acted in good faith when excavating minerals to construct the Project. Judge Frizzell has held that the "measure of damages for the trespass claim included in the First Amended Complaint necessarily requires consideration of defendants' alleged knowledge or 'bad faith'" and whether "[d]efendants knew or should have known that they were required to comply with the express provisions of 25 C.F.R. § 211 or 25 C.F.R. § 214." Dkt. # 171 at 3. And the Court made clear that its previous decisions regarding discovery did not consider anything beyond "the equitable remedies of injunction and ejectment" because Defendants had not raised those issues. Dkt. # 264 at 25; *see also* Dkt. # 226 at n. 9 (noting the Court did "not consider the potential relevance of the requested discovery to Osage Wind's good faith in proceeding without a lease, as Osage Wind raised this argument for the first time in its reply in support of its Objection.").

Certainly Plaintiffs are treating the good faith of Defendants as a relevant and important issue. The United States allege numerous times that Defendants "should have known that they were required to comply with the express provisions of 25 C.F.R. § 211 or 25 C.F.R. § 214" in their First Amendment Complaint. Dkt. # 20 at ¶ ¶ 49, 56, 63. And Plaintiffs continue to contend that Defendants acted in bad faith[5] and seek additional discovery on the issue.[6] By continuing to pursue the claim that Defendants acted in bad faith, Plaintiffs continue to ensure that discovery regarding what Plaintiffs "should have known" is relevant. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge*

---

[5] *See* The United States' Notice of the Court's Preclusion of Defendants' Equitable, Affirmative Defenses, Dkt. # 208, ¶ 8 ("Notably, the issue of Defendants' bad faith remains pertinent to damages and remedies, despite the preclusion of Defendants' equitable defenses by the Court."); Intervenor Plaintiff Osage Minerals Council's Motion for Judgment on the Pleadings and Brief in Support Thereof, Dkt. # 204 ("Time and time again, this Court has reiterated that at this point in the proceedings, 'the issue that's really before the court, or will be before the court, is whether or not the trespasser here is innocent or is not, or is a bad faith trespasser[.]'").

[6] *See* Defendants' Second Motion to Compel Against the United States, Dkt. # 261 at 15-16 (listing examples of Plaintiffs' deposition questions regarding Defendants' alleged bad faith).

*N. Am., Inc.*, No. 05-2192-JWL-DJW, 2007 WL 1531846, at *5 (D. Kan. May 25, 2007) ("By raising a defense, a party opens the door to the discovery concerning that defense.") *aff'd*, 244 F.R.D. 638 (D. Kan. 2007).

Topic 1 directly goes to this "knew or should have known" standard for good faith by inquiring about "documents or information available to the public during 2013 or 2014" regarding the procedure and method of obtaining a lease and whether "such documents or information was made known to the public during 2013 or 2014."  Establishing what information was publicly available at the time of the construction of the wind farm is relevant to whether Defendants "should have known" that they needed a lease.  As such, Topic 1 at minimum seeks discovery that is "relevant" within the meaning of Rule 26(b)(1) and Rule 30(b)(6).  *See Reibert*, 2018 WL 279348, at *6.

The OMC further objects to Topic 1 because it includes the phrase "including without limitation."  Ex. D at 2.  But because Topic 1's "plain language identifies the subject matter of the testimony sought," Defendants' notice is not overbroad.  *Heartland Surgical Specialty Hosp.*, 2007 WL 1054279, at *3 (internal quotation marks omitted).  In any event, even a meritorious objection concerning use of the phrase "including without limitation" would not be a valid reason to refuse to provide a witness on Topic 1.  Ex. D at 2; *Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2019 WL 5783729, at *5 (N.D. Okla. Nov. 6, 2019) (finding Rule 30(b)(6) deposition was "properly limited to the topics and subtopics specifically listed in the Notices of Deposition" and only granting Protective Order as to the phrase 'including but not limited to.'").

    ii.    <u>Topics 6 and 7 (Remedies and Damages for violations of 25 C.F.R. Part 214 Leases)</u>

Topic 6 and 7 concern remedies sought by the United States or the OMC in instances where a person or entity engaged in mining for which a lease was required under 25 C.F.R. Part 214

without first obtaining such a lease.  Topic 6 seeks testimony concerning "how, if at all, the OMC or the BIA, Office of the Osage Agency resolved or addressed such instances, including whether by order, agreement, consent, a lawsuit filed or threatened to be filed by or on behalf of the BIA and/or OMC, or otherwise."  Ex. A at 3; Ex. B at 3.  Topic 7 seeks testimony concerning "instances in which the BIA, Office of the Osage Agency and/or OMC sought, endorsed, imposed, or opposed ejectment or removal of any structures or materials placed or constructed by any person or entity without first obtaining a lease required under 25 C.F.R. Part 214."  Ex. A at 3; Ex. B at 3.  The OMC objects on relevance grounds to both Topics 6 and 7, while the United States objects only to Topic 7 on such grounds.

Both topics are highly relevant.  Topics 6 and 7 seek to understand about remedies in cases similar to this action.  The Court has held that for the potential injunctive remedies of ejectment or removal, that the federal common law analysis as articulated in *Davilla v. Enable Midstream Partners, L.P.*, 913 F.3d 959 (10th Cir. 2017) controls.  Dkt. # 264 at n. 8, 10.  And the Court has also noted that, in *Davilla*, the Tenth Circuit emphasized the importance of 'knowing the relative costs and benefits of [defendant] removing the pipeline, either as they pertain to these parties or the public at large.'"  Dkt. # 226 at 8 (quoting *Davilla*, 913 F.3d at 974).  This is exactly what Topics 6 and 7 do.  Remedies sought in similar cases will be helpful for the court in evaluating Plaintiffs' claims of harm to the OMC absent the requested equitable relief and appropriate remedies, including damages, for any such harm.  Such remedies will also be important in understanding not just the amount of harm, but whether the harm can be measured and if the harm is "irreparable."  This is yet another factor the Court will consider in an equitable analysis.  *See Davilla*, 913 F.3d at 973 (discussing "irreparable harm").

Evaluating the extent of harm will not just be important under a *Davilla* analysis, but for other remedies as well. The Court's recent order denying Defendants' Motion to Reconsider makes clear the discovery orders in this case do not address, and therefore do not foreclose, discovery relating to the "other remedies at issue in this matter," which "are limited to damages and an accounting." Dkt. # 264 at 25. For these reasons, the OMC's objection that Topic 7 seeks to understand "OMC's past conduct" contravening court orders is meritless.[7] Both Topic 6 and 7 concern relevant issues regarding the "future effect of requested relief" and damages. Dkt # 264 at 19 (quoting Dkt. # 226 at 8).

In addition to relevance objections, the United States and the OMC object to Topic 6 because it asks for "[a]ll instances in which a person or entity engaged in mining for which a lease was required under 25 C.F.R. Part 214" because the parties "would not know or be able to testify about instances where no lease was sought." Ex. C at 3; Ex. D at 3-4. Rule 30(b)(6) requires witnesses to testify about "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). To the extent a particular person engaged in mining without a lease, and neither the OMC or the United States was aware of those activities by that person, then neither the Federal Rules or common sense would require Plaintiffs' designate witnesses to testify concerning those specific activities. Topic 6 appropriately seeks testimony concerning such instances of mining without a lease of which the United States or the OMC *were* aware. And if the United States or the OMC determines that no such circumstances exist after having conducted an investigation regarding information known or reasonably available to them, then Plaintiffs'

---

[7] To the extent that OMC is arguing that the Court's previous orders foreclose any discovery before the filing of the Complaint on November 21, 2014 as concerning OMC's past conduct, this Motion incorporates the explanations from its recent Motions to Compel why this is not the case. *See* Defendants' Second Motion to Compel Against the United States, Dkt. # 261 at 15-16; Defendants' Third Motion to Compel Against the Osage Minerals Council, Dkt. # 262 at 12-14.

designated witnesses can testify to that fact.  In fact, we know of one such instance, in which an entity mined on property for which it had no lease, and then was granted a lease for the property at issue.  Deposition of Robin Phillips, relevant portions attached hereto as Exhibit E, at 147:24-153:13 (Q:  Do you recall whether Burbank was ejected from the areas in which it was mining for which it had no permit?  A:  No. Burbank is still out there.  Q:  In fact, it was granted an expanded permit or lease to cover the areas which it had been mining; is that correct?  A:  Yes).

At the August 16, 2021 Meet and Confer, Defendants agreed to accept the temporal limitations Plaintiffs insisted upon for Topics 6-7 (2010 to present, instead of 2008 to present).  Thus, Plaintiffs' objections regarding temporal limitations for Topics 6-7 have been resolved.

Plaintiffs' remaining objections that Topics 6-7 are "overly broad and vague," Ex. C at 3; Ex. D at 3-4, are conclusory and certainly are not grounds for denying discovery on these topics given their importance and relevance.  *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.,* No. 17-MD-2785-DDC-TJJ, 2018 WL 6025607, at *3 (D. Kan. Nov. 16, 2018) (rejecting the boilerplate objection that certain words such as "suggestions," "proposals," or "terms" are vague and ambiguous and that the terms "any" and "all" were overbroad).

### CONCLUSION AND REQUESTED RELIEF

For the reasons explained above, Defendants respectfully ask the Court to compel Plaintiffs to designate persons to testify of their behalf pursuant to Rule 30(b)(6) regarding the matters set forth in Topics 1, 6, and 7 in Defendants' Notices of Rule 30(b)(6) Deposition, and any other relief as this Court deems proper.

Respectfully submitted,

/s/ Lynn H. Slade
**Ryan A. Ray**, OBA # 22281
**NORMAN WOHLGEMUTH, LLP**
3200 Mid-Continent Tower
401 South Boston Avenue

Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

-and-

**Lynn H. Slade**, *pro hac vice*
**Sarah M. Stevenson**, *pro hac vice*
**Dominic A. Martinez**, *pro hac vice*
**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

**Thomas J. McCormack**, *pro hac vice*
**Robert Kirby**, *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
**Robin D. Ball** (Los Angeles Office), *pro hac vice*
**Robert D. Comer** (Denver Office), *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**

**ATTORNEYS FOR DEFENDANTS, OSAGE WIND, LLC, ENEL KANSAS, LLC AND ENEL GREEN POWER NORTH AMERICA, INC.**

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2021, I electronically transmitted the attached Document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Cathryn D. McClanahan
Nolan Fields IV
Stuart P. Ashworth
Mary Kathryn Nagle
Wilson Kirk Pipestem
Abi Laura Fain
David McCullough
Jeffrey S. Rasmussen
The following non-ECF registrants have been served by email:

Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street
Tulsa, OK 74145
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for the United States of America*


*/s/ Lynn H. Slade*
Lynn H. Slade