IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE OSAGE MINERALS COUNCIL,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>OSAGE WIND, LLC;<br>ENEL KANSAS, LLC; and<br>ENEL GREEN POWER NORTH<br>AMERICA, INC.,<br><br>　　　　Defendants. | Case No. 14-CV-704-GKF-JFJ |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT
OF COMBINED MOTION FOR DETERMINATION
OF PRIVILEGE AS TO EXPERT BILLING RECORDS AND
CHALLENGE TO DEPOSITION TRANSCRIPT REDACTIONS**

This is the reply brief of Defendants, Osage Wind, LLC, Enel Kansas, LLC, and Enel Green Power North America, Inc. (collectively, "Defendants") in further support of their Combined Motion for Determination of Privilege as to Expert Billing Records and Challenge to Deposition Transcript Redactions (Dkt. # 254).

The Motion should be granted for the following reasons, summarized below and detailed in this brief:

- Under the circumstances presented (most particularly that the granting of the Motion will have no effect on other discovery or other case-specific deadlines), the Motion was timely brought and is properly before the Court.

- The Defendants' discovery requests sought documents exchanged between the United States and Mr. Hazel and/or FTI. FTI's billing records are

- responsive to that request, as the United States clearly understood when it responded.
- Where, as here, a testifying expert's opinions are rendered as the result of a collaborative effort with others, Fed. R. Civ. P. 26(b)(4)(C)(i) applies and the materials are not privileged.
- That notwithstanding, the truly dispositive issue is that the challenged records do not reveal "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). They simply show—in very short descriptors (usually five words or less)—that the majority of FTI's work was done by someone other than Mr. Hazel. The records do not disclose any facts or opinions that are not already disclosed by Mr. Hazel himself. But the Defendants are entitled to assert at trial that the opinions were actually reached, at least in substantial part, by someone other than Mr. Hazel.
- And, finally, the United States does not even respond to the Motion's second point, namely that it may not redact deposition testimony after it was given under the Stipulated Protective Order or any other provision of law. If it believed the questions were improper, its remedy was to instruct Mr. Hazel not to answer the questions and/or move for an immediate protective order.

Its failure to do either waived any ability to excise the testimony given from the record.

The Motion should accordingly be granted, as explained in greater detail below.

## ARGUMENT AND AUTHORITIES

### I. THE MOTION IS PROPERLY BEFORE THE COURT.

The United States first claims that the Motion "should be denied as untimely," (Response, at 3), claiming that it was not filed soon enough to satisfy FED. R. CIV. P. 26(b)(5)(B). But "Rule 26(b)(5)(B) does not define 'promptly,'" and there is no authority providing a definitive deadline. *Coleman v. Sterling*, No. 09-CV-1594-W (BGS), 2011 U.S. Dist. LEXIS 174514, at *9 (S.D. Cal. Nov. 3, 2011). This Court has suggested, however, that "the 'promptness' inquiry is highly fact-dependent," *Bama Cos. v. Stahlbush Island Farms, Inc.*, No. 18-CV-45-GKF-JFJ, 2019 U.S. Dist. LEXIS 139573, at *11 (N.D. Okla. Aug. 19, 2019), and indicated further that a party has not acted promptly where it has allowed the litigation to unfold based upon the unchallenged status quo such that any remedy "will cause delay and unfair prejudice to [the opposing party] . . . [and lead to] the unraveling of litigation events." *Id.*

None of those concerns are present here. Rather, the reality is that any delay is simply occasioned by the reality of the fact that there were substantial other discovery efforts and disputes ongoing between the parties during the noted period of time. Indeed, though the Defendants requested a meet and confer on the issue on May 7, 2021 (Motion, Exh. D), the United States did not respond to that request until

May 28, and the conference could not be scheduled until June 8, 2021 due to the schedules of counsel.

Many witnesses were deposed in the case during the two months that followed, including the vast majority of fact depositions in the case. And there were several sets of written discovery requests exchanged between the parties and numerous productions and supplemental production that occurred as well.

All of that would dictate that the Motion is timely in its own right. But the reality is that there is no prejudice to anyone because all of the relevant discovery on this issue has already happened. Mr. Hazel was deposed, with the unredacted records, on April 27, 2021. This issue relates to him and him only. The only question is whether the Defendants can cross examine him at trial with the unredacted document. The production of those records has no effect on any other discovery or deadline and the situation is a far cry from that in *Bama*, where the movant had allowed discovery to unfold for months based upon the opposite situation of what it contended in its motion. That simply is not present here.

## II. THE DEFENDANTS SERVED DOCUMENT REQUESTS THAT ENCOMPASSED FTI'S BILLING RECORDS, AS THE UNITED STATES UNDERSTOOD.

The United States also claims that the Motion should be denied because "the Defendants never requested the production of billing records relative to Plaintiff's non-testifying consultants." (Response, at 3, emphasis omitted). But Enel Kansas, LLC's applicable discovery requests sought production of documents exchanged between the United States and "Steve[n] J. Hazel *or FTI Consulting*." (Response, Exh. 2, emphasis added). And the United States construed that request to call for

the production of FTI's billing records when it responded on February 19, 2021, even though it made a litany of other objections to the request. (*See* U.S. Responses to Discovery Requests, at 11, copy attached as Exhibit A). The Court should now construe the request just as the United States did, especially where all of the opinions expressed are noted in Mr. Hazel's report to be those of FTI and he testified that his opinions were rendered as the result of the work of "the FTI team." (Deposition of Steven Hazel, at 79-80, excerpts attached as Exhibit B).

### III. WHEN A TESTIFYING EXPERT REACHES HIS OPINIONS AS THE RESULT OF A COLLABORATIVE EFFORT WITH OTHERS, ALL OF THEIR BILLING RECORDS ARE DISCOVERABLE UNDER FED. R. CIV. P. 26(B)(4)(C)(I).

It is true that Fed. R. Civ. P. 26(b)(4)(D) requires exceptional circumstances to obtain discovery of a non-testifying expert. But what the United States fails to recognize is that "exceptional circumstances under Rule 26(b)(4)(B) may exist . . . when there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert." *Long Term Capital Holdings v. United States*, 2003 U.S. Dist. LEXIS 14579, at *10, 93 A.F.T.R.2d (RIA) 2004-862 (D. Conn. May 5, 2003); (citing *Herman v. Marine Midland Bank*, 207 F.R.D. 26, 30-32 (W.D.N.Y. 2002); *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd.*, 154 F.R.D. 202, 208 (N.D. Ind. 1993)); *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 383 (D.S.C. 2016). The Defendants do not suggest that the circumstances of *Gordon v. New Eng. Cent. R.R.*, No. 2:17-cv-00154, 2019 U.S. Dist. LEXIS 228360 (D. Vt. Jan. 30, 2019) and *Herman v. Marine Midland Bank*, 207 F.R.D. 26 (W.D.N.Y. 2002) are *precisely* in accord with those here (indeed, the parties in both of those cases were allowed to

*depose* non-testifying experts, a request the Defendants are not making here). The Defendants cite them for a broader principle of law they apply—namely, that when a testifying expert's opinions and work product are the result of substantial collaboration with others, the others (even if they could otherwise be said to be non-testifying experts for purposes of FED. R. CIV. P. 26(b)(4)(D)) are subject to discovery. That principle is well recognized by many courts, and is not novel to the specific facts of *Gordon* and *Herman,* as the United States wrongly implies.

In this case, the Court need look no further than the invoices and unredacted portions of Mr. Hazel's testimony (which were submitted under seal) to see that his report was the product of substantial collaboration with members of the "the FTI team." Thus, the records that show all of the compensation attributable to their work on the FTI Report are discoverable under FED. R. CIV. P. 26(b)(4)(C)(i) and would "relate to" Mr. Hazel's compensation in any event—a key alternative basis for their production raised by the Motion that the Response never acknowledges.

IV.     SINCE THE UNREDACTED BILLING RECORDS REVEAL NO FACTS KNOWN OR OPINIONS HELD THAT WERE NOT DISCLOSED BY THE FTI REPORT ITSELF, FED. R. CIV. P. 26(B)(4)(D) DOES NOT APPLY.

When it applies, FED. R. CIV. P. 26(b)(4)(D) provides for a "non-testifying expert privilege." *In re Chevron Corp.*, 633 F.3d 153, 164 n.17 (3d Cir. 2011). "It is . . . well-established that privileges are to be strictly construed and narrowly applied." *Blann v. Rogers*, No. 11-2711-CM-KGG, 2012 U.S. Dist. LEXIS 144059, at *6 (D. Kan. Oct. 2, 2012) (citing *Trammel v. United States*, 445 U.S. 40, 50 (1980); *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990); *United States v. Nixon*, 418 U.S. 683, 710 (1974)).

The plain terms of FED. R. CIV. P. 26(b)(4)(D) protect only "facts known or opinions held" by non-testifying experts.  The applicable billing records reveal no facts known or opinions held by anyone that are not already expressed in the FTI Report, as the Court can easily see from a quick review of the records submitted under seal.  Nor is the situation like that present in *Davita Healthcare Partners, Inc. v. United States*, 128 Fed. Cl. 584 (2016) (cited in the Response at pages 8 and 9), where the "description[s] [themselves] revealed protected communications with counsel." *Id.* a 593.  No such detail of the substance of communications with counsel is present in the invoices before the Court.[1]

Moreover, since Mr. Hazel relied upon the work and analysis of these other people in reaching his opinions and drafting his report, any privilege that otherwise might have applied under FED. R. CIV. P. 26(b)(4)(D) has been waived as a result. *Appleton Papers, Inc. v. Envt'l Prot. Agency*, 702 F.3d 1018, 1024-25 (7th Cir. 2012) (noting that "once a party relies on the research of a non[-]testifying expert, it falls out of the protection of [Rule 26(b)(4)(D)] and becomes freely discoverable.").

V. **NO PROVISION OF THE PROTECTIVE ORDER OR ANY OTHER APPLICABLE LAW ALLOWS THE REDACTION OF DEPOSITION TESTIMONY AFTER GIVEN.**

The United States' Response is entirely silent as to the second part of the Motion, challenging their redaction of significant portions of Mr. Hazel's testimony.

---

[1] *Amster v. River Capital Int'l Grp., LLC*, 00 Civ. 9708 (DC) (DF), 2002 U.S. Dist. LEXIS 16595 (S.D.N.Y. Sep. 3, 2002) (cited in the Response at pages 9 – 10) does not consider the argument that expert invoices relate to the testifying expert's compensation for purposes of FED. R. CIV. P. 26(b)(4)(C)(i).  And *Amster* required disclosure of hourly rate and hours spent, something currently withheld from the Defendants as to FTI employees other than Mr. Hazel himself.

The United States' silence in that regard concedes the obvious—no provision of law allows for redaction of testimony once given, especially when no privilege objection was contemporaneously made to the *testimony*. A party may instruct a witness not to answer a question in accordance with Fed. R. Civ. P. 30(c)(2) or it may seek a protective order in accordance with Fed. R. Civ. P. 26(c). But it may not redact testimony once given, especially under the protective order entered in this case.

### CONCLUSION AND REQUESTED RELIEF

The Defendants are entitled to full copies of the billing invoices of FTI and Mr. Hazel's related testimony. For the reasons set forth above and in the Motion, the United States should simply be ordered to produce that which it already produced and remove the improper redactions from Mr. Hazel's deposition transcript. Neither FED. R. CIV. P. 26(B) nor the Stipulated Protective Order permit the tactics that the United States has employed.

Respectfully submitted,

/s/ Ryan A. Ray
**Ryan A. Ray**, OBA # 22281
**NORMAN WOHLGEMUTH, LLP**
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

-and-

**Lynn H. Slade**, *pro hac vice*
**Sarah M. Stevenson**, *pro hac vice*
**Dominic A. Martinez**, *pro hac vice*
**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**

        Post Office Box 2168
        Albuquerque, NM 87103-2168
        505-848-1800
        505-848-9710 (facsimile)

**Thomas J. McCormack**, *pro hac vice*
**Robert Kirby**, *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
**Robin D. Ball** (Los Angeles Office), *pro hac vice*
**Robert D. Comer** (Denver Office), *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**

**ATTORNEYS FOR DEFENDANTS,
OSAGE WIND, LLC, ENEL KANSAS, LLC AND
ENEL GREEN POWER NORTH AMERICA,
INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that on September 8, 2021, I electronically transmitted the attached Document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Cathryn D. McClanahan
Nolan Fields IV
Stuart P. Ashworth
Mary Kathryn Nagle
Wilson Kirk Pipestem
Abi Laura Fain
David McCullough
Jeffrey S. Rasmussen

The following non-ECF registrants have been served by U.S. Mail:

Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street
Tulsa, OK 74145
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for the United States of America*


*/s/ Ryan A. Ray*
Ryan A. Ray