# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE OSAGE MINERALS COUNCIL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 14-CV-704-GKF-JFJ ) |
| OSAGE WIND, LLC; ENEL KANSAS, LLC; and ENEL GREEN POWER NORTH AMERICA, INC., | ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL AGAINST THE UNITED STATES [Dkt. # 262]

Ryan A. Ray, OBA #22281
NORMAN WOHLGEMUTH, LLP
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

Lynn H. Slade, *pro hac vice*
Sarah M. Stevenson, *pro hac vice*
Dominic A. Martinez, *pro hac vice*
MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

Thomas J. McCormack, *pro hac vice*
Robert Kirby, *pro hac vice*
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
Robin D. Ball (Los Angeles Office), *pro hac vice*
Robert D. Comer (Denver Office), *pro hac vice*
NORTON ROSE FULBRIGHT US LLP

**ATTORNEYS FOR DEFENDANTS, OSAGE WIND, LLC, ENEL KANSAS, LLC AND ENEL GREEN POWER NORTH AMERICA, INC.**

Dated: September 23, 2021

Defendants, Osage Wind, LLC ("Osage Wind"), Enel Kansas, LLC ("Enel Kansas"), and Enel Green Power North America, Inc. ("EGPNA") (collectively, "Defendants"), submit this reply brief in support of their Second Motion to Compel Against the United States [Dkt. # 262] ("Motion") to respond to arguments raised in Plaintiff the United States' Response to Defendants' Second Motion to Compel Against the United States [Dkt. # 270] ("Response"). The Response fails to refute Defendants' arguments that the discovery requests identified in the Motion seek information and communications relevant to the issues pending before the Court on remand. The Motion should be granted in full.

## ARGUMENT

### I. THE MOTION AND THE DISCOVERY REQUESTS DISCUSSED THEREIN ARE TIMELY.

The United States claims that the Motion is untimely, and accuses Defendants of attempting to renew objections to earlier discovery responses. The United States is wrong on both points.

First, the Motion was timely filed on August 19, 2021, less than a month after the United States responded to the discovery requests at issue (on July 21, 2021), within days of the parties' meet and confer to address the discovery disputes (on August 13, 2021), and with no trial yet scheduled. The sole case cited by the Response for the proposition that the Motion is untimely is inapposite and if anything supports the conclusion that the Motion is timely. Response at 6. In *Continental Industries, Inc. v. Integrated Logistics Solutions, LLC.*, 211 F.R.D. 442, 444 (N.D. Okla. 2002), the court concluded a motion to compel was untimely when the motion was filed 18 months after the discovery responses were received, six months after the discovery cutoff, and three weeks before trial. The concerns that caused the court to find a motion to compel untimely

in *Continental Industries*, including that it was not filed until trial was imminent, simply are not present here.

Second, the discovery requests at issue in the Motion are not duplicative of prior requests for production in response to which the United States produced certain leases issued under 25 C.F.R. Part 214 and related documents. Rather, the Motion addresses, in part, Interrogatory Nos. 23 and 24 (and related requests for production), which request identification of leases issued for excavation related to construction projects in which excavated minerals were not sold or moved from the site of original excavation, or communications related thereto. The requests at issue here are, on their face, narrower than the earlier request for production of *all* leases or related communications. The United States has knowledge about the facts and circumstances pertaining to leases it approves, and Defendants should not be left to guess which leases or communications the United States believes are responsive to Interrogatory Nos. 23 or 24, and the United States should be ordered to respond to these discovery requests.[1]

**II.   THE DISCOVERY AT ISSUE IS RELEVANT TO REMEDIES INCLUDING THE CALCULATION OF DAMAGES.**

The United States and the OMC make similar arguments as to why the discovery Defendants seek allegedly is not relevant to remedies, and Defendants adopt and incorporate herein Part II of their Reply in Support of the Second Motion to Compel Against the Osage Minerals

---

[1] The United States suggestion that sanctions should be awarded against Defendants is absurd. Response at 6 n.2; *Hutchinson v. Hahn*, No. 05-CV-453-TCK PJC, 2007 WL 2572224, at *6 (N.D. Okla. Sept. 4, 2007) (discussing procedural requirements of a request for sanctions). Ironically, the decisions on which the United States relies involved a party sanctioned for failing to comply with appropriate discovery requests. *See, e.g.*, *Freddie v. Marten Transp., Ltd.*, 428 F. App'x 801, 804 (10th Cir. 2011) (upholding a sanction of dismissal because "[t]he withholding of evidence substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation.") (quotation marks and citations omitted).

Council, filed this same date. In addition to the arguments made and authorities cited therein, Defendants respond to specific arguments made by the United States as follows.

The United States is wrong that Defendants have somehow "conceded" that the only discovery relevant to Defendants' good faith, and hence to the measure of damages, concerns "advice of counsel." Response at 15-16. The discovery relevant to Defendants' good faith is broader than, and not limited to, advice of counsel. *See* Part II.B. of Defendants' Reply in Support of the Second Motion to Compel Against the Osage Minerals Council, filed this same date.

The Response argues that whether Defendants acted in good faith, or in bad faith,[2] can be shown by what a defendant did "to educate himself," Response at 13, and whether Defendants discovered information "in the exercise of ordinary diligence," Response at 18. As explained in the Motion, and in other filings made in this Court, Defendants made significant efforts to obtain information from both the United States and the OMC, and from other available sources, about the potential applicability of the leasing requirements of 25 C.F.R. Part 214 to the construction of the Project. Defendants intend to present testimony that those efforts identified no precedent for the application of the 25 C.F.R. Part 214 leasing requirement to comparable construction activities, and that they relied on the lack of such precedent, as well as the analysis of their legal counsel and other available information, when they proceeded with construction. The requests at issue in this Motion seek documents and information relevant to the reasonableness and credibility of such testimony, which is an appropriate subject for discovery.

---

[2] Without citation, the Response states a showing of bad faith may be used to multiply actual damages. Response at 13 n.5. Defendants reserve their right to object to any specific authorities the United States may subsequently cite on this point, as to date neither common law nor statutes have been referenced in the record that support the United States' assertion. Defendants are aware of none.

Finally, the United States' express invocation in its briefing of constructive notice as being a live theory in the case further demonstrates why the discovery requests at issue are relevant, and responses should be ordered. Response at 17-18. What Defendants allegedly "should have known," according to the United States (and the OMC), was that a 25 C.F.R. Part 214 lease was required for the specific activities that the Tenth Circuit found unlawful. Defendants intend to present evidence that they, and/or their predecessors, inquired of the United States and other sources to identify any precedent for applying this lease requirement to comparable surface construction activities, and no such precedent was identified.[3] The discovery Defendants seek should be permitted because it is relevant to the reasonableness and credibility of Defendants' testimony regarding those subject matters. None of the decisions concerning "constructive notice" cited by the United States purports to restrict the evidence that a party may discover to prove its good faith, or is otherwise to the contrary. Indeed, none of these decisions addresses discovery at all. Defendants are entitled to discovery about information (or lack thereof) that might have put them on notice, constructive or otherwise.

## CONCLUSION AND REQUESTED RELIEF

For the reasons explained in the Motion and herein, Osage Wind asks the Court to compel the United States to provide complete responses to Enel Kansas' Interrogatory Nos. 11, 12, 21, 23, and 24, and Enel Kansas' Request for Production Nos. 16, 17, 21, 22, and 24.

---

[3] Even before this Court in 2014, the United States only placed in the record an unsigned "Sandy Soil Permit" with the Oklahoma Department of Transportation, and the Tenth Circuit rejected this as a basis to impose a lease requirement for the activities at issue here. *See United States v. Osage Wind, LLC*, 871 F.3d 1078, 1088 (10th Cir. 2017).

- 4 -

Respectfully submitted,

/s/ Ryan A. Ray
**Ryan A. Ray**, OBA # 22281
**NORMAN WOHLGEMUTH, LLP**
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

-and-

**Lynn H. Slade**, *pro hac vice*
**Sarah M. Stevenson**, *pro hac vice*
**Dominic A. Martinez**, *pro hac vice*
**MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.**
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

**Thomas J. McCormack**, *pro hac vice*
**Robert Kirby**, *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
**Robin D. Ball** (Los Angeles Office), *pro hac vice*
**Robert D. Comer** (Denver Office), *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**

**ATTORNEYS FOR DEFENDANTS, OSAGE WIND, LLC, ENEL KANSAS, LLC AND ENEL GREEN POWER NORTH AMERICA, INC.**

- 6 -

## CERTIFICATE OF SERVICE

       I hereby certify that on September 23, 2021, I electronically transmitted the attached Document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Cathryn D. McClanahan
Nolan Fields IV
Stuart P. Ashworth
Mary Kathryn Nagle
Wilson Kirk Pipestem
Abi Laura Fain
David McCullough
Jeffrey S. Rasmussen
Shoney Blake
Jenn Baker

The following non-ECF registrants have been served by email:

Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street
Tulsa, OK 74145
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for the United States of America*


*/s/ Ryan A. Ray*
Ryan A. Ray