# EXHIBIT A

```
 1           IN THE UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF OKLAHOMA
 3   UNITED STATES OF AMERICA,
 4            Plaintiff,
 5   vs.                    Case No. 14-CV-704-GKF-JFJ
 6   OSAGE WIND, LLC; ENEL KANSAS,
     LLC; AND ENEL GREEN POWER
 7   NORTH AMERICA, INC.,
 8            Defendants.
 9           VIDEOTAPE DEPOSITION OF EDDIE STREATER
10            TAKEN ON BEHALF OF THE DEFENDANT
11                ON AUGUST 26TH, 2021
12          IN OKLAHOMA CITY, OKLAHOMA VIA ZOOM
13   APPEARANCES
14   On behalf of the PLAINTIFF:
15   Stuart Ashworth
     Cathryn D. McClanahan
16   Nolan Fields
     United States Attorney's Office
17   110 West Seventh Street, Suite 300
     Tulsa, Oklahoma 74119
18   (918) 382-2772
19   and
20   Charles R. Babst, Jr.
     United States Department of the Interior
21   Office of Solicitor
     7906 East 33rd Street
22   Tulsa, Oklahoma 74145
     (918) 669-7730
23   charles.babst@sol.doi.gov
24   (Appearances continue on the following page.)
25   REPORTED BY: Jessica L. Weathington, CSR
```

```
 1   On behalf of the INTERVENOR-PLAINTIFF OSAGE MINERAL
 2   COUNCIL:
     Mary Kathryn Nagle
 3   Pipestem & Nagle
     401 South Boston Avenue
 4   Tulsa, Oklahoma 74103
     (918) 936-4705
 5   mknagle@pipestemlaw.com
 6
 7   On behalf of the ENEL KANSAS AND ENEL GREEN POWER:
 8   Robin Ball
     Norton Rose Fulbright
 9   555 South Flower Street, 41st Floor
     Los Angeles, California 10019
10   (213) 892-9200
11   and
12   Sarah M. Stevenson
     Modrall, Sperling, Roehl, Harris & Siska
13   Post Office Box 2168
     Albuquerque, New Mexico 87103
14   sara.stevenson@modrall.com
15   ALSO PRESENT: Jennifer Baker
16
17
18
19
20
21
22
23
24
25
```

1    **Q**   And so you haven't done anything to review
2  the files of the agency to determine whether or not
3  the representation by counsel is correct, right?
4    **A**   I have not.
5    **Q**   And you haven't talked to anyone else in
6  the agency to determine whether counsel is correct
7  about that, correct?
8    **A**   That is correct.
9    **Q**   And you haven't looked at any documents or
10 anything else other than what counsel handed you to
11 be able to determine whether that's correct, right?
12   **A**   That is right.
13        MR. BALL:  All right.  Counsel, I am going
14    to object that the witness was not properly
15    prepared.  I'm going to object that the
16    designation for which you prepared him is
17    narrower than what was agreed to in our
18    discussions last week.  The -- the exclusion of
19    the provisions concerning the basis for
20    royalty -- the royalties and the determination
21    of the royalties, we understood from those
22    discussions was going to be a portion of what
23    Mister -- what your witness was going to be
24    designated on.
25        We continue -- we also note that we have

1  asked for a designation on other topics besides
2  topic four and for a broader version of the
3  testimony on topic four than we understood you
4  were going to designate someone for.  And we
5  reserve our rights on all those issues.
6         I don't have further questions for this
7  witness at this time, but we reserve our rights
8  on all the other topics and on the aspects of
9  topic number four as to which you -- you have
10 not prepared this witness which he hasn't been
11 presented for -- presented for including the
12 contemplated part, including the royalty part
13 and with that, I don't have further questions
14 for this witness at this time.
15        We view the deposition as still open
16 because of those other issues and because it
17 was not adequately prepared, but I don't have
18 further questions for this witness at this
19 time.
20        MR. ASHWORTH:  I would note that the
21 witness was prepared for the topics that he
22 was -- was asked to give a topic on.  As to the
23 two additional leases, this is a 30B6
24 deposition.  We can prepare him during the
25 deposition.  Two additional leases were given