# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and | ) | |
| THE OSAGE MINERALS COUNCIL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-704-GKF-JFJ |
| | ) | |
| OSAGE WIND, LLC; | ) | |
| ENEL KANSAS, LLC; and | ) | |
| ENEL GREEN POWER NORTH | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [Dkt. # 319]

Ryan A. Ray, OBA #22281
NORMAN WOHLGEMUTH, LLP
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

Lynn H. Slade, *pro hac vice*
Sarah M. Stevenson, *pro hac vice*
Dominic A. Martinez, *pro hac vice*
MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

Thomas J. McCormack, *pro hac vice*
Robert Kirby, *pro hac vice*
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
Robin D. Ball (Los Angeles Office), *pro hac vice*
Robert D. Comer (Denver Office), *pro hac vice*
NORTON ROSE FULBRIGHT US LLP

**ATTORNEYS FOR DEFENDANTS OSAGE WIND, LLC, ENEL KANSAS, LLC AND ENEL GREEN POWER NORTH AMERICA, INC.**

**Dated: November 16, 2021**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... iii

RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL
UNDISPUTED FACTS ...........................................................................................1

ARGUMENT AND AUTHORITIES ......................................................................2

I.     Plaintiff's "Continuing Trespass" Claim Fails as a Matter of Law ..................................2

       A.     "Placement" of Wind Turbine Foundations in Holes is Not a Trespass. ...............2

       B.     Plaintiff's "Work of Any Nature" Argument Should Be Rejected Again. ............4

       C.     There Is No Trespass Regarding the Project's "Ancillary Structures." .................6

       D.     A "No Excavation Zone" Within 90 Feet of Wind Turbines
              Is Not a Trespass. ...............................................................................................8

       E.     "Support" from Adjacent Rock and Soil is Not a Trespass. .................................8

II.    Plaintiff's Demand for Removal of the Project Fails as a Matter of Law. .........................9

CONCLUSION AND REQUESTED RELIEF ........................................................10

ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beal v. W. Farmers Elec. Coop.*, 228 P.3d 538 (Okla. Civ. App. 2009) ........................................8

*City of Kenai v. Cook Inlet Natural Gas Storage Alaska, LLC*,
    373 P.3d 473 (Alaska 2016) ...............................................................................................3, 4

*Concrete Works of Colo., Inc. v. Denver*, 321 F.3d 950 (10th Cir. 2003) .................................5, 6

*County of Oneida v. Oneida Indian Nation*, 470 U.S. 226 (1985) .............................................10

*Davilla v. Enable Midstream Partners L.P.*, 913 F.3d 959 (10th Cir. 2019)............................2, 9

*First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136 (10th Cir. 2017).......................................9

*Hughes v. Harden*, 151 P.2d 425 (Okla. 1944) ..........................................................................10

*Pater v. Casper*, 646 F.3d 1290 (10th Cir. 2011) ........................................................................8

*Schrier v. Univ. of Colo.*, 427 F.3d 1253 (10th Cir. 2005).........................................................10

*Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*,
    874 F.2d 1346 (10th Cir. 1989).............................................................................................10

*United States v. Osage Wind, LLC*,
    2015 WL 5775378 (N.D. Okla. Sept. 30, 2015) ................................................................5, 6

*United States v. Osage Wind, LLC*, 871 F.3d 1078 (10th Cir. 2017) ........................ 1, 3, 4, 5, 6, 7

*Walker v. Apex Wind Constr., LLC*,
    2015 WL 3686729 (W.D. Okla. June 12, 2015).....................................................................8

**Rules, Regulations, Statutes, and Other Authorities**

25 C.F.R. § 162.003 .......................................................................................................................6

25 C.F.R. § 162.538 .......................................................................................................................6

25 C.F.R. § 211.3 .....................................................................................................................3, 5, 6

25 C.F.R. § 214.7 ................................................................................................................. 1, 4, 5, 6

RESTATEMENT (SECOND) OF TORTS § 162.......................................................................................7

Defendants hereby reply to the response of plaintiff the United States ("Plaintiff") to Defendants' motion (the "Motion" or "Mot.") for partial summary judgment (Dkt. # 319) ("Pl.'s Br."). That response confirms Plaintiff's continuing trespass claim and demand for removal of "structures or materials placed" are ripe for dismissal. It is undisputed crushing rock for backfill— the activity that required a mining lease—ended in 2014. Plaintiff concedes it has no "continuing trespass claim . . . predicated upon Defendants' rock crushing activities." Pl.'s Br. 19. Plaintiff's purported alternative trespass theories include that there is a 90-foot "no excavation zone," the foundations receive "support" from adjacent rock and soil, and 25 C.F.R. § 214.7 bars "work of any nature" that is not "mining," including pouring foundations. None saves Plaintiff's continuing trespass claim. The demand for removal of the foundations is predicated on continuing trespass and fails with it. Nor has Plaintiff shown irreparable harm. The Motion should be granted.

**RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED FACTS**

1.      Disputed; conclusion of law, not statement of fact. Disputed to the extent Plaintiff suggests activity other than crushing rock for backfill constituted "mining." *See United States v. Osage Wind, LLC*, 871 F.3d 1078, 1091-92 (10th Cir. 2017).

2.      Disputed; conclusion of law, not statement of fact. Crushing rock for backfill was the only activity the Tenth Circuit held required a lease under 25 C.F.R. § 214.7.

3.      Disputed; conclusion of law, not statement of fact. *See* ¶ 2, *supra*.

4.      Disputed; not material; conclusion of law, not statement of fact. Wind turbine foundations, collection lines, and poles for an overhead transmission line were placed in excavated holes, but Defendants did not "install" anything "within the OME." *See* Part I.A, *infra*. Further disputed that rock was crushed for backfill other than at turbine sites. Dkt. # 321 at p. 3, ¶ 6.

5.      Disputed; not material. Approximately 25% of the material excavated was left on the surface. Dkt. # 321-1 (Moskaluk Tr.) at 39:10-40:17; Dkt. 17-1 ¶ 15(a)(i). Mr. Mazurowski

of IEA testified he assumed but did not recall poles had been erected, did not recall any excavated material used for backfill for poles, and expects "they would have likely used the quarry" for fill material.  Dkt. # 321-3 (Mazurowski Tr.) at 46:7-47:24.  He also testified the material was not used for purposes other than backfill or foundational support, and was not used for road construction, crane pads, or drainage.  *Id.* at 35:2-12, 45:12-19, 80:15-81:4, 138:10-15; Dkt. # 321-4.  Further disputed that activities other than crushing of rock for backfill required a lease.

6.      Disputed; not material.  Defendants are not "actively using and exploiting . . . minerals"; the turbine foundations receive passive support from adjacent rock and soil.  The evidence cited does not show otherwise.

7.      Disputed; not material.  *See* ¶ 6, *supra*.

## ARGUMENT AND AUTHORITIES

**I.      Plaintiff's "Continuing Trespass" Claim Fails as a Matter of Law.**

**A.      "Placement" of Wind Turbine Foundations in Holes is Not a Trespass.**

Although Plaintiff grumbles Defendants "focus their attention on the placement of their wind turbines" (Pl.'s Br. 7), the Complaint seeks "an order that structures or materials placed, without authorization, in the mineral estate must be removed."  Dkt. # 20 (the "Complaint" or "FAC") at 12.  The sole basis for that demand is the "placement of the turbine foundation and other materials."  FAC ¶ 57.  This is an apparent attempt to invoke decisions where surface estate owners alleged "a 'continuing trespass' under Oklahoma law" because "a refusal to remove a permanent structure effects the invasion of real property."  *Davilla v. Enable Midstream Partners L.P.*, 913 F.3d 959, 971 n.8 (10th Cir. 2019); *see also* Dkt. # 300 at 6.  But this is not such a case.

The Tenth Circuit settled that Osage Wind, LLC's ("Osage Wind") "placement of the turbine foundation" needed no mining lease and was not a trespass of any kind.  FAC ¶ 57.  Osage Wind possessed "expansive authority . . . to use and develop their land," including "digging a hole

2

in the ground, displacing rock and soil in the process," and then "building" in the hole. *Osage Wind*, 871 F.3d at 1092. These "surface construction activities" did not "trigger the definition of 'mining' under 25 C.F.R. § 211.3," even though they "implicate and disrupt the mineral estate." *Id*. The Tenth Circuit rejected arguments that Osage Wind required a mining lease to excavate holes in which turbine foundations were placed. *E.g.*, *id*. ("[M]erely encountering or disrupting the mineral estate does not trigger the definition of 'mining' under 25 C.F.R. § 211.3.").[1] The Indian canon of interpretation does not help Plaintiff as it only addresses ambiguity in a statute or regulation; the Tenth Circuit found none when it recognized the surface estate owner's right to "free use of the surface estate" included the right to excavate and build. *Id*. at 1092. Even Plaintiff concedes "pouring of concrete . . . does not appear neatly within the § 211.3 definition of 'mining.'" Pl.'s Br. 8. Plaintiff's retort that Osage Wind also "acted upon (*i.e.*, sorted and crushed) the excavated rocks to exploit them as backfill" is beside the point. Pl.'s Br. 13. That crushing rock for backfill adjacent to the foundations required a mining lease does not transform those foundations into "an invasion of real property by a permanent structure." Dkt. # 300 at 6. It is undisputed crushing of rock ended long ago. *See* Plaintiff's Response to Statement of Undisputed Facts ("RSUF") ¶ 11. Plaintiff's remedy for that "mining" is damages alone. Mot. 20-24.

While the Tenth Circuit's ruling is dispositive, the outcome is the same under the common law rule that the surface estate owns and has the right to use empty holes exposed by excavation. Mot. 13-14. *City of Kenai v. Cook Inlet Natural Gas Storage Alaska, LLC*, on which Plaintiff relies, did not hold otherwise, as there the court concluded the "specific language" of an Alaska

---

[1] It specifically rejected Plaintiff's assertion a lease was required because Osage Wind "excavated well over 5,000 cubic yards of minerals" (Pl.'s Br. 10-11). As the Tenth Circuit explained, "[t]he inclusion of the de minimis exception [in 25 C.F.R. § 211.3] does not negate the need initially to satisfy the threshold definition of mining." *Osage Wind*, 871 F.3d at 1089.

3

statute controlled that "pore space" belonged to Alaska.  373 P.3d 473, 476, 477-78 & n.11 (Alaska 2016).  That statute has no application here.  The Tenth Circuit held that the "expansive authority . . . to use and develop their land" granted to surface estate owners by the Osage Act includes the right to excavate and then build in exposed holes and surfaces.  *Osage Wind*, 871 F.3d at 1092.[2]

Plaintiff's contention the Motion "contradicts" prior "admissions" is false.  Pl.'s Br. 9.  For example, Plaintiff's assertion, based on an incomplete quote from a single sentence in a motion to compel, that "Defendant squarely admitted that, 'Osage Wind's activities constituted mining in violation of federal law'" (Pl.'s Br. 9), omits that Defendants' next sentence states:  "The Court did not find the mere presence of the Project to be unlawful."  Dkt. # 177 at 6-7.  Likewise, the cited paragraphs in Defendants' answer admitted only that "the Tenth Circuit determined certain actions of Osage Wind constituted 'mineral development' for which a federally approved lease was required."  Dkt. # 99 ¶¶ 24-25, 33, 39, 42-43, 46-48, 50, 53-54, 61-62, 64.  The statements of Defendants' counsel in the cited oral argument transcript were in accord that the Tenth Circuit held a mining lease had been required "because of very specific activities," "not just because the project is there" or "because you broke ground."  Dkt. # 125 at 29:15-17.

### B.     Plaintiff's "Work of Any Nature" Argument Should Be Rejected Again.

Effectively conceding the continuing trespass claim pleaded in its Complaint cannot survive the Tenth Circuit's ruling, Plaintiff shakes the dust off a theory it abandoned years ago: The phrase "work of any nature" in 25 C.F.R. § 214.7, Plaintiff asserts, means Osage Wind was "never authorized to begin excavation work" or "pouring concrete foundations."  Pl.'s Br. 6-8.

---

[2] The allegation Defendants "disrupted the Osage mineral estate and excavated minerals therefrom, in a manner constituting continuing trespass" (FAC ¶ 55), is conclusory and fails to plead a trespass given that "disrupting" minerals requires no lease.  *Osage Wind*, 871 F.3d at 1091-92.

Plaintiff's argument is barred by the law of the case and, in any event, its extreme interpretation of 25 C.F.R. § 214.7 is inconsistent with the Tenth Circuit's ruling and untenable.

In 2014, "Plaintiff separately assert[ed] Defendants' activities amount to 'work of any nature' under § 214.7" requiring a lease even absent "mining." *United States v. Osage Wind, LLC*, 2015 WL 5775378, at *8 (N.D. Okla. Sept. 30, 2015). Judge Payne disagreed, holding "'work of any nature' is . . . plainly intended to mean mining-related exploration and construction," which had not occurred here. *Id.* The Tenth Circuit deemed the argument waived on appeal. *Osage Wind*, 871 F.3d at 1082 n.2. "A legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *Concrete Works of Colo., Inc. v. Denver*, 321 F.3d 950, 992 (10th Cir. 2003). The circumstances in *Concrete Works* were the same as here. The district court granted defendant summary judgment on both the "compelling interest" and "narrow tailoring" prongs of a Fourteenth Amendment claim, the plaintiff's appeal challenged the first but not the second prong, and the Tenth Circuit "reversed . . . on the compelling-interest issue." *Id.* On remand, after the district court revisited "the narrow tailoring issue," the Tenth Circuit reversed on "law of the case" grounds and held "the district court lacked authority to address" that issue. *Id.* at 993.

Plaintiff has not shown the "'exceptionally narrow' exceptions" to the law of the case doctrine apply here. *Id.* This is not the rare case where a decision "was clearly erroneous and would work a manifest injustice." *Id.* To the contrary, Plaintiff's "work of any nature" argument is inconsistent with the Tenth Circuit's ruling and Judge Payne correctly rejected it. To hold "work of any nature" divorced from mining requires a lease would render superfluous the Tenth Circuit's parsing of 25 C.F.R. § 211.3's definition of "mining" and its rejection of Plaintiff's position that

"displacing rock and soil" for "surface construction" requires a lease. *Osage Wind*, 871 F.3d at 1091-92. It also would disregard that Court's conclusion the Osage Act grants "expansive authority . . . to surface-estate owners to use and develop their land," and its care to avoid a "conflict with the Osage Act's references to free use of the surface estate." *Id.* at 1092. Judge Payne properly rejected Plaintiff's argument: "[A]pplying § 211.3's definition of 'mining' to Part 214's regulations using the doctrine of *in pari materia*, the Court concludes the activities requiring a Part 214 lease are those that are defined as 'mining' in Part 211, and not 'work of any nature' unrelated to mining." *Osage Wind*, 2015 WL 5775378, at *8. At minimum, Judge Payne's decision was not "clearly erroneous" and did not "work a manifest injustice." *Concrete Works*, 321 F.3d at 993. Plaintiff cannot evade the Tenth Circuit's ruling that excavating holes and building in them did not require a mining lease. *Osage Wind*, 871 F.3d at 1091-92.[3]

### C.     There Is No Trespass Regarding the Project's "Ancillary Structures."

Plaintiff asserts the "use of the excavated minerals – as: 1) backfill to support . . . transmission line poles; 2) thermal insulation for the collector system cables; 3) construction material for access pads, road and aprons around each wind turbine; and; 4) build up material for positive drainage . . . constitutes a continuing trespass." Pl.'s Br. 24. Plaintiff's theory that any alleged "use of . . . excavated minerals" by Osage Wind required a mining lease cannot be reconciled with the Tenth Circuit's ruling. Pl.'s Br. 24. To the contrary, the Tenth Circuit concluded that surface estate owners' "authority . . . to use and develop their land" is "expansive" and "virtually uninhibited" unless "they seek to *develop* more than 5,000 cubic yards of common-variety minerals." *Osage Wind*, 871 F.3d at 1092. To develop minerals, "they must be

---

[3] Plaintiff's expansive reading of 25 C.F.R. § 214.7 would also conflict with the separate regulations governing leases for "installation" or "operation" of wind energy facilities, 25 C.F.R. § 162.538, when Indians own "the surface estate," 25 C.F.R. § 162.003 (defining "Indian land").

acted upon for the purpose of exploiting the minerals themselves." *Id.* at 1092. "[E]ncountering," "disrupting," "implicat[ing]," or "displacing" minerals is not enough. *Id*. at 1091-92. Crushing rock for backfill was mineral development because it "acted upon the minerals by altering their natural size and shape in order to take advantage of them for a structural purpose." *Id.*

Plaintiff does not allege, nor could it, that Osage Wind crushed excavated rock in connection with "ancillary structures." Pl.'s Br. 24. To characterize digging a trench, laying a cable in the trench, and backfilling with excavated material, for example, as "act[ing] upon [minerals] for the purpose of exploiting the minerals themselves," would erase the line the Tenth Circuit drew between "mineral development" requiring a mining lease and ordinary surface construction activities that do not. *Osage Wind*, 871 F.3d at 1092. Such an interpretation would undercut the Tenth Circuit's care to ensure its "interpretation does not impermissibly conflict with the Osage Act's references to free use of the surface estate." *Id*. Plaintiff's allegations that returning rock to holes from which it was excavated furthered a purpose such as "insulation," "support," or "positive drainage" do not change the result. *Id.* "[S]urface construction activities" that "implicate or disrupt the mineral estate," such as when "building a basement or swimming pool," always do so for some purpose. *Id.* That does not require a mining lease: "[M]inerals . . . must be acted upon for the purpose of exploiting the minerals themselves." *Id.*

Regardless, Plaintiff's allegations regarding "ancillary structures" fail to constitute continuing trespass. ***First***, all excavation activities in connection with ancillary structures were completed by 2015 (RSUF ¶ 12), constituted a permanent physical change to land that "must be distinguished" from "continuing trespass," RESTATEMENT (SECOND) OF TORTS § 162 cmt. e, and are neither ongoing nor abatable. Mot. 15-18. ***Second***, as with the turbine foundations, the presence of "ancillary structures" in excavated holes does not require a mining lease or constitute

a "trespass." Part I.A-B, *supra*.  **Third**, Plaintiff has not pleaded a continuing trespass claim as to "ancillary structures."  The only "structures or materials" the Complaint alleges constitute a "continuing trespass" are the turbine foundations.  FAC ¶¶ 2, 18, 57.  The Complaint mentions "collection lines," "an overhead transmission line," and "access roads" only once as part of a general Project description.  *Id.* ¶ 15.  Plaintiff suggests "such an argument should have been raised in a Rule 12 motion."  Pl.'s Br. 13.  But Defendants need not move to dismiss claims unmentioned in the Complaint, and Plaintiff cannot defeat summary judgment with a "claim [that] did not appear in the initial complaint."  *See Pater v. Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011).

### D.    A "No Excavation Zone" Within 90 Feet of Wind Turbines Is Not a Trespass.

Plaintiff's summary judgment motion (inaccurately) alleged a safety "buffer zone" within 500 feet of the turbines.  Dkt. # 300 at 7-8.  Plaintiff now asserts a "no excavation zone" within 90 feet of the turbines is a continuing trespass.  Pl.'s Br. 17-18.  Not true.  A "no excavation zone" (*id.*) is not a trespass because it is not "an actual physical invasion of the real property of another."  *See Walker v. Apex Wind Constr., LLC*, 2015 WL 3686729, at *2 n.3 (W.D. Okla. June 12, 2015) (dismissing trespass claim as to "'*de facto* 'no-build' zone in a fifteen hundred foot (1500) radius surrounding the Turbine"); *see also Beal v. W. Farmers Elec. Coop.*, 228 P.3d 538, 541 (Okla. Civ. App. 2009) (" emission of an [EMF] or stray electricity from an electrical transmission line is insufficient to support a claim of trespass.").  Whether 90 feet, or 1,500 feet as in *Walker*, a "no excavation zone" fails to state a trespass claim.  In any event, the Complaint pleads no continuing trespass claim (or any claim) concerning a "no excavation zone," whatever the size.

### E.    "Support" from Adjacent Rock and Soil Is Not a Trespass.

Plaintiff asserts as "continuing trespass" the "use of excavated minerals as structural backfill material to support the turbine foundations."  Pl.'s Br. 19.  Defendants incorporate by reference Part I.B of their reply to the OMC's response to the Motion.  Turbine foundations do not

trespass by virtue of "support" from adjacent rock and soil.  In addition, the Complaint pleads no continuing trespass claim (or any other claim) concerning such "support."

## II.     Plaintiff's Demand for Removal of the Project Fails as a Matter of Law.

Plaintiff does not dispute that its demand for "an order that structures or materials placed . . . be removed" is solely predicated on "continuing trespass."  FAC at 12.  It should be dismissed with that claim.  Plaintiff also fails to show "an injunction is necessary to prevent 'irreparable harm.'"  *Davilla*, 913 F.3d at 973.  In apparent reference to the "no excavation zone," Plaintiff asserts "the harm caused by Defendants' continuing trespass against the *in situ* minerals is irreparable absent removal of the wind turbines."  Pl.'s Br. 17, 23.  But Plaintiff does not identify— much less demonstrate—that harm, or show that such harm cannot be remedied by money damages.  Plaintiff at most asserts the bare existence of any continuing trespass is irreparable harm. The Tenth Circuit held otherwise.  *See Davilla*, 913 F.3d at 974 (rejecting permanent injunction on "the sheer right to exclude," where "the Allottees do not explain how the pipeline's presence works 'irreparable harm' otherwise").

Plaintiff argues "Congress did not grant the Court authority to award monetary damages for continuing trespass," such an award "may in essence grant Defendants title to the *in situ* minerals," and this "necessitates that Defendants be enjoined" despite "any alleged injury to Defendants or public interest."  Pl.'s Br. 22-23.  The fatal problems with this argument are many. The Tenth Circuit held "a federal district court's decision to permanently enjoin a continuing trespass on allotted land" must follow the "well-developed federal common law standard for issuing a permanent injunction."  *Davilla*, 913 F.3d at 973.  Plaintiff cites no contrary authority holding a trespass to Indian property can be enjoined without irreparable harm.  This is not a case where "a statute *clearly mandates* injunctive relief," as the Osage Act contains no such mandate. *See First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017).

Plaintiff's assertion this Court lacks "the authority to award monetary damages" is bewildering, not least because the Complaint seeks damages. FAC ¶¶ 51, 58, 65. Indeed, Plaintiff designated two expert witnesses as to damages and its pending motion for summary judgment asserts "Plaintiff is entitled to pursue monetary damages for Defendants' trespass" and demands $25,969,607. Dkt. # 300 at 10-11. None of the decisions cited by Plaintiff holds this Court lacks authority to award damages. To the contrary, *County of Oneida v. Oneida Indian Nation* held that "Tribes of the Oneida Indians may bring a suit for damages for the occupation and use of tribal land," and rejected arguments that it presented "a nonjusticiable political question." 470 U.S. 226, 229, 248 (1985) (cited in Pl.'s Br. at 21). Nor does Oklahoma law bar money damages in continuing trespass cases. *See Hughes v. Harden*, 151 P.2d 425, 425 (Okla. 1944) ("successive actions may be maintained for damages resulting" from a "continuing trespass"). Plaintiff cannot avoid its burden to prove harm not "compensable by monetary damages." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005).

Plaintiff makes no attempt to dispute that crushing rock for backfill—the conduct the Tenth Circuit held required a "mining" lease—is compensable by damages. While Plaintiff quibbles that the size of the excavations for the turbine foundations "cannot be precisely known" (RSUF ¶ 3), it does not contend damages "cannot be calculated with a reasonable degree of accuracy." *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1362 (10th Cir. 1989). Nor could it, as Plaintiff's own mining engineering expert calculated such damages down to the penny. RSUF ¶ 14. The determination of those damages is a matter for trial. Plaintiff's demand for removal of the Project is not, and should be dismissed.

## CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons and those set forth in their opening brief, Defendants respectfully request the Court grant the Motion and the relief requested therein.

Respectfully submitted,

*/s/ Ryan A. Ray*
**Ryan A. Ray**, OBA # 22281
**NORMAN WOHLGEMUTH, LLP**
3200 Mid-Continent Tower
401 South Boston Avenue
Tulsa, OK 74103
918-583-7571
918-584-7846 (facsimile)

-and-

**Lynn H. Slade**, *pro hac vice*
**Sarah M. Stevenson**, *pro hac vice*
**Dominic A. Martinez**, *pro hac vice*
**MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.**
Post Office Box 2168
Albuquerque, NM 87103-2168
505-848-1800
505-848-9710 (facsimile)

-and-

**Thomas J. McCormack**, *pro hac vice*
**Robert Kirby**, *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (facsimile)

*Of Counsel:*
**Robin D. Ball** (Los Angeles Office), *pro hac vice*
**Robert D. Comer** (Denver Office), *pro hac vice*
**NORTON ROSE FULBRIGHT US LLP**

**ATTORNEYS FOR DEFENDANTS
OSAGE WIND, LLC, ENEL KANSAS, LLC
AND ENEL GREEN POWER NORTH
AMERICA, INC.**

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2021, I electronically transmitted the attached Document to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of the Court will transmit a notice of Electronic Filing to the following ECF registrants:

Cathryn D. McClanahan
Nolan Fields IV
Stuart P. Ashworth
Mary Kathryn Nagle
Wilson Kirk Pipestem
Abi Laura Fain
David McCullough
Jeffrey S. Rasmussen
The following non-ECF registrants have been served by email:

Charles R. Babst, Jr.
Attorney-Advisor
United States Department of the Interior
Office of the Solicitor
Tulsa Field Solicitor Office
7906 East 33rd Street
Tulsa, OK 74145
(918) 669-7730
Charles.babst@sol.doi.gov
*Attorney for the United States of America*


*/s/ Ryan A. Ray*
Ryan A. Ray

12